## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-875-GMS |
| | ) | |
| LUCENT TECHNOLOGIES INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### PLAINTIFF TELCORDIA TECHNOLOGIES INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT LUCENT TECHNOLOGIES INC.'S FIRST NOTICE OF 30(b)(6) DEPOSITION TO TELCORDIA

Plaintiff Telcordia Technologies Inc. ("Telcordia"), by its attorneys, hereby objects and responds to Defendant Lucent Technologies Inc.'s ("Lucent") First Notice of 30(b)(6) Deposition to Telcordia.

### OBJECTIONS AND RESPONSES TO SCHEDULE A

### GENERAL OBJECTIONS

1.     Telcordia objects to the time and location of the deposition, particularly because the notice of deposition provides two different dates for the deposition (September 28 and September 30, 2005).   Subject to its objections, Telcordia will make available representatives at a mutually agreeable time and place.

2.     Telcordia objects to the Deposition Topics as numerous, compound, and as encompassing multiple depositions under Federal Rule of Civil Procedure 30(a)(2)(A).

3.      Telcordia further objects to the Deposition Topics to the extent they are vague, ambiguous, incapable of reasonable ascertainment, and/or fail to describe with reasonable particularity the matters on which examination is requested.  The level and specificity of the knowledge for which Telcordia will be able to prepare a witness to testify is necessarily commensurate in scope with the specificity of the Topics.

4.      Telcordia further objects to the Deposition Topics to the extent they seek information protected from disclosure by attorney-client privilege and/or work-product immunity, or information otherwise protected from disclosure.

5.      Telcordia further objects to the Deposition Topics to the extent they seek confidential and/or proprietary information, including the proprietary information of third parties provided to Telcordia under confidentiality obligations.

6.      Telcordia further objects to the Deposition Topics to the extent that they assume facts that are not accurate, known to Telcordia, or relevant to the claims and defenses in this litigation.

7.      Telcordia further objects to the Deposition Topics to the extent that the information requested therein is not within the possession, custody, or control of Telcordia.

8.      Telcordia further objects to the Deposition Topics to the extent they are cumulative and/or duplicative.

9.      Telcordia further objects to the Deposition Topics to the extent that they call for legal conclusions.

10.     Telcordia further objects to the definitions and instructions set forth in Lucent's First Set of Interrogatories to the extent that those definitions and instructions purport to impose obligations on Telcordia that exceed the obligations imposed upon a responding party under the

Federal Rules of Civil Procedure or the applicable Local Rules.

11.     Telcordia further objects to Lucent's incorporation of the definitions and instructions set forth in Lucent's First Set of Interrogatories to the extent that those definitions and instructions are inapplicable to a deposition notice under Rule 30(b)(6).

12.     Telcordia incorporates its objections to the definitions and instructions set forth in Telcordia's previous responses to Lucent's discovery requests as and for its objections to the Deposition Topics.

13.     Telcordia objects to Lucent's definition of "aware" as inherently calling for a legal conclusion and for being vague and ambiguous.

14.     Telcordia objects to Lucent's definition of "Lucent" as being vague and ambiguous and unduly burdensome.

15.     Telcordia objects to each Topic to the extent it seeks information provided to Telcordia under restrictions on its use, such as for the OSMINE process (consistent with those restrictions, such information has not been used or relied upon by Telcordia for this litigation and has not been disclosed to trial counsel).

16.     Telcordia's responses will be based on Telcordia's present knowledge, information, and belief and may be subject to change or modification based on Telcordia's further discovery, or on facts or circumstances that may come to Telcordia's knowledge. Telcordia assumes no obligation to supplement its responses, however, beyond those imposed by the Federal Rules of Civil Procedure and/or this Court's Local Rules.

17.     Telcordia's responses are made solely for the purposes of this action.

18.     These general objections apply to all of Telcordia's responses to the Deposition Topics.  To the extent that specific objections are cited in a response, those specific citations are

provided because they are believed to be particularly applicable to the specific Deposition Topic

and are not to be construed as a waiver of any other general objection applicable to the

information falling within the scope of the request.

## OBJECTIONS AND RESPONSES TO TOPICS OF THE DEPOSITION

### Topic No. 1.

The dates of conception, reduction to practice, and diligence there between for each claim
of the '306, '978, and '633 patents, and the identity of all documents supporting such
dates.

### Response:

Telcordia incorporates by reference each of the applicable general objections as though

fully set forth herein.

Telcordia objects to the topic as unintelligible and failing to describe with reasonable

particularity the matters on which examination is requested.

Telcordia objects to this topic to the extent it seeks information that is protected by

attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks

information not related to a claim or defense of any party to this action, the patents-in-suit, or

accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims

that have not been asserted against Lucent and to the extent that Telcordia is not relying on

conception, reduction to practice, and diligence in response to any claim by Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it

requires identification of "all documents" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 1.

**Topic No. 2.**

> The dates of conception, reduction to practice, and diligence there between for the asserted claims of the '763 patent, and the identity of all documents supporting such dates.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to the topic as unintelligible and failing to describe with reasonable particularity the matters on which examination is requested.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all documents" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 2.

**Topic No. 3.**

The dates and circumstances under which Telcordia first learned of the CBX-500, CBX-3500, GX-550, PSAX 1000, PSAX 1250, PSAX 2300, PSAX 4500, and DMX Access Multiplexer products.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic as vague and ambiguous with regard to the phrases "circumstances" and "first learned."

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to using any documents or information provided to Telcordia under restrictions on their use, such as for the OSMINE process, to prepare its designee to give testimony on this topic. Consistent with those restrictions, such documents and information have not been used or relied upon by Telcordia for this litigation and have not been disclosed to trial counsel.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 3.

**Topic No. 4.**

> The dates and circumstances under which Telcordia first became aware that Lucent's products, including the CBX-500, CBX-3500, GX-550, PSAX 1000, PSAX 1250, PSAX 2300, PSAX 4500, and DMX Access Multiplexer products, were allegedly infringing the Patents-in-suit.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic as vague and ambiguous with regard to the phrases "circumstances" and "first became aware."

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to using any documents or information provided to Telcordia under restrictions on their use, such as for the OSMINE process, to prepare its designee to give testimony on this topic. Consistent with those restrictions, such documents and information have not been used or relied upon by Telcordia for this litigation and have not been disclosed to trial

7

counsel.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 4.

**Topic No. 5.**

The dates and circumstances under which Telcordia first became aware that any Lucent product, including the CBX-500, CBX-3500, GX-550, PSAX 1000, PSAX 1250, PSAX 2300, PSAX 4500, and DMX Access Multiplexer products, was compliant with ANSI Standard T1.630, ATM Forum Circuit Emulation Service Interoperability Specification, Version 2.0, af-vtoa-0078.000, and/or ITU-T Standard I.363.1.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic as vague and ambiguous with regard to the phrases "circumstances" and "first became aware."

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to using any documents or information provided to Telcordia under restrictions on their use, such as for the OSMINE process, to prepare its designee to give testimony on this topic. Consistent with those restrictions, such documents and information have

not been used or relied upon by Telcordia for this litigation and have not been disclosed to trial

counsel.

Subject to and without waiving the foregoing objections, Telcordia states that it will

produce one or more witnesses who will testify, at a mutually agreeable time and place, as to

Topic No. 5.

**Topic No. 6.**

> Telcordia's statement that its "U.S. Patent No 5,260,978 for Synchronous Residual
> Timestamp (SRTS) Timing Recovery in a Broadband Network may apply to the ATM
> Adaptation Layer Type 1 (AAL1) ANSI Standard (T1.630-1993) referenced in Section
> 3.4 of [ATM Forum Circuit Emulation Service Interoperability Specification, Version
> 2.0, af-vtoa-0078.000, January 1997]." *See Ex. A.* (ATM Forum Circuit Emulation
> Service Interoperability Specification, Version 2.0, af-vtoa-0078.000, January 1997, at
> viii).

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though

fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by

attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks

information not related to a claim or defense of any party to this action, the patents-in-suit, or

accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's

possession, custody, or control that is subject to agreement, court order, or other duty preventing

disclosure to Lucent.

Subject to and without waiving the foregoing objections, Telcordia states that it will

produce one or more witnesses who will testify, at a mutually agreeable time and place, as to

Topic No. 6.

**Topic No. 7.**

The dates and circumstances under which Telcordia first became aware that any Lucent product was allegedly performing Synchronous Residual Timestamp (SRTS) Timing Recovery.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic as vague and ambiguous with regard to the phrases "circumstances" and "first became aware."

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to using any documents or information provided to Telcordia under restrictions on their use, such as for the OSMINE process, to prepare its designee to give testimony on this topic. Consistent with those restrictions, such documents and information have not been used or relied upon by Telcordia for this litigation and have not been disclosed to trial counsel.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 7.

**Topic No. 8.**

The dates and circumstances under which Telcordia first became aware that any Lucent product was allegedly complying with GR-1400.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic as vague and ambiguous with regard to the phrases "circumstances" and "first became aware."

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to using any documents or information provided to Telcordia under restrictions on their use, such as for the OSMINE process, to prepare its designee to give testimony on this topic. Consistent with those restrictions, such documents and information have not been used or relied upon by Telcordia for this litigation and have not been disclosed to trial counsel.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 8.

**Topic No. 9.**

The diligence performed by Telcordia prior to asserting each of the Patents-in-suit against Lucent, and Telcordia's bases for asserting each of the Patents-in-Suit against Lucent.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 9.

**Topic No. 10.**

Telcordia's testing and/or certification of Lucent products, including, but not limited to, Telcordia's OSMINE process.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to using any documents or information provided to Telcordia under restrictions on their use, such as for the OSMINE process, to prepare its designee to give testimony on this topic. Consistent with those restrictions, such documents and information have not been used or relied upon by Telcordia for this litigation and have not been disclosed to trial counsel.

Telcordia will not provide a witness on this topic.

**Topic No. 11.**

The identity of all Lucent products, including but not limited to Lucent's CBX-500, CBX-3500, GX-550, PSAX 1000, PSAX 1250, PSAX 2300, PSAX 4500, and DMX Access Multiplexer products, that have undergone any Telcordia testing and/or certification process, including, but not limited to Telcordia's OSMINE process; all reports issued by Telcordia referring or relating to such certifications and the dates of such certifications; and all reasons as to why certification reports were not issued relating to any of such certifications.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to using any documents or information provided to Telcordia under restrictions on their use, such as for the OSMINE process, to prepare its designee to give testimony on this topic. Consistent with those restrictions, such documents and information have not been used or relied upon by Telcordia for this litigation and have not been disclosed to trial counsel.

Telcordia will not provide a witness on this topic.

**Topic No. 12.**

Testing by Telcordia of any Lucent product accused of infringement in this case and the dates when such testing began, including all testing by Telcordia of Lucent products for performance of Synchronous Residual Timestamp (SRTS) Timing Recovery and for compliance with GR-1400.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

14

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to using any documents or information provided to Telcordia under restrictions on their use, such as for the OSMINE process, to prepare its designee to give testimony on this topic. Consistent with those restrictions, such documents and information have not been used or relied upon by Telcordia for this litigation and have not been disclosed to trial counsel.

Telcordia will not provide a witness on this topic.

**Topic No. 13.**

Telcordia's licensing practices, including all licensing and attempts to license any patents related to data network products, processes, or technologies, and/or packet processing products.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic to the extent it seeks information regarding settlement discussions covered by Federal Rule of Evidence 408.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all licensing and attempts to license" during the deposition.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 13.

**Topic No. 14.**

All licenses and attempts to license any of the Patents-in-suit, including but not limited to the licenses listed in Telcordia's Supplemental Responses to Lucent's Interrogatory No. 4.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic to the extent it seeks information regarding settlement discussions covered by Federal Rule of Evidence 408.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all licenses and attempts to license" during the deposition.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 14.

**Topic No. 15.**

Telcordia's compliance with the patent policies of the standards setting bodies of which Telcordia is or has been a member (such as the ATM Forum, ANSI, and ITU), including Telcordia's policy of making its "patents . . . available for licensing on a non-exclusive and nondiscriminatory basis and at reasonable royalties." *See* Feb 3, 1995, ATM Forum Patent Declaration of Bellcore.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic to the extent it seeks information regarding settlement discussions covered by Federal Rule of Evidence 408.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 15.

**Topic No. 16.**

For each Patent-in-suit, the licensing terms Telcordia contends are fair, reasonable, and nondiscriminatory.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic to the extent it seeks information regarding settlement discussions covered by Federal Rule of Evidence 408.

Telcordia objects to this topic vague and ambiguous as it sets forth an incomplete hypothetical, including lacking facts such as the time frame and circumstances of any infringement.

Telcordia objects to this topic as seeking expert opinion outside of the schedule for expert disclosures.

Telcordia will not provide a witness on this topic.

**Topic No. 17.**

Telcordia's statement that the "enforcement and licensing of the SRTS patent is worth more today than any other IP held by Telcordia." *See Ex. B* http://www.telcordia.com/innovationlfellows.html.)

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 17.

**Topic No. 18.**

The identity of all parties who received the January 8, 1997, letter titled "Re: Licensing of Bellcore's ATM patent portfolio" by Bruce P. Sidran, Director, Business Development and Licensing; the identity of all parties who responded to this letter; and the identity of all licenses taken under the terms of this letter.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic to the extent it seeks information regarding settlement discussions covered by Federal Rule of Evidence 408.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all parties who received," "all parties who responded," and "all licenses taken" during the deposition.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 18.

**Topic No. 19.**

> The identity of all parties who received the April 12, 1999, letter titled "Re: Telcordia Technologies, Inc.'s Intellectual Property" by Vincent P. Kovalik, and the identity of all parties who responded to this letter.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic to the extent it seeks information regarding settlement discussions covered by Federal Rule of Evidence 408.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all parties who received" and "all parties who responded" during the deposition.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 19.

**Topic No. 20.**

All facts underlying any Telcordia contention that Lucent received notice of and/or was made aware of any patent-in-suit prior to Telcordia's assertion of the patents-in-suit in this litigation.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "[a]ll facts."

Telcordia objects to this topic as vague and ambiguous, and possibly calling for a legal conclusion, with regard to the phrases "received notice" and "was made aware."

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 20.

**Topic No. 21.**

The operation of any product made, used, or sold by Telcordia that Telcordia contends is covered by one or more claims of any of the Patents-in-suit.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic as vague and ambiguous with regard to the term "operation."

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 21.

**Topic No. 22.**

The identity of all Telcordia products that interface with any Lucent product, including but not limited to Lucent's CBX-500, CBX-3500, GX-550, PSAX 1000, PSAX 1250, PSAX 2300, PSAX 4500, and DMX Access Multiplexer products, including Telcordia's Activator Adaptor, Inventory Adaptor, and Surveillance Manager Adaptor products.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic as vague and ambiguous with regard to the term "interface."

Telcordia objects to using any documents or information provided to Telcordia under restrictions on their use, such as for the OSMINE process, to prepare its designee to give testimony on this topic. Consistent with those restrictions, such documents and information have not been used or relied upon by Telcordia for this litigation and have not been disclosed to trial counsel.

Telcordia will not provide a witness on this topic.

**Topic No. 23.**

The function and purpose of all Telcordia products that interface with any Lucent product, including but not limited to Lucent's CBX-500, CBX-3500, GX-550, PSAX 1000, PSAX 1250, PSAX 2300, PSAX 4500, and DMX Access Multiplexer products, including Telcordia's Activator Adaptor, Inventory Adaptor, and Surveillance Manager Adaptor products.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic as vague and ambiguous with regard to the term "interface."

Telcordia objects to using any documents or information provided to Telcordia under restrictions on their use, such as for the OSMINE process, to prepare its designee to give testimony on this topic. Consistent with those restrictions, such documents and information have not been used or relied upon by Telcordia for this litigation and have not been disclosed to trial counsel.

Telcordia will not provide a witness on this topic.

**Topic No. 24.**

Testing of all Telcordia products that interface with any Lucent product, including but not limited to Lucent's CBX-500, CBX-3500, GX-550, PSAX 1000, PSAX 1250, PSAX 2300, PSAX 4500, and DMX Access Multiplexer products, including Telcordia's Activator Adaptor, Inventory Adaptor, and Surveillance Manager Adaptor products, for compatibility with the accused products; the dates when such testing occurred; and the results of such testing.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic as vague and ambiguous with regard to the term "interface."

Telcordia objects to using any documents or information provided to Telcordia under restrictions on their use, such as for the OSMINE process, to prepare its designee to give testimony on this topic. Consistent with those restrictions, such documents and information have not been used or relied upon by Telcordia for this litigation and have not been disclosed to trial counsel.

Telcordia will not provide a witness on this topic.

**Topic No. 25.**

All efforts to market, sell, and/or use Telcordia products that interface with any Lucent product, including but not limited to Lucent's CBX-500, CBX-3500, GX-550, PSAX 1000, PSAX 1250, PSAX 2300, PSAX 4500, and DMX Access Multiplexer products, including Telcordia' s Activator Adaptor, Inventory Adaptor, and Surveillance Manager Adaptor products, with the accused products.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic as vague and ambiguous with regard to the phrases "[a]ll efforts" and "interface."

Telcordia will not provide a witness on this topic.

**Topic No. 26.**

All Telcordia products that compete with the accused products.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic as vague and ambiguous with regard to the term "compete."

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 26.

**Topic No. 27.**

The prosecution of the applications that matured into U.S. Patent Nos. 5,260,978 and Re. 36,633, including but not limited to the reasons why each of the prior art references listed in Paragraph 86 of Lucent's Answer and Counterclaims to Telcordia's Amended Complaint were not submitted to the United States Patent and Trademark Office ("PTO") during the prosecution of the application that matured into U.S. Patent No. 5,260,978, and the reasons why each of those prior art references were submitted to the PTO during the prosecution of the application that matured into U.S. Patent. No. Re. 36,633.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 27.

**Topic No. 28.**

> The dates on which each individual involved with the prosecution of the '978 and/or '633 patent, including but not limited to each of the named inventors and the prosecuting attorneys, became aware of each of the prior art references listed in Paragraph 86 of Lucent's Answer and Counterclaims to Telcordia's Amended Complaint.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic as vague and ambiguous with regard to the phrases "each individual involved" and "became aware."

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 28.

**Topic No. 29.**

All efforts taken by Telcordia to ensure that licensees of the Patents-in-suit and all other parties practicing any invention claimed in the patents-in-suit for the licenses of the patent-in-suit complied with 35 U.S.C. § 287.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "[a]ll efforts."

Telcordia objects to this topic as vague and ambiguous, and possibly calling for a legal conclusion, with regard to the phrase "complied with 35 U.S.C. § 287."

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 29.

**Topic No. 30.**

The dates and circumstances under which Telcordia contends Lucent first received notice of each of the Patents-in-suit.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic as vague and ambiguous, and possibly calling for a legal conclusion, with regard to the phrases "circumstances" and "received notice."

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 30.

**Topic No. 31.**

The identity of all products or parties that you are aware of since the issuance of the patents-in-suit that practice any invention claimed in the patents-in-suit.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all products."

Telcordia objects to this topic as vague and ambiguous with regard to the phrase "are aware of since issuance."

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 31.

**Topic No. 32.**

> The organizational structure of Telcordia, including, but not limited to, the engineering, research and development, marketing, sales, and/or customer service divisions of Telcordia, for each year from 1989 to the present, including, but not limited to, the officers, directors, supervisors and/or managers of such divisions.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of organizational information, including supervisors and managers, over a fifteen year period.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 32.

**Topic No. 33.**

> The location and identity of all documents and things searched, considered, identified, reviewed or collected in determining Telcordia's response to Lucent's interrogatories, document requests, and this Deposition Notice.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all documents and things."

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 33.

**Topic No. 34.**

The persons who searched, considered, identified, reviewed, or collected any documents or things in determining Telcordia's response to Lucent's interrogatories, document requests, and this Deposition Notice; the dates on and locations at which each such person considered, identified, reviewed, and/or collected any documents or things in response to Lucent's interrogatories, document requests, and this Deposition Notice.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 34.

**Topic No. 35.**

The persons, both inside and outside of Telcordia, contacted or consulted in determining Telcordia's response to Lucent's interrogatories, document requests, and this Deposition Notice.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 35.

**Topic No. 36.**

The policies regarding retention or destruction of documents and things at Telcordia and the persons responsible for developing, managing, revising, and enforcing those policies.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 36.

**Topic No. 37.**

The identity of all current and past industry standards and/or generic requirements, the practice of which Telcordia contends requires a license to one or more of the patents-in-suit.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all current and past industry standards and/or generic requirements."

Telcordia objects to this topic as seeking expert opinion outside of the schedule for expert disclosures.

Subject to and without waiving the foregoing objections, Telcordia states that it will produce one or more witnesses who will testify, at a mutually agreeable time and place, as to Topic No. 37.

## OBJECTIONS AND RESPONSES TO SCHEDULE B

### GENERAL OBJECTIONS

1.      Telcordia objects to the Instructions and Definitions as they circularly refer to "Definitions and Instructions set forth in Schedule B."

2.      Telcordia incorporates its objections to Schedule A as and for its objections to Schedule B.

3.      Telcordia further objects to the definitions and instructions set forth in Lucent's First Request for the Production of Documents and Things to the extent that those definitions and instructions purport to impose obligations on Telcordia that exceed the obligations imposed upon a responding party under the Federal Rules of Civil Procedure or the applicable Local Rules.

4.      Telcordia further objects to Lucent's incorporation of the definitions and instructions set forth in the Lucent's First Request for the Production of Documents and Things to the extent that those definitions and instructions are inapplicable to a request for documents contained in a deposition notice under Rule 30(b)(6).

5.      Telcordia incorporates its objections to the definitions and instructions set forth this and in Telcordia's previous responses to Lucent's discovery requests as and for its objections to the Instructions and Definitions set forth in Schedule B.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUEST

**Document Request No. 1:**

All documents that have been referred to by Telcordia in preparing for this deposition, or that are the source of information that Telcordia expects to provide in response to this Deposition Notice.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this request to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this request to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Subject to and without waiving any of these general and specific objections, Telcordia will produce at a mutually convenient time responsive, relevant, non-protected documents to the extent that they exist, are in Telcordia's possession, custody, or control, and have not been previously produced.

ASHBY & GEDDES

/s/ *John G. Day*
_____

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
220 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc*

*Of Counsel:*

Donald R. Dunner
Richard H. Smith
Don O. Burley
Richard L. Rainey
James T. Wilson
FINNEGAN, HENDERSON,
FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON,
FARABOW,
  GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, Virginia 20190-5675
(571) 203-2700

Dated:  September 26, 2005
161738.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2005, the attached **PLAINTIFF TELCORDIA TECHNOLOGIES INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT LUCENT TECHNOLOGIES INC.'S FIRST NOTICE OF 30(b)(6) DEPOSITION TO TELCORDIA** was served upon the below-named counsel of record at the address and in the manner indicated:

John W. Shaw, Esquire                                        HAND DELIVERY
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street
Wilmington, DE  19801

Steven C. Cherny, Esquire                                    VIA FEDERAL EXPRESS
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY  10022

David A. Nelson, Esquire                                     VIA FEDERAL EXPRESS
Latham & Watkins LLP
Sears Tower, Suite 5800
Chicago, IL  60606

/s/ *John G. Day*
_____
John G. Day