IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-875-GMS |
| | ) | |
| LUCENT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| Counterclaim-Plaintiff. | ) | |
| | ) | |

**TELCORDIA'S REPLY TO LUCENT TECHNOLOGIES, INC.'S
AMENDED COUNTERCLAIMS AND DEMAND FOR JURY TRIAL**

Plaintiff Telcordia Technologies, Inc. ("Telcordia") responds to each of the numbered paragraphs of the Counterclaims of Lucent Technologies, Inc. ("Lucent"), as set forth in its Amended Answer, Affirmative Defenses, and Counterclaims ("Amended Counterclaims") in Response to Plaintiff Telcordia Technologies, Inc.'s Amended Complaint and Demand for a Jury Trial, as follows:

**JURISDICTION AND VENUE**

1. Telcordia admits the allegations of paragraph 95 of Lucent's Amended Counterclaims.

2. Telcordia admits the allegations of paragraph 96 of Lucent's Amended Counterclaims.

3. Telcordia admits the allegations of paragraph 97 of Lucent's Amended Counterclaims.

4. Telcordia admits the allegations of paragraph 98 of Lucent's Amended Counterclaims.

## FIRST COUNTERCLAIM (NON-INFRINGEMENT)

5. Telcordia incorporates paragraphs 1-4 of this Reply to Lucent's Amended Counterclaims in response to paragraph 99 of Lucent's Amended Counterclaims.

6. Telcordia admits the allegations of paragraph 100 of Lucent's Amended Counterclaims.

7. In response to paragraph 101 of Lucent's Amended Counterclaims, Telcordia admits that Lucent has denied Telcordia's claim of infringement. Telcordia denies the remaining allegations of paragraph 101 of Lucent's Amended Counterclaims.

8. Telcordia admits the allegations of paragraph 102 of Lucent's Amended Counterclaims.

9. Telcordia denies the allegations of paragraph 103 of Lucent's Amended Counterclaims.

10. Telcordia denies the allegations of paragraph 104 of Lucent's Amended Counterclaims.

## SECOND COUNTERCLAIM (INVALIDITY)

11. Telcordia incorporates paragraphs 1-4 of this Reply to Lucent's Amended Counterclaims in response to paragraph 105 of Lucent's Amended Counterclaims.

12. In response to paragraph 106 of Lucent's Amended Counterclaim, Telcordia admits that Lucent has denied the validity of the patents identified in Telcordia's Amended Complaint and has asserted that the patents are invalid under 35 U.S.C. §§ 1 *et seq.*

13. Telcordia denies the allegations of paragraph 107 of Lucent's Amended Counterclaims.

## THIRD COUNTERCLAIM (INEQUITABLE CONDUCT)

14. Telcordia incorporates paragraphs 1-4 of this Reply to Lucent's Amended Counterclaims in response to paragraph 108 of Lucent's Amended Counterclaims.

15. In paragraph 109 of Lucent's Amended Counterclaims, Lucent alleges that the '306 and '633 patents are unenforceable as a result of inequitable conduct. In support of this allegation, Lucent incorporates by reference paragraphs 36-88 of its Amended Counterclaims. Telcordia denies that the '306 and '633 patents are unenforceable as a result of inequitable conduct and responds to each of the incorporated paragraphs as follows:

16. Telcordia denies the allegations of paragraph 36 of Lucent's Amended Counterclaims.

17. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of Lucent's Amended Counterclaims and therefore denies them.

18. Telcordia denies the allegations of paragraph 38 of Lucent's Amended Counterclaims.

19. Telcordia admits that the article entitled "Description of Fastnet—A Unidirectional Local-Area Communications Network" was not cited during the prosecution of the '306 patent. Telcordia denies the remaining allegations of paragraph 39 of Lucent's Amended Counterclaims.

20. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of Lucent's Amended Counterclaims and therefore denies them.

21. Telcordia denies the allegations of paragraph 41 of Lucent's Amended Counterclaims.

22. Telcordia admits that IEEE Standard 802.6 and QPSX products and systems were not cited during the prosecution of the '306 patent. Telcordia denies the remaining allegations of paragraph 42 of Lucent's Amended Counterclaims.

23. Telcordia admits the allegations of paragraph 43 of Lucent's Amended Counterclaims.

24. Telcordia denies the allegations of paragraph 44 of Lucent's Amended Counterclaims.

25. In response to paragraph 45 of Lucent's Amended Counterclaim, Telcordia admits that the article entitled "Dynamic TDM-A Packet Approach to Broadband Networking" was not cited during the prosecution of the '306 patent. Telcordia denies the allegation in paragraph 45 that one or more of the inventors, and/or the prosecuting attorneys, and/or others associated with the filing and prosecution of the application for the '306 patent withheld the article entitled "Dynamic TDM-A Packet Approach To Broadband Networking" with an intent to deceive the USPTO. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45 of Lucent's Amended Counterclaims and therefore denies them.

26. Telcordia denies the allegations of paragraph 46 of Lucent's Amended Counterclaims.

27. In response to paragraph 47 of Lucent's Amended Counterclaim, Telcordia admits that the article entitled "A Protocol and Prototype for Broadband Subscriber Access to

ISDNs" was not cited during the prosecution of the '306 patent. Telcordia denies the remaining allegations of paragraph 47 of Lucent's Amended Counterclaims.

28. Telcordia admits the allegations of paragraph 48 of Lucent's Amended Counterclaims.

29. Telcordia denies the allegations of paragraph 49 of Lucent's Amended Counterclaims.

30. In response to paragraph 50 of Lucent's Amended Counterclaim, Telcordia admits that the article entitled "A Broadband ISDN Local Access System Using Emerging Technology Components" was not cited during the prosecution of the '306 patent. Telcordia denies the remaining allegations of paragraph 50 of Lucent's Amended Counterclaims.

31. In response to paragraph 51 of Lucent's Amended Counterclaim, Telcordia admits that as of September 2, 1988, James W. Falk had knowledge of an article entitled "Starlite: A Wideband Digital Switch" and authored by A. Huang and S. Knauer. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 51 of Lucent's Amended Counterclaims and therefore denies them.

32. Telcordia denies the allegations of paragraph 52 of Lucent's Amended Counterclaims.

33. In response to paragraph 53 of Lucent's Amended Counterclaim, Telcordia admits that the article entitled "Starlite: A Wideband Digital Switch" was not cited during the prosecution of the '306 patent. Telcordia denies the remaining allegations of paragraph 53 of Lucent's Amended Counterclaims.

34. Telcordia admits the allegations of paragraph 54 of Lucent's Amended Counterclaims.

35.     Telcordia denies the allegations of paragraph 55 of Lucent's Amended Counterclaims.

36.     In response to paragraph 56 of Lucent's Amended Counterclaim, Telcordia admits that the article entitled "A CMOS VLSI Framer Chip For A Broadband ISDN Local Access System" was not cited during the prosecution of the '306 patent. Telcordia denies the remaining allegations of paragraph 56 of Lucent's Amended Counterclaims.

37.     Telcordia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of Lucent's Amended Counterclaims and therefore denies them.

38.     Telcordia denies the allegations of paragraph 58 of Lucent's Amended Counterclaims.

39.     In response to paragraph 59 of Lucent's Amended Counterclaim, Telcordia admits that the article entitled "Broadband User-Network Interfaces to ISDN" was not cited during the prosecution of the '306 patent. Telcordia denies the remaining allegations of paragraph 59 of Lucent's Amended Counterclaims.

40.     Telcordia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of Lucent's Amended Counterclaims and therefore denies them.

41.     Telcordia denies the allegations of paragraph 61 of Lucent's Amended Counterclaims.

42.     In response to paragraph 62 of Lucent's Amended Counterclaim, Telcordia admits that the article entitled "Broadband ISDN Switching Capabilities from a Service

Perspective" was not cited during the prosecution of the '306 patent. Telcordia denies the remaining allegations of paragraph 62 of Lucent's Amended Counterclaims.

43. Telcordia admits the allegations of paragraph 63 of Lucent's Amended Counterclaims.

44. Telcordia denies the allegations of paragraph 64 of Lucent's Amended Counterclaims.

45. In response to paragraph 65 of Lucent's Amended Counterclaim, Telcordia admits that U.S. Patent No. 4,082,922 was not cited during the prosecution of the '306 patent. Telcordia denies the remaining allegations of paragraph 65 of Lucent's Amended Counterclaims.

46. Telcordia admits the allegations of paragraph 66 of Lucent's Amended Counterclaims.

47. Telcordia denies the allegations of paragraph 67 of Lucent's Amended Counterclaims.

48. In response to paragraph 68 of Lucent's Amended Counterclaim, Telcordia admits that U.S. Patent No. 4,093,823 was not cited during the prosecution of the '306 patent. Telcordia denies the remaining allegations of paragraph 68 of Lucent's Amended Counterclaims.

49. Telcordia admits the allegations of paragraph 69 of Lucent's Amended Counterclaims.

50. Telcordia denies the allegations of paragraph 70 of Lucent's Amended Counterclaims.

51. In response to paragraph 71 of Lucent's Amended Counterclaim, Telcordia admits that the article entitled "A Wide-Band Local Access System Using Emerging-Technology

Components" was not cited during the prosecution of the '306 patent. Telcordia denies the remaining allegations of paragraph 71 of Lucent's Amended Counterclaims.

52. In response to paragraph 72 of Lucent's Amended Counterclaim, Telcordia admits that the article entitled "Synchronous Wideband Network—An Interoffice Hubbing Network" was not cited during the prosecution of the '306 patent. Telcordia denies the remaining allegations of paragraph 72 of Lucent's Amended Counterclaims.

53. Telcordia denies the allegations of paragraph 73 of Lucent's Amended Counterclaims.

54. In response to paragraph 74 of Lucent's Amended Counterclaim, Telcordia admits that the article entitled "Synchronous Wideband Network—An Interoffice Hubbing Network" was not cited during the prosecution of the '306 patent. Telcordia denies the remaining allegations of paragraph 74 of Lucent's Amended Counterclaims.

55. In response to paragraph 75 of Lucent's Amended Counterclaim, Telcordia admits that as May 11, 1989, James W. Falk had knowledge of U.S. Patent No. 4,569,041. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 75 of Lucent's Amended Counterclaims and therefore denies them.

56. Telcordia denies the allegations of paragraph 76 of Lucent's Amended Counterclaims.

57. In response to paragraph 77 of Lucent's Amended Counterclaim, Telcordia admits that U.S. Patent No. 4,569,041 was not disclosed to the USPTO during the filing and prosecution of the application for the '306 patent. Telcordia denies the remaining allegations of paragraph 77 of Lucent's Amended Counterclaims.

58. In response to paragraph 78 of Lucent's Amended Counterclaim, Telcordia admits that during the prosecution of the '306 patent before the USPTO, the Examiner rejected application claims 1-4 of the '306 patent as anticipated by U.S. Patent No. 4,771,425. Telcordia denies the remaining allegations of paragraph 78 of Lucent's Amended Counterclaims.

59. In response to paragraph 79 of Lucent's Amended Counterclaim, Telcordia admits that during the prosecution of the '306 patent, the applicants through their attorneys stated "[i]n the claimed invention, all of the data to be transmitted is transmitted in the form of packets which are contained in the payload fields of frames. In contrast, in the Baran et al. reference, some data is transmitted in the form of frames divided into slots and some of the data is transmitted in the form of packets whose length is the same as the length of the frames." Telcordia admits that the applicants also stated that "[d]ata from a plurality of sources which have access to the transmission are packetized. The packets are then inserted into empty payload fields of the frames. The Baran et al. reference in no way discloses the formation of a transmission bit stream by generating a sequence of frames with empty payload fields and picking up packets from a plurality of sources to fill the payload fields." Telcordia denies the remaining allegations of paragraph 79 of Lucent's Amended Counterclaims.

60. Telcordia admits that U.S. Patent No. 4,771,425 recites the passages cited in paragraph 80 of Lucent's Amended Counterclaims.

61. Telcordia denies the allegations of paragraph 81 of Lucent's Amended Counterclaims.

62. Telcordia denies the allegations of paragraph 82 of Lucent's Amended Counterclaims.

63. Telcordia denies the allegations of paragraph 83 of Lucent's Amended Counterclaims.

64. Telcordia admits the allegations of paragraph 84 of Lucent's Amended Counterclaims.

65. Telcordia admits the allegations of paragraph 85 of Lucent's Amended Counterclaims.

66. Telcordia admits the allegations of paragraph 86 of Lucent's Amended Counterclaims.

67. Telcordia denies the allegations of paragraph 87 of Lucent's Amended Counterclaims.

68. In response to paragraph 88 of Lucent's Amended Counterclaim, Telcordia admits that the references listed in paragraph 86 of Lucent's Amended Counterclaims were not disclosed to the USPTO during the filing and prosecution of the application for the '978 patent. Telcordia denies the remaining allegations of paragraph 88 of Lucent's Amended Counterclaims.

### FOURTH COUNTERCLAIM (LICENSE)

69. Telcordia incorporates paragraphs 1-4 of this Reply to Lucent's Amended Counterclaims in response to paragraph 110 of Lucent's Amended Counterclaims.

70. Telcordia admits the allegations of paragraph 111 of Lucent's Amended Counterclaims.

71. Telcordia admits the allegations of paragraph 112 of Lucent's Amended Counterclaims.

**RELIEF**

Wherefore, Telcordia denies that Lucent is entitled to judgment in its favor on any of its counterclaims and further denies that Lucent is entitled to any relief based on its counterclaims, including the relief requested in paragraphs 114 through 117 of Lucent's Amended Counterclaims.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Telcordia requests a trial by jury of all issues so triable.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Richard J. Smith
Don O. Burley
Richard L. Rainey
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave, N.W.
Washington, D.C. 20001
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, Virginia  20190
(571) 203-2700

Dated:  September 29, 2005
161876.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2005, the attached **TELCORDIA'S REPLY TO LUCENT TECHNOLOGIES, INC.'S AMENDED COUNTERCLAIMS AND DEMAND FOR JURY TRIAL** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street<br>Wilmington, DE 19801 | <u>HAND DELIVERY</u> |
| Steven C. Cherny, Esquire<br>Latham & Watkins LLP<br>885 Third Avenue, Suite 1000<br>New York, NY 10022 | <u>VIA FEDERAL EXPRESS</u> |
| David A. Nelson, Esquire<br>Latham & Watkins LLP<br>Sears Tower, Suite 5800<br>Chicago, IL 60606 | <u>VIA FEDERAL EXPRESS</u> |

/s/ *John G. Day*
_____
John G. Day