# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 7, 2005

The Honorable Gregory M. Sleet  
United States District Court  
844 North King Street  
Wilmington, DE 19801

VIA E-FILE

Re: *Telcordia Technologies, Inc. v. Lucent Technologies, Inc.*  
Civil Action No. 04-875-GMS

Dear Judge Sleet:

In preparation for the teleconference scheduled on October 11, 2005, at 10:00 a.m., the parties jointly submit this letter agenda. The Plaintiff's issue is set forth in Item I and the Defendant's issues are set forth in Item II.

**I.  Telcordia Interrogatory No. 1 Seeking the Identification of Products Subject to Discovery and Related Document Production**

Defendant Lucent Technologies, Inc. ("Lucent") has thus far agreed only to provide discovery (documents and information) relating to products Plaintiff has charged with infringement. In an effort to discover other Lucent products that may infringe one or more claims of the asserted patents, Plaintiff respectfully requests the Court to compel Lucent to answer Plaintiff's April 7, 2005, Interrogatory No. 1 to identify:

(1)  all Lucent products that map Packetized Data into SONET frames, which is targeted at products likely to infringe the '306 patent;

(2)  all Lucent products that practice and/or are capable of practicing the "Synchronous Residual Time Stamp" technology disclosed in the ATM Forum Standard (*see, e.g.*, af-vtoa-0078.000 Section 3.4.1), the ITU-T Standard I.363.1 (*see, e.g.*, Section 2.5.2.2.2), and/or the ANSI T1.630 standard (*see, e.g.*, Section 5 referencing I.363.1), which is targeted at products likely to infringe the '633 patent; and

  (3)  all Lucent products that perform unidirectional path switched ring automatic protection switching and/or that comply with GR-1400 (*see, e.g.*, GR-1400 Issue 1, Revision 1, Section 3), which is targeted at products likely to infringe the '763 patent.

  Plaintiff also respectfully requests the Court to compel the Defendant to produce a discrete set of "relevant functionality" documents for each product identified in response to Telcordia Interrogatory No. 1, so that Plaintiff can identify the universe of infringing Lucent products in this case.

**II. Issues Raised by Lucent**

  (1)  Whether Telcordia must produce documents and 30(b)(6) deponents relating to Lucent's laches and equitable estoppel defenses, including Telcordia's certification and testing of Lucent's accused products and Telcordia's sale of its products as compatible with Lucent's accused products?

  (2)  In responding to an interrogatory seeking when Telcordia first became aware of Lucent's alleged infringement, can Telcordia limit its response to the date upon which its outside counsel completed its diligence?

  (3)  Whether Telcordia's interrogatory response must provide its claim constructions?

  (4)  Telcordia's current interrogatory response states that the conception dates for the asserted claims of the '763 and '633 patent are the filing dates of those patents. May Telcordia later change its answer in response to prior art cited by Lucent. For the patents Lucent is alleging were procured through inequitable conduct, must Telcordia provide conception and reduction to practice dates for each of the claims?

  (5)  Whether Telcordia's interrogatory response must provide what Telcordia contends to be a reasonable royalty for each asserted patent?

           Respectfully,

           /s/ *John G. Day*

           John G. Day (I.D. #2403)

JGD: nml
162142.1

cc: John W. Shaw, Esquire (by hand)
   Donald R. Dunner, Esquire (via electronic mail)
   Steven C. Cherney, Esquire (via electronic mail)