IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 04-875-GMS |
| ) | |
| v. ) | |
| ) | |
| LUCENT TECHNOLOGIES INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that Defendant Lucent Technologies Inc. has served

the attached subpoenas.

OF COUNSEL:

Steven C. Cherny
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200

David Nelson
Israel Sasha Mayergoyz
David C. McKone
Latham & Watkins LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700

Dated: January 12, 2006

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
Michele Sherretta (No. 4651)
*msherretta@ycst.com*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Defendant Lucent Technologies Inc.*

Issued by the

# UNITED STATES DISTRICT COURT

_____SOUTHERN_____    DISTRICT OF    _____NEW YORK_____

TELCORDIA TECHNOLOGIES, INC.                    **SUBPOENA IN A CIVIL CASE**

     V.

LUCENT TECHNOLOGIES INC.                    Case Number:[1] **CA NO. 04-875-GMS**
                                            (PENDING IN U.S. DISTRICT COURT OF DELAWARE)

TO:
Warburg Pincus LLC
CT Corporation System
111 Eighth Avenue
New York, New York 10011

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date, and time specified below (list documents or objects):

               See Schedule A attached.

| PLACE<br>Latham & Watkins, LLP<br>885 Third Avenue, Suite 1000<br>New York, NY 10022-4834     Telephone: (212) 906-1200 | DATE AND TIME<br>January 30, 2006,<br>11:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>(Attorney for Defendant Lucent Technologies Inc.) | DATE AND TIME |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBERS
John W. Shaw
Young Conaway Stargatt & Taylor, LLP; The Brandywine Building 1000 West Street,
17th Floor, Wilmington, DE 19801 (302) 571-6600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D)
[1]If action is pending in district other than district of issuance, state district under case number.

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                        DATE                                    SIGNATURE OF SERVER


                                                     _____
                                                     ADDRESS OF SERVER


                                                     _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c)        PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)        DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

For all the document requests, the following definitions apply:

A.    As used herein, the term "Telcordia" shall mean the entity Telcordia Technologies Inc., and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

B.    As used herein, the term "Lucent" shall mean the entity Lucent Technologies Inc., and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

C.    As used herein, the term "SAIC" shall mean the entity Science Applications International Corporation, and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

D.    As used herein, the term "Providence" shall mean the entity Providence Equity Partners, Inc., and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

E.     As used herein, the term "Warburg" shall mean the entity Warburg Pincus, and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

F.     The words "and" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these interrogatories any information which might be deemed outside their scope by any other construction.

G.     Except as specifically provided herein, words imparting the singular shall include the plural and vice versa.

H.     As used herein, the term "person" shall mean an individual, proprietorship, partnership, firm, corporation, association, governmental agency, or other entity.

I.     As used herein, the term "communication" shall mean the transmission or receipt of information of any kind through any means, including but not limited to speech, writing, language (machine, foreign, or otherwise), computer electronics of any kind, magnetic tape, video tape, photograph, graph, symbol, sign, magnetic disk, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, film or media of any kind.

J.     As used herein, the phrases "refer or relate to" and "referring or relating to" shall mean all information, facts, and/or documents that directly, indirectly, or in any other way support, negate, bear upon, touch upon, incorporate, affect, include, pertain to, and/or are otherwise connected with the subject matter about which a document request is directed.

K.    The terms "Patents-in-Suit" shall mean and refer to United States Patent Nos. 4,893,306 ("the '306 patent"), Re. 36,633 ("the '633 patent) and its predecessor 5,260,978 ("the '978 patent"), and 4,835,763 ("the '763 patent").

L.    As used herein, the term "document" shall mean all material defined in FEDERAL RULE OF CIVIL PROCEDURE 34 and each and every writing or record of every type that is, or has been, in your possession, custody, or control or to which you or your counsel has access, including without limitation correspondence, memoranda, letters, e-mails, telegrams, stenographic or handwritten notes, drafts, studies, reports, diary entries, agreements, drawings, sketchings, charts, blueprints, maps, journals, invoices, sales slips, vouchers, production records, photographs, film, video tape, audio recordings, tapes, catalogs, bulletins, advertisements, promotional materials, pamphlets, computer data (including any data stored by means of computer disc, computer file, or any other form of computer-related memory system), and any other form of record.

Any document bearing on any sheet or side thereof, any marks, including without limitation initials, stamped indicia, comments, or notations of any character which are not part of the original text or reproduction thereof, shall be considered a separate document.

## INSTRUCTIONS

1.    For each and every document for which you assert either attorney-client privilege, work product protection, or some other allegedly applicable privilege, (a) identify the document by date, title, nature, author, sender, recipients, and/or participants; (b) provide a summary statement of the subject matter of the document sufficient in detail to permit a determination of the propriety of your assertion or such privilege or protection; and (c) identify the allegedly applicable privilege or protection.

2.    These document requests seek answers current to the date of response, and further shall be deemed to be continuing under FEDERAL RULE OF CIVIL PROCEDURE 26(e), so that any additional documents referring or relating in any way to these document requests which you acquire or which becomes known to you up to and including the time of trial shall be furnished to Lucent promptly after being so acquired or known by you.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1.

All documents referring and/or relating to the financial value of Telcordia's patents.

**Response:**

### DOCUMENT REQUEST NO. 2.

All documents referring and/or relating to the financial value of the Patents-In-Suit.

**Response:**

### DOCUMENT REQUEST NO. 3.

All documents referring and/or relating to the financial value of Telcordia's patents in connection with the sale of Telcordia by SAIC.

**Response:**

### DOCUMENT REQUEST NO. 4.

All documents referring and/or relating to the financial value of the Patents-In-Suit in connection with the sale of Telcordia by SAIC.

**Response:**

### DOCUMENT REQUEST NO. 5.

All documents referring and/or relating to the financial value of Telcordia's patents in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

### DOCUMENT REQUEST NO. 6.

Page 5 – Schedule A – Warburg Pincus LLC

All documents referring and/or relating to the financial value of the Patents-In-Suit in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

## DOCUMENT REQUEST NO. 7.

All documents referring and/or relating to the analysis of Telcordia's patents in connection with the sale of Telcordia by SAIC.

**Response:**

## DOCUMENT REQUEST NO. 8.

All documents referring and/or relating to the analysis of the Patents-In-Suit in connection with the sale of Telcordia by SAIC.

**Response:**

## DOCUMENT REQUEST NO. 9.

All documents referring and/or relating to the analysis of Telcordia's patents in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

## DOCUMENT REQUEST NO. 10.

All documents referring and/or relating to the analysis of the Patents-In-Suit in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

## DOCUMENT REQUEST NO. 11.

All documents referring and/or relating to the financial value of Telcordia's claims against Lucent in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-875-GMS.

**Response:**

**DOCUMENT REQUEST NO. 12.**

All documents referring and/or relating to the financial value of Telcordia's claims against Alcatel SA et al. in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-874-GMS.

**Response:**

**DOCUMENT REQUEST NO. 13.**

All documents referring and/or relating to the financial value of Telcordia's claims against CISCO Systems, Inc., in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-876-GMS.

**Response:**

**DOCUMENT REQUEST NO. 14.**

All documents referring and/or relating to any analysis of Telcordia's claims against Lucent in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-875-GMS.

**Response:**

**DOCUMENT REQUEST NO. 15.**

All documents referring and/or relating to any analysis of Telcordia's claims against Alcatel SA et al. in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-874-GMS.

**Response:**

Page 7 – Schedule A – Warburg Pincus LLC

**DOCUMENT REQUEST NO. 16.**

All documents referring and/or relating to any analysis of Telcordia's claims against CISCO Systems, Inc., in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-876-GMS.

**Response:**


**DOCUMENT REQUEST NO. 17.**

All documents created, generated, and/or made by J.P. Morgan referring or relating to Telcordia's patents.

**Response:**


**DOCUMENT REQUEST NO. 18.**

All documents created, generated, and/or made by J.P. Morgan referring or relating to the Patents-In-Suit.

**Response:**


**DOCUMENT REQUEST NO. 19.**

All documents created, generated, and/or made by J.P. Morgan referring or relating to Telcordia's patents in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**


**DOCUMENT REQUEST NO. 20.**

All documents created, generated, and/or made by J.P. Morgan referring or relating to the Patents-In-Suit in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

**DOCUMENT REQUEST NO. 21.**

All documents created, generated, and/or made by J.P. Morgan referring and/or relating to any analysis of Telcordia's claims against Lucent in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-875-GMS, in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

**DOCUMENT REQUEST NO. 22.**

All documents created, generated, and/or made by J.P. Morgan referring and/or relating to any analysis of Telcordia's claims against Alcatel SA et al. in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-874-GMS, in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

**DOCUMENT REQUEST NO. 23.**

All documents created, generated, and/or made by J.P. Morgan referring and/or relating to any analysis of Telcordia's claims against CISCO Systems, Inc., in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-876-GMS in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

Issued by the

# UNITED STATES DISTRICT COURT

_____NORTHERN_____    DISTRICT OF    _____ILLINOIS_____

TELCORDIA TECHNOLOGIES, INC.          **SUBPOENA IN A CIVIL CASE**

    v.

LUCENT TECHNOLOGIES INC.          Case Number:[1] **CA NO. 04-875-GMS**
                    (PENDING IN U.S. DISTRICT COURT OF DELAWARE)

TO:
Science Applications International Corporation
CT Corporation System
208 S. LaSalle Street, Suite 814
Chicago, Illinois 60604-1101

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
                    See Schedule A attached.

| PLACE | DATE AND TIME |
|---|---|
| Latham & Watkins, LLP | January 30, 2006, |
| Sears Tower, Suite 5800, 233 South Wacker Drive | 11:00 a.m. |
| Chicago, IL 60606          Telephone: (312) 876-7700 | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE AND TIME |
|---|---|
| (Attorney for Defendant Lucent Technologies Inc.) | 1/6/06 |

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBERS
John W. Shaw
Young Conaway Stargatt & Taylor, LLP; The Brandywine Building 1000 West Street,
17th Floor, Wilmington, DE 19801 (302) 571-6600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D)
[1]If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER
_____

ADDRESS OF SERVER
_____
_____

### Rule 45, Federal Rules of Civil Procedure, Parts C& D

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires    disclosure    of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects    a    person    to    undue burden.

(B) If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires    disclosure    of    an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SCHEDULE A**

**DEFINITIONS**

For all the document requests, the following definitions apply:

A.      As used herein, the term "Telcordia" shall mean the entity Telcordia Technologies Inc., and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

B.      As used herein, the term "Lucent" shall mean the entity Lucent Technologies Inc., and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

C.      As used herein, the term "SAIC" shall mean the entity Science Applications International Corporation, and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

D.      As used herein, the term "Providence" shall mean the entity Providence Equity Partners, Inc., and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

E.      As used herein, the term "Warburg" shall mean the entity Warburg Pincus, and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

F.      The words "and" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these interrogatories any information which might be deemed outside their scope by any other construction.

G.      Except as specifically provided herein, words imparting the singular shall include the plural and vice versa.

H.      As used herein, the term "person" shall mean an individual, proprietorship, partnership, firm, corporation, association, governmental agency, or other entity.

I.      As used herein, the term "communication" shall mean the transmission or receipt of information of any kind through any means, including but not limited to speech, writing, language (machine, foreign, or otherwise), computer electronics of any kind, magnetic tape, video tape, photograph, graph, symbol, sign, magnetic disk, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, film or media of any kind.

J.      As used herein, the phrases "refer or relate to" and "referring or relating to" shall mean all information, facts, and/or documents that directly, indirectly, or in any other way support, negate, bear upon, touch upon, incorporate, affect, include, pertain to, and/or are otherwise connected with the subject matter about which a document request is directed.

K.     The terms "Patents-in-Suit" shall mean and refer to United States Patent Nos. 4,893,306 ("the '306 patent"), Re. 36,633 ("the '633 patent) and its predecessor 5,260,978 ("the '978 patent"), and 4,835,763 ("the '763 patent").

L.     As used herein, the term "document" shall mean all material defined in FEDERAL RULE OF CIVIL PROCEDURE 34 and each and every writing or record of every type that is, or has been, in your possession, custody, or control or to which you or your counsel has access, including without limitation correspondence, memoranda, letters, e-mails, telegrams, stenographic or handwritten notes, drafts, studies, reports, diary entries, agreements, drawings, sketchings, charts, blueprints, maps, journals, invoices, sales slips, vouchers, production records, photographs, film, video tape, audio recordings, tapes, catalogs, bulletins, advertisements, promotional materials, pamphlets, computer data (including any data stored by means of computer disc, computer file, or any other form of computer-related memory system), and any other form of record.

Any document bearing on any sheet or side thereof, any marks, including without limitation initials, stamped indicia, comments, or notations of any character which are not part of the original text or reproduction thereof, shall be considered a separate document.

## INSTRUCTIONS

1.      For each and every document for which you assert either attorney-client privilege, work product protection, or some other allegedly applicable privilege, (a) identify the document by date, title, nature, author, sender, recipients, and/or participants; (b) provide a summary statement of the subject matter of the document sufficient in detail to permit a determination of the propriety of your assertion or such privilege or protection; and (c) identify the allegedly applicable privilege or protection.

2.      These document requests seek answers current to the date of response, and further shall be deemed to be continuing under FEDERAL RULE OF CIVIL PROCEDURE 26(e), so that any additional documents referring or relating in any way to these document requests which you acquire or which becomes known to you up to and including the time of trial shall be furnished to Lucent promptly after being so acquired or known by you.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1.

All documents referring and/or relating to the financial value of Telcordia's patents.

### Response:

### DOCUMENT REQUEST NO. 2.

All documents referring and/or relating to the financial value of the Patents-In-Suit.

### Response:

### DOCUMENT REQUEST NO. 3.

All documents referring and/or relating to the financial value of Telcordia's patents in connection with the sale of Telcordia by SAIC.

### Response:

### DOCUMENT REQUEST NO. 4.

All documents referring and/or relating to the financial value of the Patents-In-Suit in connection with the sale of Telcordia by SAIC.

### Response:

### DOCUMENT REQUEST NO. 5.

All documents referring and/or relating to the financial value of Telcordia's patents in connection with the acquisition of Telcordia by Providence and/or Warburg.

### Response:

### DOCUMENT REQUEST NO. 6.

All documents referring and/or relating to the financial value of the Patents-In-Suit in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

## DOCUMENT REQUEST NO. 7.

All documents referring and/or relating to the analysis of Telcordia's patents in connection with the sale of Telcordia by SAIC.

**Response:**

## DOCUMENT REQUEST NO. 8.

All documents referring and/or relating to the analysis of the Patents-In-Suit in connection with the sale of Telcordia by SAIC.

**Response:**

## DOCUMENT REQUEST NO. 9.

All documents referring and/or relating to the analysis of Telcordia's patents in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

## DOCUMENT REQUEST NO. 10.

All documents referring and/or relating to the analysis of the Patents-In-Suit in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

## DOCUMENT REQUEST NO. 11.

All documents referring and/or relating to the financial value of Telcordia's claims against Lucent in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-875-GMS

**Response:**


## DOCUMENT REQUEST NO. 12.

All documents referring and/or relating to the financial value of Telcordia's claims against Alcatel SA et al. in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-874-GMS.

**Response:**


## DOCUMENT REQUEST NO. 13.

All documents referring and/or relating to the financial value of Telcordia's claims against CISCO Systems, Inc., in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-876-GMS.

**Response:**


## DOCUMENT REQUEST NO. 14.

All documents referring and/or relating to any analysis of Telcordia's claims against Lucent in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-875-GMS.

**Response:**


## DOCUMENT REQUEST NO. 15.

All documents referring and/or relating to any analysis of Telcordia's claims against Alcatel SA et al. in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-874-GMS.


Page 7 – Schedule A – Science Application International Corporation

**Response:**


## DOCUMENT REQUEST NO. 16.

All documents referring and/or relating to any analysis of Telcordia's claims against CISCO Systems, Inc., in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-876-GMS.

**Response:**


## DOCUMENT REQUEST NO. 17.

All documents created, generated, and/or made by J.P. Morgan referring or relating to Telcordia's patents.

**Response:**


## DOCUMENT REQUEST NO. 18.

All documents created, generated, and/or made by J.P. Morgan referring or relating to the Patents-In-Suit.

**Response:**


## DOCUMENT REQUEST NO. 19.

All documents created, generated, and/or made by J.P. Morgan referring or relating to Telcordia's patents in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**


## DOCUMENT REQUEST NO. 20.

All documents created, generated, and/or made by J.P. Morgan referring or relating to the Patents-In-Suit in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

**DOCUMENT REQUEST NO. 21.**

All documents created, generated, and/or made by J.P. Morgan referring and/or relating to any analysis of Telcordia's claims against Lucent in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-875-GMS, in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

**DOCUMENT REQUEST NO. 22.**

All documents created, generated, and/or made by J.P. Morgan referring and/or relating to any analysis of Telcordia's claims against Alcatel SA et al. in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-874-GMS, in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

**DOCUMENT REQUEST NO. 23.**

All documents created, generated, and/or made by J.P. Morgan referring and/or relating to any analysis of Telcordia's claims against CISCO Systems, Inc., in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-876-GMS in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

**DOCUMENT REQUEST NO. 24.**

All documents referring and/or relating to SAIC's analysis of the Patents-In-Suit.

**Response:**

**DOCUMENT REQUEST NO. 25.**

All documents referring and/or relating to any analysis of Bellcore's patents in connection with SAIC's purchase of Bellcore.

**Response:**

**DOCUMENT REQUEST NO. 26.**

All documents referring and/or relating to any analysis of the Patents-in-Suit in connection with SAIC's purchase of Bellcore.

**Response:**

**DOCUMENT REQUEST NO. 27.**

All documents referring and/or relating to any analysis of the financial value of the Patents-in-Suit in connection with SAIC's purchase of Bellcore.

**Response:**

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ RHODE ISLAND _____

TELCORDIA TECHNOLOGIES, INC.

v.

LUCENT TECHNOLOGIES INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CA NO. 04-875-GMS
(PENDING IN U.S. DISTRICT COURT OF DELAWARE)

TO:
Providence Equity Partners Inc.
Glenn M. Creamer
50 Kennedy Plaza, Suite 901
Providence, Rhode Island  02903

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date, and time specified below (list documents or objects):
See Schedule A attached.

| PLACE<br>Latham & Watkins, LLP<br>Riverside Center, 275 Grove Street, 4th Floor<br>Newton, MA 02466          Telephone: (617) 663-5700 | DATE AND TIME<br>January 30, 2006,<br>11:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>(Attorney for Defendant Lucent Technologies Inc.) | DATE AND TIME<br><br>1/6/06 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBERS
John W. Shaw
Young Conaway Stargatt & Taylor, LLP; The Brandywine Building 1000 West Street,
17th Floor, Wilmington, DE 19801 (302) 571-6600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D)
[1]If action is pending in district other than district of issuance, state district under case number.

PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

|  | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

|  | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C& D

(c)        PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)        requires        disclosure        of privileged or other protected matter and no exception or waiver applies, or
(iv)        subjects a person to undue burden.

(B) If a subpoena

(i)        requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)        requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)        requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)        DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

For all the document requests, the following definitions apply:

A.     As used herein, the term "Telcordia" shall mean the entity Telcordia Technologies Inc., and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

B.     As used herein, the term "Lucent" shall mean the entity Lucent Technologies Inc., and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

C.     As used herein, the term "SAIC" shall mean the entity Science Applications International Corporation, and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

D.     As used herein, the term "Providence" shall mean the entity Providence Equity Partners, Inc., and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

E.      As used herein, the term "Warburg" shall mean the entity Warburg Pincus, and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

F.      The words "and" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these interrogatories any information which might be deemed outside their scope by any other construction.

G.      Except as specifically provided herein, words imparting the singular shall include the plural and vice versa.

H.      As used herein, the term "person" shall mean an individual, proprietorship, partnership, firm, corporation, association, governmental agency, or other entity.

I.      As used herein, the term "communication" shall mean the transmission or receipt of information of any kind through any means, including but not limited to speech, writing, language (machine, foreign, or otherwise), computer electronics of any kind, magnetic tape, video tape, photograph, graph, symbol, sign, magnetic disk, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, film or media of any kind.

J.      As used herein, the phrases "refer or relate to" and "referring or relating to" shall mean all information, facts, and/or documents that directly, indirectly, or in any other way support, negate, bear upon, touch upon, incorporate, affect, include, pertain to, and/or are otherwise connected with the subject matter about which a document request is directed.

K.    The terms "Patents-in-Suit" shall mean and refer to United States Patent Nos. 4,893,306 ("the '306 patent"), Re. 36,633 ("the '633 patent) and its predecessor 5,260,978 ("the '978 patent"), and 4,835,763 ("the '763 patent").

L.    As used herein, the term "document" shall mean all material defined in FEDERAL RULE OF CIVIL PROCEDURE 34 and each and every writing or record of every type that is, or has been, in your possession, custody, or control or to which you or your counsel has access, including without limitation correspondence, memoranda, letters, e-mails, telegrams, stenographic or handwritten notes, drafts, studies, reports, diary entries, agreements, drawings, sketchings, charts, blueprints, maps, journals, invoices, sales slips, vouchers, production records, photographs, film, video tape, audio recordings, tapes, catalogs, bulletins, advertisements, promotional materials, pamphlets, computer data (including any data stored by means of computer disc, computer file, or any other form of computer-related memory system), and any other form of record.

Any document bearing on any sheet or side thereof, any marks, including without limitation initials, stamped indicia, comments, or notations of any character which are not part of the original text or reproduction thereof, shall be considered a separate document.

## INSTRUCTIONS

1.      For each and every document for which you assert either attorney-client privilege, work product protection, or some other allegedly applicable privilege, (a) identify the document by date, title, nature, author, sender, recipients, and/or participants; (b) provide a summary statement of the subject matter of the document sufficient in detail to permit a determination of the propriety of your assertion or such privilege or protection; and (c) identify the allegedly applicable privilege or protection.

2.      These document requests seek answers current to the date of response, and further shall be deemed to be continuing under FEDERAL RULE OF CIVIL PROCEDURE 26(e), so that any additional documents referring or relating in any way to these document requests which you acquire or which becomes known to you up to and including the time of trial shall be furnished to Lucent promptly after being so acquired or known by you.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1.

All documents referring and/or relating to the financial value of Telcordia's patents.

**Response:**

### DOCUMENT REQUEST NO. 2.

All documents referring and/or relating to the financial value of the Patents-In-Suit.

**Response:**

### DOCUMENT REQUEST NO. 3.

All documents referring and/or relating to the financial value of Telcordia's patents in connection with the sale of Telcordia by SAIC.

**Response:**

### DOCUMENT REQUEST NO. 4.

All documents referring and/or relating to the financial value of the Patents-In-Suit in connection with the sale of Telcordia by SAIC.

**Response:**

### DOCUMENT REQUEST NO. 5.

All documents referring and/or relating to the financial value of Telcordia's patents in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

### DOCUMENT REQUEST NO. 6.

All documents referring and/or relating to the financial value of the Patents-In-Suit in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

## DOCUMENT REQUEST NO. 7.

All documents referring and/or relating to the analysis of Telcordia's patents in connection with the sale of Telcordia by SAIC.

**Response:**

## DOCUMENT REQUEST NO. 8.

All documents referring and/or relating to the analysis of the Patents-In-Suit in connection with the sale of Telcordia by SAIC.

**Response:**

## DOCUMENT REQUEST NO. 9.

All documents referring and/or relating to the analysis of Telcordia's patents in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

## DOCUMENT REQUEST NO. 10.

All documents referring and/or relating to the analysis of the Patents-In-Suit in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

## DOCUMENT REQUEST NO. 11.

All documents referring and/or relating to the financial value of Telcordia's claims against Lucent in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-875-GMS.

**Response:**

### DOCUMENT REQUEST NO. 12.

All documents referring and/or relating to the financial value of Telcordia's claims against Alcatel SA et al. in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-874-GMS.

**Response:**

### DOCUMENT REQUEST NO. 13.

All documents referring and/or relating to the financial value of Telcordia's claims against CISCO Systems, Inc., in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-876-GMS.

**Response:**

### DOCUMENT REQUEST NO. 14.

All documents referring and/or relating to any analysis of Telcordia's claims against Lucent in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-875-GMS.

**Response:**

### DOCUMENT REQUEST NO. 15.

All documents referring and/or relating to any analysis of Telcordia's claims against Alcatel SA et al. in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-874-GMS.

**Response:**

**DOCUMENT REQUEST NO. 16.**

All documents referring and/or relating to any analysis of Telcordia's claims against CISCO Systems, Inc., in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-876-GMS.

**Response:**


**DOCUMENT REQUEST NO. 17.**

All documents created, generated, and/or made by J.P. Morgan referring or relating to Telcordia's patents.

**Response:**


**DOCUMENT REQUEST NO. 18.**

All documents created, generated, and/or made by J.P. Morgan referring or relating to the Patents-In-Suit.

**Response:**


**DOCUMENT REQUEST NO. 19.**

All documents created, generated, and/or made by J.P. Morgan referring or relating to Telcordia's patents in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**


**DOCUMENT REQUEST NO. 20.**

All documents created, generated, and/or made by J.P. Morgan referring or relating to the Patents-In-Suit in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

**DOCUMENT REQUEST NO. 21.**

All documents created, generated, and/or made by J.P. Morgan referring and/or relating to any analysis of Telcordia's claims against Lucent in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-875-GMS, in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

**DOCUMENT REQUEST NO. 22.**

All documents created, generated, and/or made by J.P. Morgan referring and/or relating to any analysis of Telcordia's claims against Alcatel SA et al. in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-874-GMS, in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

**DOCUMENT REQUEST NO. 23.**

All documents created, generated, and/or made by J.P. Morgan referring and/or relating to any analysis of Telcordia's claims against CISCO Systems, Inc., in the litigation filed in the United States District Court for the District of Delaware on July 16, 2004, Civil Action Number 04-876-GMS in connection with the acquisition of Telcordia by Providence and/or Warburg.

**Response:**

## CERTIFICATE OF SERVICE

I, Karen E. Keller, hereby certify that on January 12, 2006, a true and correct copy of the

foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which will send

notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> Ashby & Geddes
> 222 Delaware Avenue
> P.O. Box 1150
> Wilmington, DE 19899

I further certify that I caused a copy of the foregoing document to be served by

hand delivery on the above-listed counsel of record and on the following non-registered participants in the

manner indicated:

### BY FEDERAL EXPRESS

> Donald R. Dunner, Esquire
> Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
> 901 New York Ave., N.W.
> Washington, DC 20001

> York M. Faulkner, Esquire
> Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
> Two Freedom Square
> 11955 Freedom Drive
> Reston, VA 20190

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899-0391
(302) 571-6600

*Attorneys for Lucent Technologies Inc.*