**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC. | ) | |
|       Plaintiff/Counterclaim Defendant, | ) ) ) | |
| v. | ) | Civil Action No. 04-874-GMS |
| ALCATEL USA, INC., | ) ) ) | |
|       Defendant/Counterclaim Plaintiff. | ) ) | |
| TELCORDIA TECHNOLOGIES, INC. | ) ) | |
|       Plaintiff/Counterclaim Defendant, | ) ) ) | |
| v. | ) | Civil Action No. 04-875-GMS |
| LUCENT TECHNOLOGIES, INC., | ) ) ) | |
|       Defendant/Counterclaim Plaintiff. | ) ) | |
| TELCORDIA TECHNOLOGIES, INC. | ) ) | |
|       Plaintiff/Counterclaim Defendant, | ) ) ) | |
| v. | ) | Civil Action No. 04-876-GMS |
| CISCO SYSTEMS, INC., | ) ) ) | |
|       Defendant/Counterclaim Plaintiff. | ) ) | |

**REVISED SCHEDULING ORDER**

**REVISED SCHEDULING ORDER**

This _____ day of _____, 2006, the parties in Civil Action Nos. 04-874-GMS, 04-875-GMS, and 04-876-GMS having submitted this Revised Scheduling Order to the Court following its conference on January 5, 2006, and the parties in each case respectively having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

And WHEREAS, on January 5, 2006, the Court ordered Telcordia to substantially reduce its lists of newly accused products (i.e., products accused for the first time in December 2005), and the parties to meet and confer concerning a revised case schedule, the parties agree to the revised dates set forth below subject to the parties filing a joint stipulation or stipulations (which they expect to file in short order) accurately reflecting the products that Telcordia has removed from its list of newly accused products in each case and the accused products that remain on the list in each case, and reserve the right to revisit the dates agreed to below if the parties are unable to reach agreement;

IT IS ORDERED that in each case:

1. **Reliance Upon Advice of Counsel**. Defendants shall inform Telcordia whether they intend to rely upon advice of counsel as a defense to willful infringement no later than 14 days after the Court enters its claim construction order. If any Defendant elects to rely on advice of counsel as a defense to willful infringement, that Defendant shall produce any such opinions on which that Defendant intends to rely to Telcordia by no later than 14 days after the Court enters its claim construction order. If any Defendant elects to rely on advice of counsel as a defense to willful infringement, Telcordia may take discovery relating solely to that advice of

1

counsel after such election. All such discovery shall be initiated so that it will be completed on or before 60 days after the Defendant produces the opinions on which it intends to rely.

    2.  *Markman* **Claim Construction Hearing**. A *Markman* claim construction hearing shall be held on April 26, 2006 at 10:00 am. Following entry of this Revised Scheduling Order, the parties shall continue to discuss disputed claim terms and proposed constructions of those terms , and to meet and confer regarding narrowing and reducing the number of claim construction issues. The parties shall submit a final joint claim chart which shall include citations to intrinsic evidence on or before February 17, 2006. The parties shall exchange opening claim construction briefs on March 3, 2006, and answering briefs on March 24, 2006. The parties shall submit two sets of the final joint claim chart and claim construction briefs to chambers, in binders, after the answering briefs are submitted.

    3.  **Discovery**. All fact discovery in these cases shall be initiated so that it will be completed on or before May 24, 2006, except as otherwise provided in paragraph 1. Expert discovery shall be initiated so that it will be completed on or before August 7, 2006. Opening expert reports of the party bearing the burden of proof shall be served on or before June 12, 2006; answering expert reports shall be served on or before July 12, 2006; and reply expert reports, if necessary, shall be served on or before July 19, 2006.

    (a)  **Discovery Matters**. Should counsel find they are unable to resolve a discovery matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than 48 hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the Court a letter agenda not to exceed two pages outlining the issues in dispute. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court shall order the party seeking

relief to file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file, within five days from the date of service of the opening letter, an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three days from the date of service of the answering letter.

    4.    **Confidential Information and Papers Filed under Seal**. Should counsel find it necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 20 days from the date of entry of this Order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If, after making a diligent effort, the parties are unable to agree on the contents of a joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 3(a).**

    5.    **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

    6.    **Summary Judgment Motions**. Prior to filing any summary judgment motion, a party must submit a letter brief to the Court seeking permission to file the motion. The opening letter brief shall be no longer than five pages and shall be filed with the Court no later than August 11, 2006. Answering letter briefs shall be no longer than five pages and filed with

the Court no later than 14 days thereafter. Reply letter briefs shall be no longer than three pages and filed with the Court no later than 10 days thereafter. The Court shall hold a teleconference to hear argument and determine whether the filing of any motion will be permitted on September 18, 2006 at 10:00 a.m. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in this paragraph.**

       7.    **Case Dispositive Motions**. Should the Court permit the filing of any summary judgment motion, an opening brief and affidavits, if any, in support of each motion, shall be served and filed within 15 days after the Court permits such motion. Answering briefs and supporting affidavits, if any, shall be served and filed within 15 days after service of opening briefs, and reply briefs shall be filed within 15 days after service of the answering briefs. Parties must submit an original and two (2) copies.

       8.    **Applications by Motion**. Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

       9.    **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

       10.    **Status/*Daubert* Conference**. On or before August 11, 2006, the parties shall submit a joint agenda identifying any *Daubert* issues that the parties intend to raise. The Court will hold a telephone conference on September 6, 2006 at 2:00 p.m. to discuss *Daubert* issues identified in the joint agenda.

11.     **Pretrial Conference**. On March 15, 2007, the Court will hold a pretrial conference in Chambers with counsel beginning at 10:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). Thirty days before the joint proposed pretrial orders are due, counsel for Telcordia shall forward to counsel for each Defendant a draft of the proposed pretrial order containing the information Telcordia proposes to include. Fifteen days before the joint proposed pretrial orders are due, counsel for such Defendant shall, in turn, provide to counsel for Telcordia any comments on Telcordia's draft as well as the information Defendants propose to include. Motions *in limine*: No party shall file more than 10 motions *in limine*. Opening briefs are to be filed on or before February 1, 2007, answering briefs are to be filed on or before February 15, 2007, and reply briefs are to be filed on or before February 22, 2007. Opening and answering briefs shall not exceed five pages and reply briefs shall not exceed three pages. The parties shall file with the Court the joint proposed final pretrial orders with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before close of business on February 16, 2007.

12.     **Trial**. Trials are scheduled in these cases for the period of April 16, 2007 through May 25, 2007 with the order and structure to be determined.

13.     **Scheduling**. The parties shall direct any request or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

                                                                    _____
                                                                    Honorable Gregory M. Sleet
                                                                    United States District Judge

165932.1