IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-875-GMS |
| | ) | |
| LUCENT TECHNOLOGIES INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT LUCENT TECHNOLOGIES INC.'S THIRD NOTICE OF 30(B)(6) DEPOSITION TO PLAINTIFF TELCORDIA TECHNOLOGIES, INC.**

PLEASE TAKE NOTICE that on April 11, 2006, Defendant Lucent Technologies Inc. ("Lucent") will take, pursuant to Federal Rule of Civil Procedure 30(b)(6), the deposition upon oral examination of Plaintiff Telcordia Technologies Inc. ("Telcordia"), at the offices of Young Conway Stargatt & Taylor, The Brandywine Building 1000 West Street, 17th Floor, Wilmington, Delaware 19801. The deposition will take place before a duly-qualified notary public or other officer authorized by law to administer oaths. Telcordia shall designate one or more officers, agents or other persons who can testify on its behalf as to all matters known or reasonably available to the corporation regarding the matters set forth in Exhibit A hereto.

The deposition will commence at 9:00 A.M. on April 11, 2006, and will continue day to day until completed. The deposition shall be recorded by stenographic means and may also be videotaped. The deposition will be conducted in accordance with the Federal Rules of Civil Procedure.

                Respectfully submitted,

                _____
                John W. Shaw (No. 3362)
                *jshaw@ycst.com*
                Karen E. Keller (No. 4489)
                *kkeller@ycst.com*
                Monté T. Squire (No. 4764)
                *msquire@ycst.com*
                **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                The Brandywine Building
                1000 West Street, 17th Floor

Of Counsel:                Wilmington, Delaware  19899-0391
                (302) 571-6600
Steven C. Cherny        *Attorneys for Lucent Technologies Inc.*
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200

David Nelson
Israel Sasha Mayergoyz
Latham & Watkins LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700


Dated:  February 24, 2006

## SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

1.  For all of the topics, the Definitions and Instructions set forth in Lucent's First Set of Interrogatories to Plaintiff apply as if fully set forth herein.

2.  The term "asserted patents" shall mean U.S. Patent Nos. 4,893,306; Re. 36,633; 5,260,978; and 4,835,763.

3.  The term "'306 patent" shall mean U.S. Patent No. 4,893,306.

4.  The term "'763 patent" shall mean U.S. Patent No. 4,835,763.

5.  The term "'633 patent" shall mean U.S. Patent No. Re. 36,633.

6.  The term "'978 patent" shall mean U.S. Patent No. 5,260,978.

7.  The term "ANSI" shall mean "American National Standards Institute."

8.  The term "ITU" shall mean "International Telecommunication Union.".

9.  "Lucent" shall include all subsidiaries, affiliates, and predecessors, and specifically shall include Ascend Communications, Inc., Cascade Communications Corp., and Yurie Systems, Inc.

10. "Cascade" shall mean Cascade Communications Corp.

11. "Ascend" shall mean Ascend Communications, Inc.

12. "Yurie" shall mean Yurie Systems, Inc.

13. "Lucent product" shall mean any product made, used, sold, or offered for sale by Lucent.

14. "Cascade product" shall mean any product made, used, sold, or offered for sale by Cascade Communications Corp.

15.     "Ascend product" shall mean any product made, used, sold, or offered for sale by Ascend Communications, Inc.

16.     "Yurie product" shall mean any product made, used, sold, or offered for sale by Yurie Systems, Inc.

17.     The term "aware" shall mean when Telcordia had actual notice that any Lucent product, Cascade products, Ascend products, or Yurie products were allegedly infringing the asserted patents. *See, e.g., Advanced Cardiovascular Sys., Inc., v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1161 (Fed. Cir. 2003).

# EXHIBIT A

## TOPICS OF THE DEPOSITION

### TOPIC NO. 1.

All facts and circumstances relating to Telcordia sending a letter on April 12, 1999, to Lucent and "most if not all other members of the ATM Forum" informing Lucent and other members of the ATM forum regarding U.S. Patent No. 4,893,306. *Telcordia Technologies, Inc.'s Seventh Supplemental Response to Lucent Technologies Inc.'s First Set of Interrogatories at 6.*

### TOPIC NO. 2.

All facts and circumstances relating to Bellcore sending a January 8, 1997 letter entitled "Licensing of Bellcore's ATM patent portfolio" to Lucent, Cascade, and Yurie. *See BEL 044315-17; BEL 044091-92; BEL 044185-86.*

### TOPIC NO. 3.

The identity of all parties who received a letter from Bellcore titled "Licensing of Bellcore's ATM patent portfolio" and all reasons as to why Telcordia sent the letter to such parties.

### TOPIC NO. 4.

All licenses and attempts to license the asserted patents, including but not limited to the licenses identified in *Telcordia Technologies, Inc.'s Fifth Supplemental Response to Lucent Technologies Inc.'s First Set of Interrogatories at 38-39.*

### TOPIC NO. 5.

Telcordia's licensing and enforcement practices, including all licenses and attempts to license any patents related to data network products, processes, or technologies, and/or packet processing products.

### TOPIC NO. 6.

The structure, function, operation, and purpose of Telcordia's Intellectual Capital Products organization.

### TOPIC NO. 7.

Telcordia's statement that its "U.S. Patent No. 5,260,978 for Synchronous Residual Timestamp (SRTS) Timing Recovery in a Broadband Network may apply to the ATM Adaptation Layer Type 1 (AAL1) ANSI Standard (T1.630-1993) references in Section 3.4 of [ATM Forum Circuit Emulation Service Interoperability Specification, Version 2.0, af-vtoa-0078.000, January 1997]." Ex. A.

**TOPIC NO. 8.**

Telcordia's compliance with the patent policies of the standards setting bodies of which Telcordia is or has been a member (such as the ATM Forum, ANSI, and ITU), including Telcordia's policy of making its "patents . . . available for licensing on a non-exclusive and nondiscriminatory basis and at reasonable royalties." *See Feb. 3, 1995 ATM Forum Patent Declaration of Bellcore.*

**TOPIC NO. 9.**

All facts and circumstances relating to Telcordia's statement that the following offer is non-exclusive, nondiscriminatory, and reasonable:

> Telcordia offers a license to the '633 patent at (a) a lump sum payment of $250,000 and a 2% royalty on all sales, (b) a lump sum payment of $175,000 and a 2.5% royalty on all sales, or (c) a lump sum payment of $100,000 and a 3% royalty on all sales. The current offer includes a release for past infringement and requires a minimum annual royalty payment that varies from $50,000 to $500,000 depending on the licensee's size.

*Telcordia Technologies, Inc.'s Second Supplemental Response to Lucent Technologies Inc.'s Second Set of Interrogatories (Nos. 8-9) at 7.*

**TOPIC NO. 10.**

The identity of each party that has taken a license from Telcordia under the terms set forth in Topic No. 9, including the identification of all such licenses.

**TOPIC NO. 11.**

Telcordia's belief that offering a license to the '633 patent only to the ATM equipment manufactures rather than to the silicon manufacturers satisfies Telcordia's statement it is willing to license the '633 patent on a "non-exclusive and nondiscriminatory basis and at reasonable royalties." *Telcordia Technologies, Inc.'s Second Supplemental Response to Lucent Technologies Inc.'s Second Set of Interrogatories (Nos. 8-9) at 7-8.*

**TOPIC NO. 12.**

All facts and circumstances relating to Telcordia's statement that "[w]here an infringer does not accept Telcordia's offers to license, engages in significant infringement (current or past), and forces Telcordia into litigation, Telcordia expects the infringer to pay a larger lump sum payment and a higher royalty rate, which Telcordia believes are non-discriminatory and reasonable for that class of potential licensees." *Telcordia Technologies, Inc.'s Second Supplemental Response to Lucent Technologies Inc.'s Second Set of Interrogatories (Nos. 8-9) at 8.*

## TOPIC NO. 13.

The amount of the "larger lump sum payment and higher royalty rate" that Telcordia expects an infringer of the '633 patent to pay. *Telcordia Technologies, Inc.'s Second Supplemental Response to Lucent Technologies Inc.'s Second Set of Interrogatories (Nos. 8-9) at 8.*

## TOPIC NO. 14.

The identity of each party that has taken a license from Telcordia under the conditions set forth in Topic No. 12.

## TOPIC NO. 15.

The date and circumstances relating to each offer by Telcordia to license the '633 patent to Lucent, Ascend, Cascade, and/or Yurie.

## TOPIC NO. 16.

The date and circumstances relating to each offer by Telcordia to license the '763 patent to Lucent, Ascend, Cascade, and/or Yurie.

## TOPIC NO. 17.

The date and circumstances relating to each offer by Telcordia to license the '306 patent to Lucent, Ascend, Cascade, and/or Yurie.

## TOPIC NO. 18.

Telcordia's statement that the "enforcement and licensing of the SRTS patent is worth more today than any other IP held by Telcordia." Ex. B.

## TOPIC NO. 19.

All dates on which and circumstances under which Telcordia provided notice of each asserted patent to Lucent.

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on February 24, 2006, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esquire
>John G. Day, Esquire
>Ashby & Geddes
>222 Delaware Avenue
>P.O. Box 1150
>Wilmington, DE 19899

I further certify that I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

>Donald R. Dunner, Esquire
>Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
>901 New York Ave., N.W.
>Washington, DC 20001

>York M. Faulkner, Esquire
>Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
>Two Freedom Square
>11955 Freedom Drive
>Reston, VA 20190

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
jshaw@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
Monté T. Squire (No. 4764)
msquire@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
(302) 571-6600
*Attorneys for Lucent Technologies Inc.*