IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-875-GMS |
| | ) | |
| LUCENT TECHNOLOGIES INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LUCENT TECHNOLOGIES INC.'S FOURTH NOTICE OF 30(B)(6) DEPOSITION TO PLAINTIFF TELCORDIA TECHNOLOGIES, INC.**

PLEASE TAKE NOTICE that on April 18, 2006, Defendant Lucent Technologies Inc. ("Lucent") will take, pursuant to Federal Rule of Civil Procedure 30(b)(6), the deposition upon oral examination of Plaintiff Telcordia Technologies Inc. ("Telcordia"), at the offices of Young Conway Stargatt & Taylor, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801. The deposition will take place before a duly-qualified notary public or other officer authorized by law to administer oaths. Telcordia shall designate one or more officers, agents or other persons who can testify on its behalf as to all matters known or reasonably available to the corporation regarding the matters set forth in Exhibit A hereto.

The deposition will commence at 9:00 A.M. on April 18, 2006, and will continue day to day until completed. The deposition shall be recorded by stenographic means and may also be videotaped. The deposition will be conducted in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted,

*[signature]*

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
Monté T. Squire (No. 4764)
*msquire@ycst.com*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
(302) 571-6600
*Attorneys for Lucent Technologies Inc.*

Of Counsel:

Steven C. Cherny
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200

David Nelson
Israel Sasha Mayergoyz
Latham & Watkins LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700

Dated: February 24, 2006

## **SCHEDULE A**

### **INSTRUCTIONS AND DEFINITIONS**

1. For all of the topics, the Definitions and Instructions set forth in Lucent's First Set of Interrogatories to Plaintiff apply as if fully set forth herein.

2. The term "asserted patents" shall mean U.S. Patent Nos. 4,893,306; Re. 36,633; 5,260,978; and 4,835,763.

3. The term "'306 patent" shall mean U.S. Patent No. 4,893,306.

4. The term "'763 patent" shall mean U.S. Patent No. 4,835,763.

5. The term "'633 patent" shall mean U.S. Patent No. Re. 36,633.

6. The term "'978 patent" shall mean U.S. Patent No. 5,260,978.

7. The term "ANSI" shall mean "American National Standards Institute."

8. The term "ITU" shall mean "International Telecommunication Union."

9. "Lucent" shall include all subsidiaries, affiliates, and predecessors, and specifically shall include Ascend Communications, Inc., Cascade Communications Corp., and Yurie Systems, Inc.

10. "Cascade" shall mean Cascade Communications Corp.

11. "Ascend" shall mean Ascend Communications, Inc.

12. "Yurie" shall mean Yurie Systems, Inc.

13. "Lucent product" shall mean any product made, used, sold, or offered for sale by Lucent.

14. "Cascade product" shall mean any product made, used, sold, or offered for sale by Cascade Communications Corp.

15.     "Ascend product" shall mean any product made, used, sold, or offered for sale by Ascend Communications, Inc.

16.     "Yurie product" shall mean any product made, used, sold, or offered for sale by Yurie Systems, Inc.

17.     The term "aware" shall mean when Telcordia had actual notice that any Lucent products, Cascade products, Ascend products, or Yurie products were allegedly infringing the asserted patents. *See, e.g., Advanced Cardiovascular Sys., Inc., v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1161 (Fed. Cir. 2003).

# EXHIBIT A

## TOPICS OF THE DEPOSITION

**TOPIC NO. 1.**

All facts and circumstances relating to Telcordia's statements that "dynamic time division multiplexing (DTDM) concepts were conceived by one or more of the named inventors of the '306 patent at least as early as September 17, 1987," and that the "earliest corroborated conception of the subject matter claimed in the claims of the '306 patent is at least as early as November 19, 1986." *Telcordia Technologies, Inc.'s Fifth Supplemental Response to Lucent Technologies Inc.'s First Set of Interrogatories at 33-34.*

**TOPIC NO. 2.**

All facts and circumstances relating to Telcordia's statement that the "earliest corroborated conception of the subject matter claimed in the claims of the '633 patent is at least as early as November 4, 1991." *Telcordia Technologies, Inc.'s Fifth Supplemental Response to Lucent Technologies Inc.'s First Set of Interrogatories at 34.*

**TOPIC NO. 3.**

All facts and circumstances relating to Telcordia's statement that the "earliest conception of the subject matter claimed in the claims of the '763 patent is at least as early as September 30, 1986." *Telcordia Technologies, Inc.'s Fifth Supplemental Response to Lucent Technologies Inc.'s First Set of Interrogatories at 35.*

**TOPIC NO. 4.**

The identity of each person at Bellcore who worked on dynamic time division multiplexing (DTDM), including the time period during which each person worked on DTDM, each person's responsibility in working on DTDM, each person's contribution to DTDM, and the methodology by which Bellcore determined which persons would be named as inventors regarding the patents and patent applications referenced in the section titled "RELATED APPLICATIONS" in column 1 of the '306 patent.

**TOPIC NO. 5.**

The diligence performed by Telcordia prior to asserting each of the asserted patents against Lucent, and Telcordia's bases for asserting each asserted patent against Lucent. *Telcordia Technologies, Inc.'s Seventh Supplemental Response to Lucent Technologies Inc.'s First Set of Interrogatories at 5-9.*

**TOPIC NO. 6.**

The prosecution of the applications that matured into U.S. Patent Nos. 5,260,978 and Re. 36,633, including but not limited to the reasons why each of the prior art references listed in Paragraph 86 of Lucent's Answer and Counterclaims to Telcordia's Amended Complaint were not submitted to the United States Patent and Trademark Office during the prosecution of the application that matured into U.S. Patent No. 5,260,978, and the reasons why each of those prior art references were submitted to the PTO during the prosecution of the application that matured into U.S. Patent No. Re. 36,633.

**TOPIC NO. 7.**

The prosecution of the application that matured into the '306 patent, including why the prior art references identified in Paragraphs 43, 48, 51, 54, 63, 66, 69, and 75 of Lucent's Answer and Counterclaims to Telcordia's Amended Complaint were not submitted to the United States Patent and Trademark Office during the prosecution of the application that matured into the '306 patent.

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on February 24, 2006, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esquire
>John G. Day, Esquire
>Ashby & Geddes
>222 Delaware Avenue
>P.O. Box 1150
>Wilmington, DE 19899

I further certify that I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

>**BY E-MAIL**
>
>Donald R. Dunner, Esquire
>Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
>901 New York Ave., N.W.
>Washington, DC 20001
>
>York M. Faulkner, Esquire
>Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
>Two Freedom Square
>11955 Freedom Drive
>Reston, VA 20190

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Monté T. Squire

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
Monté T. Squire (No. 4764)
*msquire@ycst.com*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
(302) 571-6600
*Attorneys for Lucent Technologies Inc.*