**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-875-GMS |
| | ) | |
| LUCENT TECHNOLOGIES INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF TELCORDIA TECHNOLOGIES, INC.'S**
**OBJECTIONS TO DEFENDANT LUCENT**
**TECHNOLOGIES INC.'S SECOND NOTICE OF 30(B)(6) DEPOSITION**

Plaintiff Telcordia Technologies Inc. ("Telcordia"), by its attorneys, hereby objects to

Defendant Lucent Technologies Inc.'s ("Lucent") Second Notice of 30(b)(6) Deposition to

Telcordia.

## OBJECTIONS TO SCHEDULE A

### GENERAL OBJECTIONS

1.     Telcordia objects to the time and location of the deposition.  Subject to its

objections, Telcordia will make available representatives at a mutually agreeable time and place.

2.     Telcordia objects to the Deposition Topics as numerous, compound, and as

encompassing multiple depositions under Federal Rule of Civil Procedure 30(a)(2)(A).

3.      Telcordia further objects to the Deposition Topics to the extent they are vague, ambiguous, incapable of reasonable ascertainment, and/or fail to describe with reasonable particularity the matters on which examination is requested.  The level and specificity of the knowledge for which Telcordia will be able to prepare a witness to testify is necessarily commensurate in scope with the specificity of the Topics.

4.      Telcordia further objects to the Deposition Topics to the extent they seek information protected from disclosure by attorney-client privilege and/or work-product immunity, or information otherwise protected from disclosure.

5.      Telcordia further objects to the Deposition Topics to the extent they seek confidential and/or proprietary information, including the proprietary information of third parties provided to Telcordia under confidentiality obligations.

6.      Telcordia further objects to the Deposition Topics to the extent that they assume facts that are not accurate, known to Telcordia, or relevant to the claims and defenses in this litigation.

7.      Telcordia further objects to the Deposition Topics to the extent that the information requested therein is not within the possession, custody, or control of Telcordia.

8.      Telcordia further objects to the Deposition Topics to the extent they are cumulative and/or duplicative.

9.      Telcordia further objects to the Deposition Topics to the extent that they call for legal conclusions.

10.     Telcordia further objects to the definitions and instructions set forth in Lucent's First Set of Interrogatories, as incorporated in Lucent's Second Notice of 30(b)(6) Deposition, to the extent that those definitions and instructions purport to impose obligations on Telcordia that

exceed the obligations imposed upon a responding party under the Federal Rules of Civil

Procedure or the applicable Local Rules.

11.    Telcordia further objects to Lucent's incorporation of the definitions and

instructions set forth in Lucent's First Set of Interrogatories to the extent that those definitions

and instructions are inapplicable to a deposition notice under Rule 30(b)(6).

12.    Telcordia incorporates its objections to the definitions and instructions set forth in

Telcordia's previous responses to Lucent's discovery requests as and for its objections to the

Deposition Topics.

13.    Telcordia objects to Lucent's definition of "aware" as inherently calling for a

legal conclusion and for being vague and ambiguous.

14.    Telcordia objects to Lucent's definition of "Lucent" as being vague and

ambiguous and unduly burdensome.

15.    Telcordia objects to identifying witnesses or providing testimony concerning

information that was provided or learned as a result of any OSMINE or certification process

because third parties, including Lucent, have placed certain restrictions on Telcordia's use of this

information for purposes other than OSMINE or certification.

16.    Telcordia's responses will be based on Telcordia's present knowledge,

information, and belief and may be subject to change or modification based on Telcordia's

further discovery, or on facts or circumstances that may come to Telcordia's knowledge.

Telcordia assumes no obligation to supplement its responses, however, beyond those imposed by

the Federal Rules of Civil Procedure and/or this Court's Local Rules.

17.    Telcordia's responses are made solely for the purposes of this action.

18.    Telcordia objects to the use, including use by other parties, of any testimony from

the noticed deposition in separate cases, such as the pending suits against Alcatel and Cisco

(Telcordia Technologies, Inc. v. Alcatel USA, Inc., Civil Action No. 04-874-GMS and Telcordia

Technologies, Inc. v. Cisco Systems, Inc., Civil Action No. 04-876-GMS).

19.    These general objections apply to all of Telcordia's responses to the Deposition

Topics.  To the extent that specific objections are cited in a response, those specific citations are

provided because they are believed to be particularly applicable to the specific Deposition Topic

and are not to be construed as a waiver of any other general objection applicable to the

information falling within the scope of the request.

## OBJECTIONS TO TOPICS OF THE DEPOSITION

### Topic No. 1

> All facts and circumstances by which "a Cascade Model 500 had been
> provided to Telcordia by Ascend in 1999 in connection with certain
> testing Telcordia performed for Ascend," see Ex. A, including the type of
> testing performed, the purposes of such testing, identification of
> individuals at Telcordia that performed such testing, and the
> communication of the results of such testing.

### Response:

Telcordia incorporates by reference each of the applicable general objections as though

fully set forth herein.

Telcordia objects to identifying witnesses or providing testimony concerning information

that was provided or learned as a result of any OSMINE or certification process because third

parties, including Lucent, have placed certain restrictions on Telcordia's use of this information

for purposes other than OSMINE or certification.

Telcordia objects to this topic to the extent it seeks information that is protected by

attorney-client privilege or work product immunity.

4

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 2**

All facts and circumstances relating to "testing of Telcordia's Network Configuration Manager Software product at one of Telcordia's customer sites" that "related to the provisioning of certain Asynchronous Transfer Mode (ATM) features of an Ascend CBX 500 switch at the customer site" in March 1999. Telcordia Technologies, Inc. Seventh Supplemental Response to Lucent Technologies Inc. 's First Set of Interrogatories at 6.

**Response**:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third

parties, including Lucent, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**<u>Topic No. 3</u>**

All facts and circumstances relating to Telcordia's purchase of a Lucent CBX 500 on October 16, 2000, including the purpose of such purchase and all communications between Telcordia and Lucent regarding such purchase. Telcordia Technologies, Inc. 's Seventh Supplemental Response to Lucent Technologies Inc. 's First Set of Interrogatories at 7.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Lucent, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 4**

The identity of all Cascade products that (1) "map packetized data into SONET frames"; (2) were or are "capable of using SRTS standard clock recovery technique"; or (3) perform or performed "UPSR, including by complying with GR-1400," that Telcordia owns or has owned, including the dates by which and circumstances under which Telcordia came to own such products, all reasons for Telcordia's ownership of such products, all manners in which Telcordia used such products, and all testing performed by Telcordia on such products.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Lucent, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 5**

> The identity of all Ascend products that (1) "map packetized data into SONET frames"; (2) were or are "capable of using SRTS standard clock recovery technique"; or (3) perform or performed "UPSR, including by complying with GR-1400," that Telcordia owns or has owned, including the dates by which and circumstances under which Telcordia came to own such products, all reasons for Telcordia's ownership of such products, all manners in which Telcordia used such products, and all testing performed by Telcordia on such products.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Lucent, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

9

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## Topic No. 6

The identity of all Yurie products that (1) "map packetized data into SONET frames"; (2) were or are "capable of using SRTS standard clock recovery technique"; or (3) perform or performed "UPSR, including by complying with GR-1400," that Telcordia owns or has owned, including the dates by which and circumstances under which Telcordia came to own such products, all reasons for Telcordia's ownership of such products, all manners in which Telcordia used such products, and all testing performed by Telcordia on such products.

## Response:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Lucent, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 7**

The identity of all Lucent products that (1) "map packetized data into SONET frames"; (2) were or are "capable of using SRTS standard clock recovery technique"; or (3) perform or performed "UPSR, including by complying with GR-1400," that Telcordia owns or has owned, including the dates by which and circumstances under which Telcordia came to own such products, all reasons for Telcordia's ownership of such products, all manners in which Telcordia used such products, and all testing performed by Telcordia on such products.

**Response:**

      Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

      Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Lucent, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

      Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

      Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

      Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

      Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

      Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

      Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 8.**

> The identity of all AT & T products that (1) "map packetized data into SONET frames"; (2) were or are "capable of using SRTS standard clock recovery technique"; or (3) perform or performed "UPSR, including by complying with GR-1400," that Telcordia owns or has owned, including the dates by which and circumstances under which Telcordia came to own such products, all reasons for Telcordia's ownership of such products, all manners in which Telcordia used such products, and all testing performed by Telcordia on such products.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Lucent, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 9**

The date and complete factual circumstances relating to when Telcordia first became aware that any Lucent product was capable of:

(1)     mapping Packetized Data into SONET frames; and/or

(2)     practicing the Synchronous Residual Time Stamp technology disclosed in the ATM Forum Standard (see, e.g., af-vtoa-0078.000 Section 3.4.1), the JTU-T Standard L363.l (see, e.g.. Section 2.5.2.2.2), and/or the ANSI TI .630 standard (see, e.g., Section 5 referencing 1.363.1); and/or

(3)     performing unidirectional path switched ring automatic protection switching and/or complying with GR-l 400 (see, e.g., GR-1400 Issue 1, Revision 1, Section 3);

Including, for (1) through (3), the identification of all documents referring or relating to such knowledge and the identification of all persons having such knowledge.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third

parties, including Lucent, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic as vague and ambiguous with regard to the phrases "circumstances" and "first became aware."

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**<u>Topic No. 10</u>**

The date and complete factual circumstances relating to when Telcordia first became aware that any Cascade product was capable of:

(1)    mapping Packetized Data into SONET frames; and/or

(2)    practicing the Synchronous Residual Time Stamp technology disclosed in the ATM Forum Standard (see, e.g., af-vtoa~0078.000

Section 3.4.1), the ITU-T Standard I.363.1 (see, e.g., Section 2.5.2.2.2), and/or the ANSI T1 .630 standard (see, e.g., Section 5 referencing 1.363.1); and/or

(3)    performing unidirectional path switched ring automatic protection switching and/or complying with GR-1400 (see, e.g., GR-1400 Issue 1, Revision 1, Section 3);

Including, for (1) through (3), the identification of all documents referring or relating to such knowledge and the identification of all persons having such knowledge.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Lucent, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic as vague and ambiguous with regard to the phrases "circumstances" and "first became aware."

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## Topic No. 11

The date and complete factual circumstances relating to when Telcordia first became aware that

any Ascend product was capable of:

(1)     mapping Packetized Data into SONET frames; and/or

(2)     practicing the Synchronous Residual Time Stamp technology disclosed in the ATM Forum Standard (see, e.g., af-vtoa-0078.000 Section 3.4.1), the ITU-T Standard I.363.l (see, e.g., Section 2.5.2.2.2), and/or the ANSI T1 .630 standard (see, e.g., Section 5 referencing 1.363.1); and/or

(3)     performing unidirectional path switched ring automatic protection switching and/or complying with GR-1400 (see, e.g., GR-1400 Issue 1, Revision 1, Section 3);

Including, for (I) through (3), the identification of all documents referring or relating to such knowledge and the identification of all persons having such knowledge.

## Response:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third

parties, including Lucent, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic as vague and ambiguous with regard to the phrases "circumstances" and "first became aware."

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 12**

The date and complete factual circumstances relating to when Telcordia first became aware that any Yurie product was capable of:

(1)     mapping Packetized Data into SONET frames; and/or

(2)    practicing the Synchronous Residual Time Stamp technology disclosed in the ATM Forum Standard (see, e.g., af-vtoa-0078.000 Section 3.4.1), the ITU-T Standard I.363.1 (see, e.g., Section 2.5,2.2.2), and/or the ANSI Tl .630 standard (see, e.g., Section 5 referencing 1.363.1); and/or

(3)    performing unidirectional path switched ring automatic protection switching and/or complying with GR-1400 (see, e.g., GR-l400 Issue 1, Revision 1, Section 3);

Including, for (1) through (3), the identification of all documents referring or relating to such knowledge and the identification of all persons having such knowledge.

**<u>Response</u>:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Lucent, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic as vague and ambiguous with regard to the phrases "circumstances" and "first became aware."

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## Topic No. 13

The date and complete factual circumstances relating to when Telcordia first became aware that any AT & T product was capable of:

(1)     mapping Packetized Data into SONET frames; and/or

(2)     practicing the Synchronous Residual Time Stamp technology disclosed in the ATM Forum Standard (see, e.g., af-vtoa-0078.000 Section 3.4.1), the ITU-T Standard I.363.i (see, e.g., Section 2.5.2.2.2), and/or the ANSI Ti .630 standard (see, e.g., Section 5 referencing 1.363.1); and/or

(3)     performing unidirectional path switched ring automatic protection switching and/or complying with GR-1400 (see, e.g., GR-1400 Issue 1, Revision 1, Section 3);

Including, for (1) through (3), the identification of all documents referring or relating to such knowledge and the identification of all persons having such knowledge.

## Response

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Lucent, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic as vague and ambiguous with regard to the phrases "circumstances" and "first became aware."

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 14**

All facts and circumstances regarding Telcordia's testing of any Lucent, Cascade, Ascend, or Yurie product for interoperability and/or integration with any Telcordia product, including but not limited to Telcordia's Network Element Adapters, Telcordia's Network Configuration Manager

Software, Telcordia's Inventory products, Telcordia's Adapter products, and Telcordia's Surveillance Manager products. See Telcordia Technologies, Inc.'s Seventh Supplemental Response to Lucent Technologies Inc.'s First Set of Interrogatories at 6; Ex B.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Lucent, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic as vague, ambiguous, and overbroad with regard to the phrases "interoperability" and "integration with."

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic as vague and ambiguous with regard to the phrases "circumstances" and "first became aware."

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 15**

> Advertising and sales of Telcordia products that are compatible with, interoperable with, or can be integrated with any Lucent, Cascade, Ascend, or Yurie product, including but not limited to the Telcordia products and Products Supported identified in Ex. B.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic as vague, ambiguous, and overbroad with regard to the phrases "compatible with," "interoperable with," and "can be integrated with."

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal

Rules of Civil Procedure.

**Topic No. 16**

> All facts regarding and circumstances under which Telcordia obtained information regarding the Network Termination Cards used the Products Supported in Ex. B, including but not limited to the date on which Telcordia first became aware that such Network Termination Cards are used in the Products Supported.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Lucent, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic as vague and ambiguous with regard to the phrases "circumstances" and "first became aware."

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 17**

> The date on which and circumstances under which Telcordia's first became aware that any Lucent, Cascade, Ascend, or Yurie product included or includes a SONET interface module or an OC interface module. See Telcordia Technologies, Inc.'s Sixth Supplemental Response to Lucent Technologies Inc.'s First Set of Interrogatories at 11.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Lucent, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic as vague and ambiguous with regard to the phrases "circumstances" and "first became aware."

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Steven M. Anzalone
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C.  20001
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Dated: March 10, 2006

167499.1

# CERTIFICATE OF SERVICE


I hereby certify that on the 10th day of March, 2006, the attached **TELCORDIA**

**TECHNOLOGIES, INC.'S OBJECTIONS TO DEFENDANT LUCENT**

**TECHNOLOGIES, INC.'S SECOND NOTICE OF 30(b)(6) DEPOSITION** was served upon

the below-named counsel of record at the address and in the manner indicated:


John W. Shaw, Esquire                                              HAND DELIVERY
Young Conaway Stargatt & Taylor, LLP
        The Brandywine Building
1000 West Street
Wilmington, DE  19801

Steven C. Cherny, Esquire                                    VIA ELECTRONIC MAIL
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY  10022

David A. Nelson, Esquire                                      VIA ELECTRONIC MAIL
Latham & Watkins LLP
Sears Tower, Suite 5800
Chicago, IL  60606



                                                        */s/ Tiffany Geyer Lydon*
                                              _____
                                                        Tiffany Geyer Lydon

150909.1