**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

TELCORDIA TECHNOLOGIES, INC.,     )
                                     )
         Plaintiff,           )
                                     )
     v.                       )    Civil Action No. 04-875-GMS
                                     )
LUCENT TECHNOLOGIES INC.,       )
                                     )
         Defendant.        )

**PLAINTIFF TELCORDIA TECHNOLOGIES, INC.'S
OBJECTIONS TO DEFENDANT LUCENT
TECHNOLOGIES INC.'S THIRD NOTICE OF 30(b)(6) DEPOSITION**

Plaintiff Telcordia Technologies Inc. ("Telcordia"), by its attorneys, hereby objects and responds to Defendant Lucent Technologies Inc.'s ("Lucent") Third Notice of 30(b)(6) Deposition to Telcordia.

**OBJECTIONS TO SCHEDULE A**

**GENERAL OBJECTIONS**

1.      Telcordia objects to the time and location of the deposition.  Subject to its objections, Telcordia will make available representatives at a mutually agreeable time and place.

2.      Telcordia objects to the Deposition Topics as numerous, compound, and as encompassing multiple depositions under Federal Rule of Civil Procedure 30(a)(2)(A).

3.     Telcordia further objects to the Deposition Topics to the extent they are vague, ambiguous, incapable of reasonable ascertainment, and/or fail to describe with reasonable particularity the matters on which examination is requested.  The level and specificity of the knowledge for which Telcordia will be able to prepare a witness to testify is necessarily commensurate in scope with the specificity of the Topics.

4.     Telcordia further objects to the Deposition Topics to the extent they seek information protected from disclosure by attorney-client privilege and/or work-product immunity, or information otherwise protected from disclosure.

5.     Telcordia further objects to the Deposition Topics to the extent they seek confidential and/or proprietary information, including the proprietary information of third parties provided to Telcordia under confidentiality obligations.

6.     Telcordia further objects to the Deposition Topics to the extent that they assume facts that are not accurate, known to Telcordia, or relevant to the claims and defenses in this litigation.

7.     Telcordia further objects to the Deposition Topics to the extent that the information requested therein is not within the possession, custody, or control of Telcordia.

8.     Telcordia further objects to the Deposition Topics to the extent they are cumulative and/or duplicative.

9.     Telcordia further objects to the Deposition Topics to the extent that they call for legal conclusions.

10.     Telcordia further objects to the definitions and instructions set forth in Lucent's First Set of Interrogatories, as incorporated in Lucent's Third Notice of 30(b)(6) Deposition, to the extent that those definitions and instructions purport to impose obligations on Telcordia that

exceed the obligations imposed upon a responding party under the Federal Rules of Civil Procedure or the applicable Local Rules.

11.    Telcordia further objects to Lucent's incorporation of the definitions and instructions set forth in Lucent's First Set of Interrogatories to the extent that those definitions and instructions are inapplicable to a deposition notice under Rule 30(b)(6).

12.    Telcordia incorporates its objections to the definitions and instructions set forth in Telcordia's previous responses to Lucent's discovery requests as and for its objections to the Deposition Topics.

13.    Telcordia objects to Lucent's definition of "aware" as inherently calling for a legal conclusion and for being vague and ambiguous.

14.    Telcordia objects to Lucent's definition of "Lucent" as being vague and ambiguous and unduly burdensome.

15.    Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Lucent, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

16.    Telcordia's responses will be based on Telcordia's present knowledge, information, and belief and may be subject to change or modification based on Telcordia's further discovery, or on facts or circumstances that may come to Telcordia's knowledge. Telcordia assumes no obligation to supplement its responses, however, beyond those imposed by the Federal Rules of Civil Procedure and/or this Court's Local Rules.

17.    Telcordia's responses are made solely for the purposes of this action.

18.    Telcordia objects to the use, including use by other parties, of any testimony from

the noticed deposition in separate cases, such as the pending suits against Alcatel and Cisco

(Telcordia Technologies, Inc. v. Alcatel USA, Inc., Civil Action No. 04-874-GMS and Telcordia

Technologies, Inc. v. Cisco Systems, Inc., Civil Action No. 04-876-GMS).

19.    These general objections apply to all of Telcordia's responses to the Deposition

Topics.  To the extent that specific objections are cited in a response, those specific citations are

provided because they are believed to be particularly applicable to the specific Deposition Topic

and are not to be construed as a waiver of any other general objection applicable to the

information falling within the scope of the request.

## OBJECTIONS TO TOPICS OF THE DEPOSITION

**Topic No. 1**

> All facts and circumstances relating to Telcordia sending a letter on April
> 12, 1999, to Lucent and "most if not all other members of the ATM
> Forum" informing Lucent and other members of the ATM forum
> regarding U.S. Patent No. 4,893,306. Telcordia Technologies, Inc.'s
> Seventh Supplemental Response to Lucent Technologies Inc. 's First Set
> of Interrogatories at 6.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though

fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by

attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks

information not related to a claim or defense of any party to this action, the patents-in-suit, or

accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims

that have not been asserted against Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 2**

> All facts and circumstances relating to Bellcore sending a January 8, 1997 letter entitled "Licensing of Bellcore's ATM patent portfolio" to Lucent, Cascade, and Yurie. See BEL 044315-1 7; BEL 044091-92; BEL 044185-86.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 3**

> The identity of all parties who received a letter from Bellcore titled "Licensing of Bellcore's ATM patent portfolio" and all reasons as to why Telcordia sent the letter to such parties.

**Response**:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all parties" and "all reasons" during the deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 4**

All licenses and attempts to license the asserted patents, including but not limited to the licenses identified in Telcordia Technologies. Inc.'s Fifth Supplemental Response to Lucent Technologies Inc.'s First Set of Interrogatories at 38-39.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all licenses and attempts to license" during the deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 5**

Telcordia's licensing and enforcement practices, including all licenses and attempts to license any patents related to data network products, processes, or technologies, and/or packet processing products.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all licenses and attempts to license" during the deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 6**

The structure, function, operation, and purpose of Telcordia's Intellectual Capital Products organization.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 7**

Telcordia's statement that its "U.S. Patent No. 5,260,978 for Synchronous Residual Timestamp (SRTS) Timing Recovery in a Broadband Network may apply to the ATM Adaptation Layer Type 1 (AAL1) ANSI Standard (T1.630-1993) references in Section 3.4 of [ATM Forum Circuit Emulation Service Interoperability Specification, Version 2.0, af-vtoa-0078.000, January 1997]."  Ex. A.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

**Topic No. 8**

> Telcordia's compliance with the patent policies of the standards setting bodies of which Telcordia is or has been a member (such as the ATM Forum, ANSI, and ITU), including Telcordia's policy of making its "patents. . . available for licensing on a non-exclusive and nondiscriminatory basis and at reasonable royalties" See Feb. 3, 1995 ATM Forum Patent Declaration of Bellcore.

**Response**:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

**Topic No. 9**

All facts and circumstances relating to Telcordia's statement that the following offer is non-exclusive, nondiscriminatory, and reasonable:

Telcordia offers a license to the '633 patent at (a) a lump sum payment of $250,000 and a 2% royalty on all sales, (b) a lump sum payment of $175,000 and a 2.5% royalty on all sales, or (c) a lump sum payment of $100,000 and a 3% royalty on all sales. The current offer includes a release for past infringement and requires a minimum annual royalty payment that varies from $50,000 to $500,000 depending on the licensee's size.

Telcordia Technologies, Inc. 's Second Supplemental Response to Lucent Technologies Inc.'s Second Set of Interrogatories (Nos. 8-9) at 7.

**Response**:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

**Topic No. 10**

The identity of each party that has taken a license from Telcordia under the terms set forth in Topic No. 9, including the identification of all such licenses.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires "identification of all such licenses" during the deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 11**

Telcordia's belief that offering a license to the '633 patent only to the ATM equipment manufactures rather than to the silicon manufacturers satisfies Telcordia's statement it is willing to license the '633 patent on a

"non-exclusive and nondiscriminatory basis and at reasonable royalties."
Telcordia Technologies, Inc.'s Second Supplemental Response to Lucent
Technologies Inc.'s Second Set of Interrogatories (Nos. 8-9) at 7-8.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though
fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by
attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks
information not related to a claim or defense of any party to this action, the patents-in-suit, or
accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims
that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's
possession, custody, or control that is subject to agreement, court order, or other duty preventing
disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with
depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of
Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth
in the Federal Rules of Civil Procedure.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in
violation of the Scheduling Order to the extent it may require Telcordia to designate expert
witnesses or provide expert testimony on this topic.

**Topic No. 12**

> All facts and circumstances relating to Telcordia's statement that "[w]here an infringer does not accept Telcordia's offers to license, engages in significant infringement (current or past), and forces Telcordia into litigation, Telcordia expects the infringer to pay a larger lump sum payment and a higher royalty rate, which Telcordia believes are non-discriminatory and reasonable for that class of potential licensees." Telcordia Technologies, Inc.'s Second Supplemental Response to Lucent Technologies Inc.'s Second Set of Interrogatories (Nos. 8-9) at 8.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of

Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

## Topic No. 13

The amount of the "larger lump sum payment and higher royalty rate" that Telcordia expects an infringer of the '633 patent to pay. Telcordia Technologies, Inc.'s Second Supplemental Response to Lucent Technologies Inc. 's Second Set of Interrogatories (Nos. 8-9) at 8.

## Response:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to designating a deponent to merely identify an amount when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

**Topic No. 14**

The identity of each party that has taken a license from Telcordia under the conditions set forth in Topic No. 12.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 15**

The date and circumstances relating to each offer by Telcordia to license the '633 patent to Lucent, Ascend, Cascade, and/or Yurie.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of

Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 16**

> The date and circumstances relating to each offer by Telcordia to license the '763 patent to Lucent, Ascend, Cascade, and/or Yurie.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

**Topic No. 17**

> The date and circumstances relating to each offer by Telcordia to license the '306 patent to Lucent, Ascend, Cascade, and/or Yurie.

**Response:**

      Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

      Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

      Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

      Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

      Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

      Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 18**

      Telcordia's statement that the "enforcement and licensing of the SRTS patent is worth more today than any other IP held by Telcordia." Ex. B.

**Response:**

      Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

**Topic No. 19**

All dates on which and circumstances under which Telcordia provided notice of each asserted patent to Lucent.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all dates" during the deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## OBJECTIONS AND RESPONSES TO SCHEDULE B

## GENERAL OBJECTIONS

1.      Telcordia objects to the Instructions and Definitions as they circularly refer to "Definitions and Instructions set forth in Schedule B."

2.      Telcordia incorporates its objections to Schedule A as and for its objections to Schedule B.

3.      Telcordia further objects to the definitions and instructions set forth in Lucent's First Request for the Production of Documents and Things, as incorporated in Lucent's Third Notice of 30(b)(6) deposition, to the extent that those definitions and instructions purport to impose obligations on Telcordia that exceed the obligations imposed upon a responding party under the Federal Rules of Civil Procedure or the applicable Local Rules.

4.      Telcordia further objects to Lucent's incorporation of the definitions and instructions set forth in the Lucent's First Request for the Production of Documents and Things to the extent that those definitions and instructions are inapplicable to a request for documents contained in a deposition notice under Rule 30(b)(6).

5.      Telcordia incorporates its objections to the definitions and instructions set forth this and in Telcordia's previous responses to Lucent's discovery requests as and for its objections to the Instructions and Definitions set forth in Schedule B.

## OBJECTIONS TO DOCUMENT REQUEST

**Document Request No. 1:**

> All documents that have been referred to by Telcordia in preparing for this deposition, or that are the source of information that Telcordia expects to provide in response to this Deposition Notice.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this request to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this request to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Steven M. Anzalone
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C.  20001
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Dated: March 10, 2006

167500.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2006, the attached **TELCORDIA**

**TECHNOLOGIES, INC.'S OBJECTIONS TO DEFENDANT LUCENT**

**TECHNOLOGIES, INC.'S THIRD NOTICE OF 30(b)(6) DEPOSITION** was served upon

the below-named counsel of record at the address and in the manner indicated:


John W. Shaw, Esquire                                    HAND DELIVERY
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street
Wilmington, DE  19801

Steven C. Cherny, Esquire                               VIA ELECTRONIC MAIL
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY  10022

David A. Nelson, Esquire                                VIA ELECTRONIC MAIL
Latham & Watkins LLP
Sears Tower, Suite 5800
Chicago, IL  60606


                                        */s/ Tiffany Geyer Lydon*
                                        _____
                                        Tiffany Geyer Lydon