**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-875-GMS |
| | ) |
| LUCENT TECHNOLOGIES INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF TELCORDIA TECHNOLOGIES, INC.'S**
**OBJECTIONS TO DEFENDANT LUCENT**
**TECHNOLOGIES INC.'S FOURTH NOTICE OF 30(b)(6) DEPOSITION**

Plaintiff Telcordia Technologies Inc. ("Telcordia"), by its attorneys, hereby objects and responds to Defendant Lucent Technologies Inc.'s ("Lucent") Fourth Notice of 30(b)(6) Deposition to Telcordia.

**OBJECTIONS TO SCHEDULE A**

**GENERAL OBJECTIONS**

1. Telcordia objects to the time and location of the deposition. Subject to its objections, Telcordia will make available representatives at a mutually agreeable time and place.

2. Telcordia objects to the Deposition Topics as numerous, compound, and as encompassing multiple depositions under Federal Rule of Civil Procedure 30(a)(2)(A).

3. Telcordia further objects to the Deposition Topics to the extent they are vague, ambiguous, incapable of reasonable ascertainment, and/or fail to describe with reasonable particularity the matters on which examination is requested. The level and specificity of the knowledge for which Telcordia will be able to prepare a witness to testify is necessarily commensurate in scope with the specificity of the Topics.

4. Telcordia further objects to the Deposition Topics to the extent they seek information protected from disclosure by attorney-client privilege and/or work-product immunity, or information otherwise protected from disclosure.

5. Telcordia further objects to the Deposition Topics to the extent they seek confidential and/or proprietary information, including the proprietary information of third parties provided to Telcordia under confidentiality obligations.

6. Telcordia further objects to the Deposition Topics to the extent that they assume facts that are not accurate, known to Telcordia, or relevant to the claims and defenses in this litigation.

7. Telcordia further objects to the Deposition Topics to the extent that the information requested therein is not within the possession, custody, or control of Telcordia.

8. Telcordia further objects to the Deposition Topics to the extent they are cumulative and/or duplicative.

9. Telcordia further objects to the Deposition Topics to the extent that they call for legal conclusions.

10. Telcordia further objects to the definitions and instructions set forth in Lucent's First Set of Interrogatories, as incorporated in Lucent's Fourth Notice of 30(b)(6) Deposition, to the extent that those definitions and instructions purport to impose obligations on Telcordia that

exceed the obligations imposed upon a responding party under the Federal Rules of Civil Procedure or the applicable Local Rules.

11. Telcordia further objects to Lucent's incorporation of the definitions and instructions set forth in Lucent's First Set of Interrogatories to the extent that those definitions and instructions are inapplicable to a deposition notice under Rule 30(b)(6).

12. Telcordia incorporates its objections to the definitions and instructions set forth in Telcordia's previous responses to Lucent's discovery requests as and for its objections to the Deposition Topics.

13. Telcordia objects to Lucent's definition of "aware" as inherently calling for a legal conclusion and for being vague and ambiguous.

14. Telcordia objects to Lucent's definition of "Lucent" as being vague and ambiguous and unduly burdensome.

15. Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Lucent, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

16. Telcordia's responses will be based on Telcordia's present knowledge, information, and belief and may be subject to change or modification based on Telcordia's further discovery, or on facts or circumstances that may come to Telcordia's knowledge. Telcordia assumes no obligation to supplement its responses, however, beyond those imposed by the Federal Rules of Civil Procedure and/or this Court's Local Rules.

17. Telcordia's responses are made solely for the purposes of this action.

18. Telcordia objects to the use, including use by other parties, of any testimony from

the noticed deposition in separate cases, such as pending suits against Alcatel and Cisco (Telcordia Technologies, Inc. v. Alcatel USA, Inc., Civil Action No. 04-874-GMS and Telcordia Technologies, Inc. v. Cisco Systems, Inc., Civil Action No. 04-876-GMS).

19.     These general objections apply to all of Telcordia's responses to the Deposition Topics.  To the extent that specific objections are cited in a response, those specific citations are provided because they are believed to be particularly applicable to the specific Deposition Topic and are not to be construed as a waiver of any other general objection applicable to the information falling within the scope of the request.

## OBJECTIONS TO TOPICS OF THE DEPOSITION

**Topic No. 1**

> All facts and circumstances relating to Telcordia's statements that "dynamic time division multiplexing (DTDM) concepts were conceived by one or more of the named inventors of the '306 patent at least as early as September 17, 1987," and that the "earliest corroborated conception of the subject matter claimed in the claims of the '306 patent is at least as early as November 19, 1986." Telcordia Technologies, Inc.'s Fifth Supplemental Response to Lucent Technologies Inc.'s First Set of interrogatories at 33-34.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

4

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 2**

> All facts and circumstances relating to Telcordia's statement that the "earliest corroborated conception of the subject matter claimed in the claims of the '633 patent is at least as early as November 4, 1991." Telcordia Technologies, Inc.'s Fifth Supplemental Response to Lucent Technologies Inc.'s First Set of interrogatories at 34.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

5

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 3**

> All facts and circumstances relating to Telcordia's statement that the "earliest conception of the subject matter claimed in the claims of the '763 patent is at least as early as September 30, 1986." Telcordia Technologies, Inc.'s Fifth Supplemental Response to Lucent Technologies Inc.'s First Set of Interrogatories at 35.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

6

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 4**

> The identity of each person at Bellcore who worked on dynamic time division multiplexing (DTDM), including the time period during which each person worked on DTDM, each person's responsibility in working on DTDM, each person's contribution to DTDM, and the methodology by which Bellcore determined which persons would be named as inventors regarding the patents and patent applications referenced in the section titled "RELATED APPLICATIONS" in column 1 of the '306 patent.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 5**

> The diligence performed by Telcordia prior to asserting each of the asserted patents against Lucent, and Telcordia's bases for asserting each asserted patent against Lucent. Telcordia Technologies, Inc.'s Seventh Supplemental Response to Lucent Technologies Inc.'s First Set of Interrogatories at 5-9.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

8

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 6**

> The prosecution of the applications that matured into U.S. Patent Nos. 5,260,978 and Re. 36,633, including but not limited to the reasons why each of the prior art references listed in Paragraph 86 of Lucent's Answer and Counterclaims to Telcordia's Amended Complaint were not submitted to the United States Patent and Trademark Office during the prosecution of the application that matured into U.S. Patent No. 5,260,978, and the reasons why each of those prior art references were submitted to the PTO during the prosecution of the application that matured into U.S. Patent No. Re. 36,633.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 7**

> The prosecution of the application that matured into the '306 patent, including why the prior art references identified in Paragraphs 43, 48, 51, 54, 63, 66, 69, and 75 of Lucent's Answer and Counterclaims to Telcordia's Amended Complaint were not submitted to the United States Patent and Trademark Office during the prosecution of the application that matured into the '306 patent.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.


Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Steven M. Anzalone
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C.  20001
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Dated: March 10, 2006

167501.1

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2006, the attached **TELCORDIA TECHNOLOGIES, INC.'S OBJECTIONS TO DEFENDANT LUCENT TECHNOLOGIES, INC.'S FOURTH NOTICE OF 30(b)(6) DEPOSITION** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street<br>Wilmington, DE 19801 | HAND DELIVERY |
| Steven C. Cherny, Esquire<br>Latham & Watkins LLP<br>885 Third Avenue, Suite 1000<br>New York, NY 10022 | VIA ELECTRONIC MAIL |
| David A. Nelson, Esquire<br>Latham & Watkins LLP<br>Sears Tower, Suite 5800<br>Chicago, IL 60606 | VIA ELECTRONIC MAIL |

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon