IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v.   ) | Civil Action No. 04-875-GMS |
| ) | |
| LUCENT TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

**REVISED FOURTH NOTICE OF 30(b)(6) DEPOSITION TO LUCENT**

PLEASE TAKE NOTICE that beginning at 9:00 am on May 4, 2006, in the offices of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 901 New York Ave., NW, Washington, DC 20001, or at another time and place agreed upon by the parties, Plaintiff Telcordia Technologies, Inc. ("Telcordia") shall take the deposition upon oral examination of Defendant Lucent Technologies Inc. ("Lucent"). The Revised Fourth Notice of 30(b)(6) Deposition to Lucent supersedes and replaces plaintiff's Fourth Notice of 30(b)(6) Deposition to Lucent, served on March 30, 2006. Lucent is directed to produce, pursuant to Fed. R. Civ. P. 30(b)(6), one or more of its officers, directors, managing agents, employees, or other designated persons to testify on its behalf with respect to the subject maters set forth in Schedule A, attached hereto.

The testimony derived pursuant to this Notice of Deposition shall be used for any and all appropriate purposes as provided by the Federal Rules of Civil Procedure and Evidence. Pursuant to Fed. R. Civ. P. 30(b)(2), the testimony may be recorded by sound, visual, or electronic means in addition to stenographic means.

ASHBY & GEDDES

*/s/ John G. Day*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER
Two Freedom Square
11955 Freedom Square
Reston, VA  20190-5675
(650) 849-6600

Dated: April 20, 2006
168727.1

## SCHEDULE A

### DEFINITIONS

1.      All definitions and instructions set forth in Telcordia's previous discovery requests (*see, e.g.,* Telcordia's April 7, 2005 Requests for Production; Telcordia's July 22, 2005, First Notice of 30(b)(6) Deposition to Lucent) are incorporated as if set forth fully herein.

2.      For purposes of this Deposition Notice, the term "person" specifically refers to the present and past officers, employees, counsel, agents, consultants, and/or representatives of Lucent.

3.      For the purposes of this Deposition Notice, the term "Lucent" shall mean Lucent Technologies, Inc., together with all partners, directors, owners, officers, members, employees, agents, representatives, attorneys, and any other persons under the control of or related to Technologies, Inc., including all parents, divisions, subsidiaries, affiliates, sister entities, and predecessors of Technologies, Inc. The definition of "Lucent" includes, without limitation, Lucent Technologies, Inc., Cascade Communications, and Ascend Communications.

4.      The term "document" is used herein in a comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and includes electronic items such as email, compilations and databases. Any original or copy of a document containing or having attached to it any alterations, notes, comments, or other material not included in the first document shall be deemed a separate document. Any English translation of a requested document shall be deemed a separate document.

5.      The term "thing" as used in this Deposition Notice, has the same meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure, and includes every kind of

physical specimen or tangible item, other than a document, in the possession, custody or control of Lucent.

## SUBJECTS OF THE DEPOSITION

1. The dates on which Lucent, and the dates on which any company or entity acquired by Lucent, first made, used, offered for sale, and sold in the United States each of the accused products.

2. Identification and explanation of the information contained in Lucent's periodic sales, cost, and profit reports for each of the accused products.

3. Explanation of the accounting methodology employed by Lucent for the computation of net revenue, direct costs and cost of goods sold, gross margin, allocated or indirect costs and overhead, and operating profit for its networking products, including the accused products.

4. On an annual basis since the introduction of the accused products into the United States, comparison of Lucent's gross margin and operating profit from the sale of the accused products with gross margin and operating profit from the sale of Lucent's other networking products.

5. Lucent's licensing policies and practices and licenses (both inbound and outbound) with respect to networking products, including the accused products.

6. Lucent's research and development expenditures relating to the accused products and to any planned design-around of any technology disclosed by the patents-in-suit.

7. Identification of products sold in connection with the accused products, including software, add-ons, upgrades, warranties, service agreements, etc., either at the time of sale or throughout the life of the accused product.

8. Explanation of the product features and benefits promoted by Lucent in its advertising and promotional materials and product literature concerning the accused products.

9. Any facts showing that Telcordia knew of, but delayed in asserting its claims for, Lucent's alleged infringement, that Lucent relied on that delay, and that Lucent suffered prejudice or injury as a result.

10. Any facts showing that Telcordia's conduct led Lucent to believe that Telcordia would not pursue its infringement claims against Lucent, that Lucent relied on that conduct, and that Lucent suffered prejudice or injury as a result.

11. Any facts showing that Telcordia actively acquiesced in Lucent's allegedly infringing conduct, that Lucent relied on such acquiescence, and that Lucent suffered prejudice or injury as a result.

12. Any facts showing that, before the grant of the '633 patent, Lucent undertook preparations in connection with any accused products that were manufactured, used, sold, offered for sale, leased, or imported into the United States subsequent to the grant of the '633 patent.

13. Any policies or practices of Lucent for searching, investigating, designing around, or licensing the patent rights of other entities relating to networking products.

14. The dates on and circumstances under which Lucent first learned of the existence of each of the patents-in-suit, including any actions Lucent took in response; Lucent's knowledge of Telcordia's litigations against FORE Systems and Marconi Communications involving one or more the patents-in-suit; and Lucent's knowledge of Telcordia's attempts to license one or more of the patents-in-suit to Lucent or any other company.

15. The extent to which Lucent has, since Telcordia's filing of this lawsuit, modified any of the accused products in response to Telcordia's infringement claims, and any facts showing whether or not Lucent would have acted differently if Telcordia had filed this lawsuit sooner.

16. Any facts showing that Lucent purchased, made, offered to sell, or sold any accused product pursuant to any license or "have made" rights under any of the patents-in-suit.

17. Any facts showing whether or not Telcordia and/or its licensees marked any accused products under any of the patents-in-suit, and any facts showing whether or not Telcordia made efforts to require its licensees to mark their products.

18. Any facts showing Lucent's awareness of, communications with, or participation in any standards organization or the ATM Forum concerning Telcordia or any of the patents-in-suit.

19. Any communications between Lucent and Telcordia concerning licensing or any of the patents-in-suit.

168727.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of April, 2006, the attached **REVISED FOURTH NOTICE OF 30(b)(6) DEPOSITION TO LUCENT** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street<br>Wilmington, DE 19801 | VIA HAND DELIVERY |
| Steven C. Cherny, Esquire<br>Latham & Watkins LLP<br>885 Third Avenue, Suite 1000<br>New York, NY 10022 | VIA ELECTRONIC MAIL |
| David A. Nelson, Esquire<br>Latham & Watkins LLP<br>Sears Tower, Suite 5800<br>Chicago, IL 60606 | VIA FEDERAL EXPRESS |
| David M. Farnum, Esquire<br>Latham & Watkins LLP<br>555 Eleventh Street, N.W., Suite 1000<br>Washington, DC 20004-1304 | VIA FEDERAL EXPRESS |
| Sean S. Pak, Esquire<br>Latham & Watkins<br>633 West Fifth Street, Suite 4000<br>Los Angeles, CA 90071-2007 | VIA FEDERAL EXPRESS |

/s/ *John G. Day*
_____
John G. Day