IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LUCENT TECHNOLOGIES INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 04-875-GMS |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that Defendant Lucent Technologies Inc. has served the attached subpoena.

OF COUNSEL:

Steven C. Cherny
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200

David Nelson
Israel Sasha Mayergoyz
David C. McKone
Latham & Watkins LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700

Dated: April 24, 2006

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Michele Sherretta (No. 4651)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Defendant Lucent Technologies Inc.*

Issued by the
# UNITED STATES DISTRICT COURT

                                                        DISTRICT OF          COLORADO          

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC. | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| LUCENT TECHNOLOGIES INC. | Case Number:[1] CA NO. 04-875-GMS<br>(PENDING IN U.S. DISTRICT COURT OF DELAWARE) |

TO:  TAEUS International Corporation
       101 North Cascade Avenue
       Suite 400
       Colorado Springs, Colorado 80903

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
- See Schedule A attached (no personal appearance necessary; please send documents via Federal Express Account # 060660409)

| PLACE | DATE AND TIME |
|---|---|
| TAEUS International Corporation<br>101 North Cascade Avenue<br>Suite 400<br>Colorado Springs, Colorado 80903 | May 8, 2006,<br>2:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| | |

       Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*<br>Attorney for Defendant Lucent Technologies Inc. | DATE AND TIME<br>4-17-06   12:30 p.m. |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBERS
Monté T. Squire
Young Conaway Stargatt & Taylor, LLP; The Brandywine Building 1000 West Street, 17th Floor, Wilmington, DE 19801 (302) 571-6600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D)

PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE            SIGNATURE OF SERVER

ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### <u>DEFINITIONS</u>

For all the document requests, the following definitions apply:

A. As used herein, the term "Telcordia" shall mean the entity Telcordia Technologies Inc., and shall specifically include all predecessors (including but not limited to Bell Communications Research, Inc. ("Bellcore")), whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

B. As used herein, the term "Lucent" shall mean the entity Lucent Technologies Inc., and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof. "Lucent" shall specifically include Ascend, Cascade, and Yurie.

C. As used herein, the term "Ascend" shall mean the entity Ascend Communications, Inc., and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

D. As used herein, the term "Cascade" shall mean the entity Cascade Communications Corp., and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all

divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

  E. As used herein, the term "Yurie" shall mean the entity Yurie Systems, Inc., and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

  F. As used herein, the term "TAEUS" shall mean the entity TAEUS International Corporation, and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

  G. As used herein, the term "you" shall mean TAEUS.

  H. As used herein, the term "Complaint" shall mean the Complaint filed by Plaintiff Telcordia in this action.

  I. The words "and" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these interrogatories any information which might be deemed outside their scope by any other construction.

  J. Except as specifically provided herein, words imparting the singular shall include the plural and vice versa.

  K. As used herein, the term "person" shall mean an individual, proprietorship, partnership, firm, corporation, association, governmental agency, or other entity.

L. As used herein, the term "communication" shall mean the transmission or receipt of information of any kind through any means, including but not limited to speech, writing, language (machine, foreign, or otherwise), computer electronics of any kind, magnetic tape, video tape, photograph, graph, symbol, sign, magnetic disk, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, film or media of any kind.

M. As used herein, the phrases "refer or relate to" and "referring or relating to" shall mean all information, facts, and/or documents that directly, indirectly, or in any other way support, negate, bear upon, touch upon, incorporate, affect, include, pertain to, and/or are otherwise connected with the subject matter about which a document request is directed.

N. The terms "Patents-in-Suit" shall mean and refer to United States Patent Nos. 4,893,306 ("the '306 patent"), Re. 36,633 ("the '633 patent) and its predecessor 5,260,978 ("the '978 patent"), and 4,835,763 ("the '763 patent").

O. The term "accused product" shall mean and refer to each of the following products:

CBX-500
CBX-3500
GX-550
PSAX 1000
PSAX 1250
PSAX 2300
PSAX 4500
DMX Access Multiplexer
DMXtend Multiplexer
DMXpress Multiplexer
DMXploer Multiplexer
Singer FS+
Stinger RT
Stinger LS
Stinger DSL
Stinger MRT

APX 1000
APX 8000
APX 8100
MAX-TNT

P.      As used herein, the term "document" shall mean all material defined in FEDERAL RULE OF CIVIL PROCEDURE 34 and each and every writing or record of every type that is, or has been, in your possession, custody, or control or to which you or your counsel has access, including without limitation correspondence, memoranda, letters, e-mails, telegrams, stenographic or handwritten notes, drafts, studies, reports, diary entries, agreements, drawings, sketchings, charts, blueprints, maps, journals, invoices, sales slips, vouchers, production records, photographs, film, video tape, audio recordings, tapes, catalogs, bulletins, advertisements, promotional materials, pamphlets, computer data (including any data stored by means of computer disc, computer file, or any other form of computer-related memory system), and any other form of record.

Any document bearing on any sheet or side thereof, any marks, including without limitation initials, stamped indicia, comments, or notations of any character which are not part of the original text or reproduction thereof, shall be considered a separate document.

## INSTRUCTIONS

1.  For each and every document for which you assert either attorney-client privilege, work product protection, or some other allegedly applicable privilege, (a) identify the document by date, title, nature, author, sender, recipients, and/or participants; (b) provide a summary statement of the subject matter of the document sufficient in detail to permit a determination of the propriety of your assertion or such privilege or protection; and (c) identify the allegedly applicable privilege or protection.

2.  These document requests seek answers current to the date of response, and further shall be deemed to be continuing under FEDERAL RULE OF CIVIL PROCEDURE 26(e), so that any additional documents referring or relating in any way to these document requests which you acquire or which becomes known to you up to and including the time of trial shall be furnished to Lucent promptly after being so acquired or known by you.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1.**

All documents referring and/or relating to Telcordia and/or Bellcore.

**DOCUMENT REQUEST NO. 2.**

All documents referring and/or relating to the financial value of Telcordia's patents.

**DOCUMENT REQUEST NO. 3.**

All documents referring and/or relating to the financial value of the Patents-In-Suit.

**DOCUMENT REQUEST NO. 4.**

All documents referring and/or relating to any Lucent product, Ascend product, Cascade product, or Yurie product.

**DOCUMENT REQUEST NO. 5.**

All documents referring and/or relating to any accused product.

**DOCUMENT REQUEST NO. 6.**

All documents referring and/or relating to any infringement analysis referring and/or relating to any Patent-In-Suit.

**DOCUMENT REQUEST NO. 7.**

All documents referring and/or relating to any infringement analysis referring and/or relating to any accused product.

**DOCUMENT REQUEST NO. 8.**

All documents referring and/or relating to any infringement analysis referring and/or relating to any Lucent product, Ascend product, Cascade product, or Yurie product.

**DOCUMENT REQUEST NO. 9.**

All claim charts comparing any accused product to any Patent-In-Suit.

**DOCUMENT REQUEST NO. 10.**

All claim charts comparing any Lucent product, Ascend product, Cascade product, or Yurie product to any Patent-In-Suit.

**DOCUMENT REQUEST NO. 11.**

All documents referring and/or relating to any analysis or testing of any accused product.

**DOCUMENT REQUEST NO. 12.**

All documents referring and/or relating to any analysis or testing of any Lucent product, Ascend product, Cascade product, or Yurie product.

**DOCUMENT REQUEST NO. 13.**

All documents referring and/or relating to any reverse engineering of any accused product.

**DOCUMENT REQUEST NO. 14.**

All documents referring and/or relating to any reverse engineering of any Lucent product, Ascend product, Cascade product, or Yurie product.

**DOCUMENT REQUEST NO. 15.**

    All documents referring and/or relating to your statement that "Another case involved a completely remote analysis of Asynchronous Transfer Mode (ATM) technology, where TAEUS did not utilize physical ATM equipment. The analysis included switch fabric, memory allocation, Synchronous Residual Time Stamp (SRTS), Dynamic Time Division Multiplexing (DTDM), bandwidth allocation, ATM packeting, and multicast routing aspects." http://www.taeus.com/TAEUSTimes/Expertise/intangibles.html.

**DOCUMENT REQUEST NO. 16.**

    All communications between you and Telcordia referring and/or relating to any Patent-In-Suit.

**DOCUMENT REQUEST NO. 17.**

    All communications between you and Telcordia referring and/or relating to any accused product.

**DOCUMENT REQUEST NO. 18.**

    All communications between you and Telcordia referring and/or relating to any Lucent product, Ascend product, Cascade product, or Yurie product.

## CERTIFICATE OF SERVICE

I, Monté T. Squire, Esquire, hereby certify that on April 24, 2006, I caused copies of the foregoing document to be served on the following counsel in the manner indicated below:

**BY HAND DELIVERY**

Steven J. Balick, Esquire
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

**BY FEDERAL EXPRESS**

Donald R. Dunner, Esquire
Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
901 New York Ave., N.W.
Washington, DC 20001

York M. Faulkner, Esquire
Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Michele Sherretta (No. 4651)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
(302) 571-6600
msquire@ycst.com

*Attorneys for Lucent Technologies Inc.*