IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES INC., | ) | |
| Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | Civil Action No. 04-875-GMS |
| LUCENT TECHNOLOGIES INC., | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT LUCENT TECHNOLOGIES INC.'S FIFTH NOTICE OF 30(B)(6) DEPOSITION TO PLAINTIFF TELCORDIA TECHNOLOGIES, INC.**

PLEASE TAKE NOTICE that on May 24, 2006, Defendant Lucent Technologies Inc. ("Lucent") will take, pursuant to Federal Rule of Civil Procedure 30(b)(6), the deposition upon oral examination of Plaintiff Telcordia Technologies Inc. ("Telcordia"), at the offices of Young Conway Stargatt & Taylor, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801. The deposition will take place before a duly-qualified notary public or other officer authorized by law to administer oaths. Telcordia shall designate one or more officers, agents or other persons who can testify on its behalf as to all matters known or reasonably available to the corporation regarding the matters set forth in Exhibit A hereto.

The deposition will commence at 9:00 A.M. on May 24, 2006, and will continue day to day until completed. The deposition shall be recorded by stenographic means and may also be videotaped. The deposition will be conducted in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted,

*[signature]*

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Monté T. Squire (No. 4764)
*msquire@ycst.com*
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
(302) 571-6600
*Attorneys for Lucent Technologies Inc.*

Of Counsel:

Steven C. Cherny
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200

David Nelson
Israel Sasha Mayergoyz
Latham & Watkins LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700

Dated: April 24, 2006

## SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

1.  For all of the topics, the Definitions and Instructions set forth in Lucent's First Set of Interrogatories to Plaintiff, Lucent Second Notice of Rule 30(b)(6) Deposition, Lucent's Third Notice of Rule 30(b)(6) Deposition, and Lucent's Fourth Notice of Rule 30(b)(6) Deposition apply as if fully set forth herein.

## EXHIBIT A

## TOPICS OF THE DEPOSITION

**TOPIC NO. 1:**

All facts and circumstances relating to Telcordia's statement that "Lucent was identified in market research reports from In-Stat as selling products, namely its CBX 500, GX 550, and PSAX products, having functionality similar to the infringing products of Fore Systems." *See Telcordia's Seventh Supplemental Response to Lucent's First Set of Interrogatories at 7.*

**TOPIC NO. 2:**

All facts and circumstances relating to Telcordia's decision to file suit against Fore Systems, Inc. for infringement of the '306 patent.

**TOPIC NO. 3:**

For each licensee of any Asserted Patents, all actions taken by Telcordia to ensure that each licensee of any of such Asserted Patents marks each product authorized under any such patent with the patent number of any Asserted Patent that Telcordia contends to cover such product, the identification of each such product, when each licensee started marking each such product with the patent number of any Asserted Patent that Telcordia contends to cover such product, all communications between Telcordia and its licensees regarding the marking of each such product with the patent number of any Asserted Patent.

**TOPIC NO. 4:**

All methodologies Telcordia uses and has used to determine licensing terms for each of the Asserted Patents, including all steps Telcordia has taken and all persons or publications Telcordia has consulted to determine such licensing terms and potential licensees, and all methodologies used for each granted license on each Asserted Patent.

**TOPIC NO. 5:**

All work done by Bellcore prior to January 9, 1990 on any system for mapping Packetized Data into a synchronous bit stream, including identification of: (1) all publications by Bellcore describing any such work including publications after January 9, 1990 that describe work done prior to such date; (2) all individuals involved in such work; (3) the dates when such work commenced and concluded; (4) all prototypes and/or models made in connection with such work; and (5) all standards submissions made by Bellcore concerning such work.

**TOPIC NO. 6:**

4

All work done by Bellcore prior to January 9, 1990 on any ATM over SONET system, including identification of: (1) all publications by Bellcore describing any such work including publications after January 9, 1990 that describe work done prior to such date; (2) all individuals involved in such work; (3) the dates when such work commenced and concluded; (4) all prototypes and/or models made in connection with such work; and (5) all standards submissions made by Bellcore concerning such work.

**TOPIC NO. 7:**

All work done by Bellcore prior to January 9, 1990 on any ATM over SYNTRAN system, including identification of (1) all publications by Bellcore describing any such work including publications after January 9, 1990 that describe work done prior to such date; (2) all individuals involved in such work; (3) the dates when such work commenced and concluded; (4) all prototypes and/or models made in connection with such work; and (5) all standards submissions made by Bellcore concerning such work.

**TOPIC NO. 8:**

All work done by Bellcore prior to January 9, 1990 on any packet overlay system, including identification of: (1) all publications by Bellcore describing any such work including publications after January 9, 1990 that describe work done prior to such date; (2) all individuals involved in such work; (3) the dates when such work commenced and concluded; (4) all prototypes and/or models made in connection with such work; and (5) all standards submissions made by Bellcore concerning such work.

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on April 24, 2006, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Steven J. Balick, Esquire
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

I further certify that I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

Donald R. Dunner, Esquire
Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
901 New York Ave., N.W.
Washington, DC 20001

York M. Faulkner, Esquire
Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
Monté T. Squire (No. 4764)
*msquire@ycst.com*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
(302) 571-6600
*Attorneys for Lucent Technologies Inc.*