IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES INC., | ) | |
| Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | Civil Action No. 04-875-GMS |
| LUCENT TECHNOLOGIES INC., | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT LUCENT TECHNOLOGIES INC.'S SIXTH NOTICE OF 30(B)(6) DEPOSITION TO PLAINTIFF TELCORDIA TECHNOLOGIES, INC.**

PLEASE TAKE NOTICE that on May 24, 2006, Defendant Lucent Technologies Inc. ("Lucent") will take, pursuant to Federal Rule of Civil Procedure 30(b)(6), the deposition upon oral examination of Plaintiff Telcordia Technologies Inc. ("Telcordia"), at the offices of Young Conway Stargatt & Taylor, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801. The deposition will take place before a duly-qualified notary public or other officer authorized by law to administer oaths. Telcordia shall designate one or more officers, agents or other persons who can testify on its behalf as to all matters known or reasonably available to the corporation regarding the matters set forth in Exhibit A hereto.

The deposition will commence at 9:00 A.M. on May 24, 2006, and will continue day to day until completed. The deposition shall be recorded by stenographic means and may also be videotaped. The deposition will be conducted in accordance with the Federal Rules of Civil Procedure.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
John W. Shaw (No. 3362)
*jshaw@ycst.com*
Monté T. Squire (No. 4764)
*msquire@ycst.com*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Lucent Technologies Inc.*

*Of Counsel:*

Steven C. Cherny
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200

David Nelson
Israel Sasha Mayergoyz
David C. McKone
Latham & Watkins LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700

Dated: May 10, 2006

## SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

1. For all of the topics, the Definitions and Instructions set forth in Lucent's First Set of Interrogatories to Plaintiff apply as if fully set forth herein.

2. The term "asserted patents" shall mean U.S. Patent Nos. 4,893,306; Re. 36,633; 5,260,978; and 4,835,763.

3. The term "'306 patent" shall mean U.S. Patent No. 4,893,306.

4. The term "'763 patent" shall mean U.S. Patent No. 4,835,763.

5. The term "'633 patent" shall mean U.S. Patent No. Re. 36,633.

6. The term "'978 patent" shall mean U.S. Patent No. 5,260,978.

7. The term "ANSI" shall mean "American National Standards Institute."

8. The term "ITU" shall mean "International Telecommunication Union."

9. "Lucent" shall include all subsidiaries, affiliates, and predecessors, and specifically shall include Ascend Communications, Inc., Cascade Communications Corp., and Yurie Systems, Inc.

10. "Cascade" shall mean Cascade Communications Corp.

11. "Ascend" shall mean Ascend Communications, Inc.

12. "Yurie" shall mean Yurie Systems, Inc.

13. "Lucent product" shall mean any product made, used, sold, or offered for sale by Lucent.

14. "Cascade product" shall mean any product made, used, sold, or offered for sale by Cascade Communications Corp.

15.     "Ascend product" shall mean any product made, used, sold, or offered for sale by Ascend Communications, Inc.

16.     "Yurie product" shall mean any product made, used, sold, or offered for sale by Yurie Systems, Inc.

17.     The term "aware" shall mean when Telcordia had actual notice that any Lucent products, Cascade products, Ascend products, or Yurie products were allegedly infringing the asserted patents. *See, e.g., Advanced Cardiovascular Sys., Inc., v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1161 (Fed. Cir. 2003).

# EXHIBIT A

# TOPICS OF THE DEPOSITION

## TOPIC NO. 1.

The prosecution of the application that matured into the '763 patent, including why any prior art references identified and/or cited by Chi-Leung Lau in the Technical Memorandum entitled "Survivable Architectures And Implementations For A High-Speed SONET Ring" authored by Chi-Leung Lau and dated September 30, 1986 were not submitted to the United States Patent and Trademark Office during the prosecution of the application that matured into the '763 patent.

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on May 10, 2006, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esquire
>John G. Day, Esquire
>Ashby & Geddes
>222 Delaware Avenue
>P.O. Box 1150
>Wilmington, DE 19899

I further certify that I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS & E-MAIL

>Donald R. Dunner, Esquire
>Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
>901 New York Ave., N.W.
>Washington, DC 20001

>York M. Faulkner, Esquire
>Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
>Two Freedom Square
>11955 Freedom Drive
>Reston, VA 20190

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Monté T. Squire (No. 4764)
*msquire@ycst.com*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
(302) 571-6600

*Attorneys for Lucent Technologies Inc.*