IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 04-875-GMS |
| | ) |
| LUCENT TECHNOLOGIES, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF TELCORDIA TECHNOLOGIES, INC.'S OBJECTIONS TO DEFENDANT LUCENT TECHNOLOGIES INC.'S FIFTH NOTICE OF 30(b)(6) DEPOSITION**

Plaintiff Telcordia Technologies Inc. ("Telcordia"), by its attorneys, hereby objects and responds to Defendant Lucent Technologies Inc.'s ("Lucent") Fifth Notice of 30(b)(6) Deposition to Telcordia dated April 24, 2006.

## OBJECTIONS TO SCHEDULE A

### GENERAL OBJECTIONS

1.      Telcordia objects to the Deposition Topics as numerous, compound, and as encompassing multiple depositions under Federal Rule of Civil Procedure 30(a)(2)(A).

2.      Telcordia further objects to the Deposition Topics to the extent they are vague, ambiguous, incapable of reasonable ascertainment, and/or fail to describe with reasonable particularity the matters on which examination is requested. The level and specificity of the knowledge for which Telcordia will be able to prepare a witness to testify is necessarily commensurate in scope with the specificity of the Topics.

3.      Telcordia further objects to the Deposition Topics to the extent they seek information protected from disclosure by attorney-client privilege and/or work-product immunity, or information otherwise protected from disclosure.

4.  Telcordia further objects to the Deposition Topics to the extent they seek confidential and/or proprietary information, including the proprietary information of third parties provided to Telcordia under confidentiality obligations.

5.  Telcordia further objects to the Deposition Topics to the extent that they assume facts that are not accurate, known to Telcordia, or relevant to the claims and defenses in this litigation.

6.  Telcordia further objects to the Deposition Topics to the extent that the information requested therein is not within the possession, custody, or control of Telcordia.

7.  Telcordia further objects to the Deposition Topics to the extent they are cumulative and/or duplicative.

8.  Telcordia further objects to the Deposition Topics to the extent that they call for legal conclusions.

9.  Telcordia further objects to the definitions and instructions set forth in Lucent's First Set of Interrogatories, Lucent's Second Notice of 30(b)(6) Deposition, Lucent Third Notice of 30(b)(6) Deposition, and Lucent's Fourth Notice of 30(b)(6) Deposition, as incorporated in Lucent's Fifth Notice of 30(b)(6) Deposition, to the extent that those definitions and instructions purport to impose obligations on Telcordia that exceed the obligations imposed upon a responding party under the Federal Rules of Civil Procedure or the applicable Local Rules.

10. Telcordia further objects to Lucent's incorporation of the definitions and instructions set forth in Lucent's First Set of Interrogatories, Lucent's Second Notice of 30(b)(6) Deposition, Lucent Third Notice of 30(b)(6) Deposition, and Lucent's Fourth Notice of 30(b)(6) Deposition, to the extent that those definitions and instructions are inapplicable to a deposition notice under Rule 30(b)(6).

11. Telcordia incorporates its objections to the definitions and instructions set forth in Telcordia's previous responses to Lucent's discovery requests as and for its objections to the Deposition Topics.

12. Telcordia objects to Lucent's definition of "Lucent" as being vague and ambiguous and unduly burdensome.

13. Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Lucent, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

14. Telcordia's responses will be based on Telcordia's present knowledge, information, and belief and may be subject to change or modification based on Telcordia's further discovery, or on facts or circumstances that may come to Telcordia's knowledge. Telcordia assumes no obligation to supplement its responses, however, beyond those imposed by the Federal Rules of Civil Procedure and/or this Court's Local Rules.

15. Telcordia's responses are made solely for the purposes of this action.

16. Telcordia objects to the use, including use by other parties, of any testimony from the noticed deposition in separate cases, such as pending suits against Alcatel and Cisco (Telcordia Technologies, Inc. v. Alcatel USA, Inc., Civil Action No. 04-874-GMS and Telcordia Technologies, Inc. v. Cisco Systems, Inc., Civil Action No. 04-876-GMS).

17. These general objections apply to all of Telcordia's responses to the Deposition Topics. To the extent that specific objections are cited in a response, those specific citations are provided because they are believed to be particularly applicable to the specific Deposition Topic and are not to be construed as a waiver of any other general objection applicable to the

information falling within the scope of the request.

## OBJECTIONS TO TOPICS OF THE DEPOSITION

TOPIC NO. 1:

All facts and circumstances relating to Telcordia's statement that "Lucent was identified in market research reports from In-Stat as selling products, namely its CBX 500, GX 550, and PSAX products, having functionality similar to the infringing products of Fore Systems." *See Telcordia's Seventh Supplemental Response to Lucent's First Set of Interrogatories at 7.*

RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of

4

Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

TOPIC NO. 2:

All facts and circumstances relating to Telcordia's decision to file suit against Fore Systems, Inc. for infringement of the '306 patent.

RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

5

TOPIC NO. 3:

For each licensee of any Asserted Patents, all actions taken by Telcordia to ensure that each licensee of any of such Asserted Patents marks each product authorized under any such patent with the patent number of any Asserted Patent that Telcordia contends to cover such product, the identification of each such product, when each licensee started marking each such product with the patent number of any Asserted Patent that Telcordia contends to cover such product, all communications between Telcordia and its licensees regarding the marking of each such product with the patent number of any Asserted Patent.

RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all actions," "each such product," and "all communications" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of

6

Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

TOPIC NO. 4:

All methodologies Telcordia uses and has used to determine licensing terms for each of the Asserted Patents, including all steps Telcordia has taken and all persons or publications Telcordia has consulted to determine such licensing terms and potential licensees, and all methodologies used for each granted license on each Asserted Patent.

RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all methodologies" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of

Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

TOPIC NO. 5:

All work done by Bellcore prior to January 9, 1990 on any system for mapping Packetized Data into a synchronous bit stream, including identification of: (1) all publications by Bellcore describing any such work including publications after January 9, 1990 that describe work done prior to such date; (2) all individuals involved in such work; (3) the dates when such work commenced and concluded; (4) all prototypes and/or models made in connection with such work; and (5) all standards submissions made by Bellcore concerning such work.

RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all work," "all publications," "all individuals," "all prototypes and/or models," and "all standards submissions" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

TOPIC NO. 6:

All work done by Bellcore prior to January 9, 1990 on any ATM over SONET system, including identification of: (1) all publications by Bellcore describing any such work including publications after January 9, 1990 that describe work done prior to such date; (2) all individuals involved in such work; (3) the dates when such work commenced AND concluded; (4) all prototypes and/or models made in connection with such work; and (5) all standards submissions made by Bellcore concerning such work.

RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all work," "all publications," "all individuals," "all prototypes and/or models," and "all standards submissions" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

TOPIC NO. 7:

All work done by Bellcore prior to January 9, 1990 on any ATM over SYNTRAN system, including identification of: (1) all publications by Bellcore describing any such work including publications after January 9, 1990 that describe work done prior to such date; (2) all individuals involved in such work; (3) the dates when such work commenced AND concluded; (4) all prototypes and/or models made in connection with such work; and (5) all standards submissions made by Bellcore concerning such work.

RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all work," "all publications," "all individuals," "all prototypes and/or models," and "all standards submissions" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

TOPIC NO. 8:

All work done by Bellcore prior to January 9, 1990 on any packet overlay system, including identification of: (1) all publications by Bellcore describing any such work including publications after January 9, 1990 that describe work done prior to such date; (2) all individuals involved in such work; (3) the dates when such work commenced AND concluded; (4) all prototypes and/or models made in connection with such work; and (5) all standards submissions made by Bellcore concerning such work.

RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

11

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all work," "all publications," "all individuals," "all prototypes and/or models," and "all standards submissions" during the deposition.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Of Counsel:

Donald R. Dunner
Don O. Burley
Steven M. Anzalone
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
(571) 203-2700

Dated: May 25, 2006

169862.1

ASHBY & GEDDES

/s/ John G. Day
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
220 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of May, 2006, the attached **PLAINTIFF TELCORDIA TECHNOLOGIES, INC.'S OBJECTIONS TO DEFENDANT LUCENT TECHNOLOGIES INC.'S FIFTH NOTICE OF 30(b)(6) DEPOSITION** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street<br>Wilmington, DE 19801 | HAND DELIVERY |
| Steven C. Cherny, Esquire<br>Latham & Watkins LLP<br>885 Third Avenue, Suite 1000<br>New York, NY 10022 | VIA ELECTRONIC MAIL |
| David A. Nelson, Esquire<br>Latham & Watkins LLP<br>Sears Tower, Suite 5800<br>Chicago, IL 60606 | VIA ELECTRONIC MAIL |

/s/ John G. Day
_____
John G. Day

150909.1