IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 04-875-GMS |
| | ) |
| LUCENT TECHNOLOGIES, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF TELCORDIA TECHNOLOGIES, INC.'S OBJECTIONS TO DEFENDANT LUCENT TECHNOLOGIES INC.'S SIXTH NOTICE OF 30(b)(6) DEPOSITION**

Plaintiff Telcordia Technologies Inc. ("Telcordia"), by its attorneys, hereby objects and responds to Defendant Lucent Technologies Inc.'s ("Lucent") Sixth Notice of 30(b)(6) Deposition to Telcordia.

## OBJECTIONS TO SCHEDULE A

TOPIC NO. 1:

The prosecution of the application that matured into the '763 patent, including why any prior references identified and/or cited by Chi-Leung Lau in the Technical Memorandum entitled "Survivable Architectures And Implementations For A High-Speed SONET Ring" authored by Chi-Leung Lau and dated September 30, 1986 were not submitted to the United States Patent and Trademark Office during the prosecution of the application that matured into the '763 patent.

RESPONSE:

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks information regarding patent claims that have not been asserted against Lucent.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Lucent.

Telcordia further objects to this topic to the extent it is vague, ambiguous, incapable of reasonable ascertainment, and/or fails to describe with reasonable particularity the matters on which examination is requested. The level and specificity of the knowledge for which Telcordia will be able to prepare a witness to testify is necessarily commensurate in scope with the specificity of the Topic.

Telcordia further objects to this topic to the extent it seeks information protected from disclosure by attorney-client privilege and/or work-product immunity, or information otherwise protected from disclosure.

Telcordia further objects to this topic to the extent it seeks confidential and/or proprietary information, including the proprietary information of third parties provided to Telcordia under confidentiality obligations.

Telcordia further objects to this topic to the extent that it assumes facts that are not accurate, known to Telcordia, or relevant to the claims and defenses in this litigation.

Telcordia further objects to this topic to the extent that the information requested therein is not within the possession, custody, or control of Telcordia.

Telcordia further objects to this topic to the extent that it calls for legal conclusions.

Telcordia further objects to the definitions and instructions set forth in Lucent's First Set of Interrogatories, as incorporated in Lucent's Fourth Notice of 30(b)(6) Deposition, to the extent that those definitions and instructions purport to impose obligations on Telcordia that exceed the

2

obligations imposed upon a responding party under the Federal Rules of Civil Procedure or the applicable Local Rules.

Telcordia further objects to Lucent's incorporation of the definitions and instructions set forth in Lucent's First Set of Interrogatories to the extent that those definitions and instructions are inapplicable to a deposition notice under Rule 30(b)(6).

Telcordia incorporates its objections to the definitions and instructions set forth in Telcordia's previous responses to Lucent's discovery requests as and for its objections to this topic.

Telcordia's responses will be based on Telcordia's present knowledge, information, and belief and may be subject to change or modification based on Telcordia's further discovery, or on facts or circumstances that may come to Telcordia's knowledge. Telcordia assumes no obligation to supplement its responses, however, beyond those imposed by the Federal Rules of Civil Procedure and/or this Court's Local Rules.

Telcordia's responses are made solely for the purposes of this action.

Telcordia objects to the use, including use by other parties, of any testimony from the noticed deposition in separate cases, such as pending suits against Alcatel and Cisco (Telcordia Technologies, Inc. v. Alcatel USA, Inc., Civil Action No. 04-874-GMS and Telcordia Technologies, Inc. v. Cisco Systems, Inc., Civil Action No. 04-876-GMS).

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Lucent's Notices of Deposition would cause Lucent to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

<table>
<tr><td>

Of Counsel:

Donald R. Dunner
Don O. Burley
Steven M. Anzalone
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
(571) 203-2700

Dated: May 25, 2006

169863.1

</td><td>

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
220 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff
Telcordia Technologies, Inc.*

</td></tr>
</table>

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of May, 2006, the attached **PLAINTIFF TELCORDIA TECHNOLOGIES, INC.'S OBJECTIONS TO DEFENDANT LUCENT TECHNOLOGIES INC.'S SIXTH NOTICE OF 30(b)(6) DEPOSITION** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street<br>Wilmington, DE 19801 | <u>HAND DELIVERY</u> |
| Steven C. Cherny, Esquire<br>Latham & Watkins LLP<br>885 Third Avenue, Suite 1000<br>New York, NY 10022 | <u>VIA ELECTRONIC MAIL</u> |
| David A. Nelson, Esquire<br>Latham & Watkins LLP<br>Sears Tower, Suite 5800<br>Chicago, IL 60606 | <u>VIA ELECTRONIC MAIL</u> |

/s/ John G. Day
_____
John G. Day

150909.1