IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) ) | |
| | ) | |
| v. | ) | C.A. No. 04-874-GMS |
| | ) | |
| ALCATEL USA, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) ) | |
| | ) | |
| v. | ) | C.A. No. 04-875-GMS |
| | ) | |
| LUCENT TECHNOLOGIES, INC., | ) | |
| Defendant/Counterclaim Plaintiff, | ) ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) ) | |
| | ) | |
| v. | ) | C.A. No. 04-876-GMS |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) ) | |

DEFENDANTS' OPPOSITION TO TELCORDIA'S MOTION FOR AN
EXTENSION OF TIME TO SUBMIT OPENING EXPERT REPORTS

Defendants oppose Telcordia's motion for another extension (from today until July 3) of the due date for opening expert reports (D.I. 180 in C.A. No. 04-876-GMS).  Such an extension would interfere with the overall schedule set in this case, including especially summary judgment proceedings  Defendants are particularly concerned about letting that schedule slip, given that Telcordia recently filed – just after the Markman hearing – another action against the same defendants on the same patents in the International Trade Commission ("ITC").

The Revised Scheduling Order entered by the Court on January 23, 2006 (D. I. 72 in C.A. 04-876-GMS) required that the parties exchange opening expert reports by June 12, with answering expert reports by July 12 and reply expert reports (if necessary) by July 19.  That Order also requires completion of expert discovery by August 7.  That will allow the parties to seek the Court's permission to move for summary judgment on August 11, based on the complete record developed during fact and expert discovery.  Thus, the Scheduling Order provides a carefully crafted schedule.  Any modification will affect the parties' ability timely to meet future dates, as well as the Court's time to perform its duties.  Telcordia asks the Court to further extend the date for opening expert reports without even acknowledging the effect that such an extension would have on the rest of the schedule.

On June 15, Telcordia obtained from Defendants an agreement to extend the date for exchanging opening expert reports until today.  Defendants were concerned at that time that the rest of the schedule, most notably the time allotted for the summary judgment process, not be impacted by that requested extension.  Thus, Defendants agreed to that request based on Telcordia's agreement to complete expert discovery by the August 7 deadline.  (Ex. A.)  As a

result, the expert discovery period was compressed to the minimum time necessary to complete expert discovery within the framework of the Scheduling Order. Telcordia's current requested extension would require a more comprehensive reworking of the schedule, a result that is neither necessary nor desirable.

Telcordia suggests that it filed its motion when the Defendants would not agree to its request for an extension. That is not the case. Telcordia told Defendants on the morning of June 23 that it intended to approach the Court unless Defendants agreed to the extension. In response, counsel for Cisco (on behalf of all Defendants) wrote to Telcordia, expressing concern about the effect of yet another extension on the "already tight schedule." (Ex. B.) Defendants also expressed their view that another extension was not necessary and that the parties should be able expeditiously to "review and digest" the Court's claim constructions within the allotted time because those constructions reflected the Court's choices between the parties proposed constructions and not newly-formulated constructions. In an attempt to work the matter out, however, Defendants asked Telcordia to identify the reports it intended to serve and to explain whether and why it needed an extension for reports (such as damages) that do not rely on the Court's claim construction. Defendants also asked whether Telcordia would consider "a more balanced request for an extension" in light of the already compressed expert discovery schedule. In short, even though Defendants believed that no further extension was warranted or necessary, they sought to engage in a meaningful dialogue to see if some compromise could be reached.

Rather than responding, Telcordia filed its motion. Surprised by Telcordia's decision not to confer, counsel for Cisco again tried to resolve the issue, asking: (1) "Will Telcordia accept anything less than a week extension?"; (2) "Is Telcordia insistent on an extension for all the reports it plans to file?"; (3) "How many and what kind of reports is

Telcordia planning to submit to support its burdens of proof?"; and (4) "Did Telcordia contact the Court informally and, if so, what happened?" (Ex. C.) Telcordia responded that it had called chambers concerning its desire for an extension, but ignored the remaining questions directed at ascertaining whether an acceptable compromise could be reached. In the end, Telcordia declined to (1) tell us "how many expert reports Telcordia will be serving," (2) identify which reports it believes it will need additional time for, on the basis that "we simply don't know," or (3) discuss a shorter extension due to the "need" for a full week, and nothing less. (Ex. D.)

Defendants oppose Telcordia's request for another extension of the date for opening expert reports. The constructions of the claims that the Court adopted are not new. The parties have had four days to refine their expert reports based on the claim construction Order. Telcordia's experts cannot need an additional week to "review and digest" those constructions. Defendants' experts have to apply the same constructions, so the schedule does not favor any side. Further extending the date for opening reports will either necessitate a reworking of the schedule, including the summary judgment process, or will further reduce the already compressed time for rebuttal expert reports and expert depositions. Telcordia has said nothing that supports such an undesirable result. The Scheduling Order did not provide a leisurely period for "review and digest" of the Court's claim constructions before opening expert reports, Telcordia did not request such a period when it obtained the earlier extension on June 15, and Defendants would not have agreed to one in any event. Telcordia must have understood on June 15 that it would likely have less than a week to "digest" the Court's claim construction Order.

Defendants are concerned about the effect a further extension will have on the expert discovery period, and also about delaying the summary judgment process. In light of the Court's claim construction Order, the Defendants plan to seek permission to move for summary

judgment on various grounds, including non-infringement.  Summary Judgment is important in

this case, which Telcordia filed two years ago,  but has even greater importance now, given the

ITC action Telcordia filed shortly after the Markman hearing.[1]   The Defendants each have

expended significant resources defending this action and face significant future expenditures

going forward in light of Telcordia's decision to assert the same patents in another forum.

Defendants believe that this case is susceptible to summary adjudication and that continued delay

only favors Telcordia's goal of reaping settlements based on ratcheting up the cost of litigation.

Defendants ask the Court to deny Telcordia's motion and to maintain the current

schedule.  Defendants are prepared to serve their expert reports as scheduled and assume that

Telcordia is prepared to do so as well.  The expert reports are due today, and any failure by

Telcordia to prepare to comply with the schedule would amount to it granting its own motion.

Having brought this action, Telcordia should prosecute it diligently, rather than continuing to

seek delay.

---

[1]     On May 15, Telcordia filed a complaint with the ITC involving the same patents and the
same defendants as this case.  Based on that complaint, on June 9, the ITC voted to
"institute an investigation" (which is not a decision on the merits, but starts the case).  It
is not clear why Telcordia did not inform the Court of its intent to bring the ITC action
during the claim construction hearing the week before it filed the complaint.  Nor is it
clear why Telcordia brought the ITC action at all, or why it waited until the end of fact
discovery – after the Court and the parties had made huge investments in this case – to do
so. Because of the manifest burden of defending two parallel actions in two different fora
at the same time, Defendants have a statutory right to a stay of this action, until July 10,
2006. Defendants have not yet determined whether or not a stay of these cases would be
warranted under the present circumstances.

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

/s/  *Josy W. Ingersoll (#1088)*

_____
Josy W. Ingersoll (#1088)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899
(302) 571-6600
  Attorneys for Defendant Alcatel USA, Inc.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP


/s/  *Jack B. Blumenfeld (#1014)*

_____
Jack B. Blumenfeld (#1014)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
  Attorneys for Defendant Cisco Systems, Inc.


June 26, 2006

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

/s/  *John W. Shaw (#3362)*

_____
John W. Shaw (#3362)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899
(302) 571-6600
  Attorneys for Defendant Lucent Technologies, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2006 I electronically filed Defendants' Opposition to Telcordia's Motion for an Extension of Time to Submit Opening Expert Reports with the Clerk of the Court using CM/ECF, which will send notification of such filing to Steven J. Balick and John G. Day.

I further certify that I caused copies of the foregoing document to be served on June 26, 2006 upon the following in the manner indicated:

**BY HAND**

John G. Day
ASHBY & GEDDES
222 Delaware Avenue
Wilmington, DE  19801

**BY ELECTRONIC MAIL**

John Day (jday@ashby-geddes.com)
John Williamson (john.williamson@finnegan.com)
York Faulkner (york.faulkner@finnegan.com)
Don Burley (don.burley@finnegan.com)

**BY FEDERAL EXPRESS**

Don O. Burley
FINNEGAN, HENDERSON,
 FARABOW, GARRETT & DUNNER
901 New York Avenue
Washington, DC  20001

/s/    Jack B. Blumenfeld
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
jblumenfeld@mnat.com