IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| Plaintiff and Counterclaim Defendant, | ) ) ) | |
| v. | ) ) | C.A. No. 04-874-GMS |
| ALCATEL USA, INC., | ) ) | |
| Defendant and Counterclaim Plaintiff. | ) ) ) | |
| TELCORDIA TECHNOLOGIES, INC., | ) ) | |
| Plaintiff and Counterclaim Defendant, | ) ) ) | C. A. No. 04-875-GMS |
| v. | ) ) | |
| LUCENT TECHNOLOGIES, INC., | ) ) | |
| Defendant and Counterclaim Plaintiff. | ) ) ) | |
| TELCORDIA TECHNOLOGIES, INC., | ) ) | |
| Plaintiff and Counterclaim Defendant, | ) ) ) | C. A. No. 04-876-GMS |
| v. | ) ) | |
| CISCO SYSTEMS, INC., | ) ) | |
| Defendant and Counterclaim Plaintiff. | ) ) ) | |

**REPLY IN SUPPORT OF MOTION FOR ONE-WEEK EXTENSION
OF DUE DATE FOR OPENING EXPERT REPORTS**

Plaintiff Telcordia Technologies, Inc. respectfully submits this reply in support of its motion for a one-week extension of the due date for opening expert reports from the party or parties bearing the burden of proof, which currently is today:

1.   Defendants' response is largely an effort at revisionist history and

misdirection.

2.    For example, although defendants characterize Telcordia's request for a one-week extension as "a leisurely period for 'review and digest' of the Court's claim construction that was not contemplated by the Scheduling Order" (Defendants' Response at 4), the seven days that Telcordia is requesting to allow its lawyers and experts the opportunity to review and digest the Court's claim construction order and revise expert reports to reflect those constructions actually is less than that contemplated by the original schedule.

3.    The original schedule called for a Merman hearing on March 22, 2006, with opening expert reports due on May 12, 2006. That schedule—which was built upon the expectation that the Court's claim construction order would be issued 30 days after the Markman hearing—contemplated that the parties would have three weeks (from April 21st to May 12th) to review and digest the Court's claim construction order with their experts before serving opening expert reports.

4.    The request for a one-week extension also does not reflect a "leisurely approach," as defendants' response disingenuously suggests. Indeed, defendants were aware (because Telcordia informed them)[1] that Telcordia's lead counsel, Donald R. Dunner, had previous and unavoidable engagements on the day the Court's claim construction order issued (an all-day ABA meeting) and the following day (delivering a eulogy at Federal Circuit Chief Judge Markey's funeral), and that one of Telcordia's experts also was unavailable until yesterday.

5.    Defendants also unfairly attempt to suggest that previous extensions of the

---

[1] *See* Defendant Response at Exhibit D.

deadline for opening expert reports were the result of Telcordia dragging its feet. *See* Defendants' Response at 2 ("Telcordia obtained from defendants an agreement to extend the date for exchanging opening expert reports … based on Telcordia's agreement to complete expert discovery by the August 7th deadline"). In fact, as the emails attached as Exhibit A to Defendants' Response actually demonstrate, Telcordia's proposed on June 5th to extend the schedule for opening expert reports because the parties did not yet have the Court's claim construction and because there were still open discovery issues that needed to be resolved. Defendants responded on June 9th that it was premature to discuss scheduling "because the Court's claim construction is expected shortly," and they themselves followed up on June 15th to propose the extension to today "in view of the fact that we have not received a claim construction ruling."

6.   Finally, defendants' suggestion that Telcordia was unwilling to meet and confer to discuss the proposed one-week extension is simply not true. Counsel for Telcordia emailed all counsel for all defendants on Friday morning to propose the one-week extension, and asked for a prompt response because of the short time frame. Three hours later, one defendant responded with a series of requests for additional information, that it now characterizes as an attempt to open a dialogue. Telcordia was concerned that, with four separate parties involved, it was a little late to begin a dialogue with one defendant less than 2 hours before the Court closed on the day before the deadline at issue, and Telcordia called the Court's staff for guidance as to how to proceed. The Court's staff advised Telcordia's counsel that we should file a motion as soon as possible, and we did so.

7.   Despite defendants' attempt to suggest otherwise, Telcordia respectfully

suggests that the best way to keep this case on track is to allow one week now to allow the parties to exchange opening expert reports that are based on a thorough and complete analysis of the Court's claim constructions, rather than rushing to exchange expert reports two business days after the Court's claim construction was issued that may later need to be supplemented.

ASHBY & GEDDES

*/s/ John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Steven M. Anzalone
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER
Two Freedom Square
11955 Freedom Square
Reston, VA  20190-5675
(650) 849-6600

Dated: June 26, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June, 2006, the attached **REPLY IN SUPPORT OF MOTION FOR ONE-WEEK EXTENSION OF DUE DATE FOR OPENING EXPERT REPORTS** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street<br>Wilmington, DE 19801 | HAND DELIVERY |
| Stuart J. Sinder, Esquire<br>Kenyon & Kenyon<br>One Broadway<br>New York, NY 10004 | VIA ELECTRONIC MAIL |
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street<br>Wilmington, DE 19801 | HAND DELIVERY |
| Steven C. Cherny, Esquire<br>Latham & Watkins LLP<br>885 Third Avenue, Suite 1000<br>New York, NY 10022 | VIA ELECTRONIC MAIL |
| David A. Nelson, Esquire<br>Latham & Watkins LLP<br>Sears Tower, Suite 5800<br>Chicago, IL 60606 | VIA ELECTRONIC MAIL |
| David M. Farnum, Esquire<br>Latham & Watkins LLP<br>555 Eleventh Street, N.W.<br>Suite 1000<br>Washington, DC 20004-1304 | VIA ELECTRONIC MAIL |

| | |
|---|---|
| Sean S. Pak, Esquire<br>Latham & Watkins<br>633 West Fifth Street, Suite 4000<br>Los Angeles, CA  90071-2007 | <u>VIA ELECTRONIC MAIL</u> |
| Jack B. Blumenfeld, Esquire<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE  19801 | <u>HAND DELIVERY</u> |
| Matthew D. Powers, Esquire<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA  94065 | <u>VIA ELECTRONIC MAIL</u> |

*/s/ John G. Day*

John G. Day