# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS

RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6689
DIRECT FAX: (302) 576-3334
jshaw@ycst.com

ATHANASIOS E. AGELAKOPOULOS
LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
CURTIS J. CROWTHER
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
DANIELLE GIBBS
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI

JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JOHN J. PASCHETTO
ADAM W. POFF
SETH J. REIDENBERG
FRANCIS J. SCHANNE
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
JOHN E. TRACEY
MARGARET B. WHITEMAN
CHRISTIAN DOUGLAS WRIGHT
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN (NY ONLY)
KAREN L. PASCALE
PATRICIA A. WIDDOSS

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

July 10, 2006

**BY CM/ECF**

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, DE 19801

    Re:    <u>Telcordia Techs. Inc. v. Lucent Techs., Inc., C.A. No. 04-875-GMS</u>

Dear Judge Sleet:

    Lucent writes to inform the Court that Lucent will not request a stay of Civil Action 04-875 under Section 28 U.S.C. § 1659 in light of Telcordia filing an action before the International Trade Commission ("ITC") on May 15, 2006. The district court action has been pending before the Court since July 2004. Both the Court and Lucent have invested a significant amount of time and resources in this action, including completing fact discovery, conducting a Markman hearing and issuing of a claim construction order. Completion of expert discovery and the beginning of the summary judgment process are less than a month away. Given the advanced stage of this action, the investment by the Court and the parties in resolving this action and the fact that only this Court can resolve all the issues between the parties, Lucent chooses to go forward with this action.[1]

    In evaluating whether to stay this action, Lucent asked if Telcordia would maintain its claim based on the '306 patent in the ITC given Telcordia's admission that it cannot establish infringement

---

[1] Lucent is aware that, in a separate action pending before the Court, Alcatel plans to exercise its right to stay. Given Telcordia's decision, at this late date, to initiate a separate action involving the same patents before the ITC, Lucent understands Alcatel's reasons for not wanting to incur the expense of defending against two actions in two different venues at the same time. Alcatel is also in a different position than Lucent and Cisco because Telcordia is not asserting the '763 patent against Alcatel. Telcordia's decision to file in the ITC has put each of the Defendants in a difficult position – stay the proceedings in this Court or incur the increased expense of litigating in two fora.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
July 10, 2006
Page 2

under this Court's Markman order.[2] *See Attachment 1.* Telcordia, however, refused to provide a response, instead stating that Telcordia would wait for Lucent's decision regarding a stay in this action before determining whether to proceed in the ITC. *See Attachment 2.* Telcordia's position has it backwards – it is Telcordia's claim in the ITC that creates Lucent's statutory right to stay this action, and Telcordia's failure to answer as to what claims will be pending in the ITC frustrates the process.

Telcordia's refusal to identify whether it will go forward with the '306 patent before the ITC as well as the timing of its filing of the ITC action (shortly after this Court's Markman hearing) suggests that Telcordia filed the parallel ITC action purely for tactical reasons. Telcordia cannot obtain any relief from the ITC that this Court cannot provide and this Court has scheduled trial dates for spring of next year. The ITC cannot provide monetary damages and the only relief it can provide, an exclusion order, may well be mooted as to the '306 and '763 patents because those patents will expire before or shortly after the ITC might issue such an order. The only explanation for Telcordia's actions are that it seeks to ratchet up Defendants' costs by commencing a parallel action and that it seeks to collaterally attack this Court's Markman order in another forum.

For the reasons set forth above, Lucent chooses to go forward with this action and does not request a stay.

Respectfully submitted,

John W. Shaw   (ID No. 3362)

JWS/prt
cc:   Clerk of the Court (by hand delivery and CM/ECF)
      Steven J. Balick, Esquire (by CM/ECF)
      Don O. Burley, Esquire (by e-mail)
      Steven C. Cherny, Esquire (by e-mail)

---

[2] Following the Court's Markman order, Telcordia stated that it "cannot prove infringement of any of the accused products of Lucent" under the '306 patent, and Telcordia did not serve an expert report on the '306 patent.