1



901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

DONALD R. DUNNER
(202) 408-4052
don.dunner@finnegan.com

June 28, 2006

Steven C. Cherny, Esq.                                     *via email and Federal Express*
Latham & Watkins, L.L.P.
885 Third Ave., Suite 1000
New York, N.Y. 10022-4834

<u>Telcordia Technologies, Inc. v. Lucent Technologies, Inc.</u>

Dear Steve:

Telcordia has concluded that, based on the Court's claim construction of the '306 patent, Telcordia cannot prove infringement of any of the accused products of Lucent based on that patent. Accordingly, Telcordia's expert reports are restricted to the '763 and '633 patents.

As soon as possible, Telcordia will move the Court to enter judgment of non-infringement as to the '306 patent and certify the case under Fed. R. Civ. P. 54(b) so that Telcordia can take an immediate appeal on the Court's claim constructions applicable to the '306 patent. Please advise as to whether Lucent will oppose such a motion.

Best Regards.

Sincerely,

Donald R. Dunner

2

**From:** Dunner, Don [mailto:Don.Dunner@finnegan.com]
**Sent:** Friday, July 07, 2006 2:05 PM
**To:** edward.reines@weil.com; Cherny, Steven (NY); Stuart J. Sinder
**Subject:** RE: '306 Proposal

I am writing to respond to the questions raised in Ed's June 28 email and Stu's June 30 email.

First, under the Court's construction of the term "empty payload field" in claims 1, 3, and 4 as meaning "a payload field that is empty of source data, but including bit signals of some kind, i.e. garbage bits" Telcordia is unable to establish infringement of the asserted claims of the '306 patent.

Specifically, it is clear from the *Markman* proceedings that in adopting the defendants' proposal on this claim construction issue (expressly incorporating the term "garbage bits"), the Court has limited "bit signals of some kind" to a specific type of bit signal (a "placeholder" that serves no other purpose), whereas Telcordia contends that "bit signals of some kind" includes any "non-source bit signals."

There may be other claim constructions with which Telcordia disagrees and which the defendants may contend preclude a finding of infringement. A Rule 54(b) certification should be directed toward all '306 patent claim constructions that may bear upon the parties' respective infringement (or non-infringement) contentions.

Second, Telcordia has not decided whether it will proceed with its allegations of infringement of the '306 patent before the ITC. Before it does so, it will need to know whether the defendants will seek to stay the district court litigation under 28 U.S.C. § 1659, an election which must be made within 30 days after a party was named as a respondent in the ITC proceeding.

Third, Telcordia will not be asserting claims 1, 3, 5, and 8 of the '633 patent in the ITC. Telcordia will file a motion for partial termination of the investigation for the withdrawal of those claims.

If your clients will not be seeking a stay, will they agree that discovery taken in the district court case may be used in the ITC case and vice-versa? Please let me know as soon as possible whether you will oppose Telcordia's motion for a Rule 54(b) certification.

Best regards.
Don

---

> **From:** edward.reines@weil.com [mailto:edward.reines@weil.com]
> **Sent:** Thursday, July 06, 2006 2:11 PM
> **To:** Dunner, Don; Steve Cherny; Stuart J. Sinder
> **Subject:** Re: '306 Proposal
>
> Don:
>
> Thanks for the update. We look forward to your response.
>
> Best,

7/10/2006

Ed

----- Original Message -----
From: "Dunner, Don" [Don.Dunner@finnegan.com]
Sent: 07/06/2006 02:00 PM
To: <edward.reines@weil.com>; <Steven.Cherny@lw.com>; <SSinder@kenyon.com>
Subject: RE: '306 Proposal

I had hoped to respond earlier to Ed's June 28th and Stu's June 30th emails, but the July 4th holiday and the absence thereafter from the office of Steve Anzalone and Dick Smith have compounded the consultation process. I will, however, commit to getting back to you no later than tomorrow, if not today.

Best regards.
Don Dunner

From: edward.reines@weil.com [mailto:edward.reines@weil.com]
Sent: Thursday, July 06, 2006 12:04 AM
To: Dunner, Don
Cc: Steven.Cherny@lw.com; SSinder@kenyon.com
Subject: Fw: '306 Proposal

Don,

On June 22, the Court issued its claim construction ruling. The next day Telcordia declared that it would promptly consider how the ruling would affect its infringement allegations. On June 28, Telcordia did acknowledge that its '306 Patent infringement claims were not viable, but only after it failed to meet the Court-ordered deadline for filing expert reports. Within hours, I raised two obvious and central questions:

(1)    What claim limitations does Telcordia concede it cannot satisfy for purposes of its ['306 Patent] proposal (and leaving aside for now its total failure to submit expert opinions to support any such infringement claims before the expert disclosure deadline)?

(2)    Is Telcordia also proposing to abandon its '306 Patent infringement allegations in the ITC?

Telcordia has repeatedly agreed to respond to these questions quickly -- even expressing urgency in this matter. However, it has been two weeks since the claim construction ruling issued.

Telcordia should reveal its positions. Telcordia cannot be expected to have its claims of urgency taken seriously when it does not act in accordance with such claims. We look forward to a full and complete response.

Best,

Ed

----- Forwarded by Edward Reines/SV/WGM/US on 07/05/2006 08:36 PM -----

Edward Reines/SV/WGM/US

06/28/2006 05:12 PM

To "Don Dunner" <don.dunner@finnegan.com>

cc "Steve Cherny" <Steven.Cherny@lw.com>, "Stuart J. Sinder" <SSinder@kenyon.com>

Subject '306 Proposal

We are in receipt of your letter late today revealing Telcordia's desire for a Rule 54(b) certification of a non-infringement judgment in relation to the '306 Patent.

As a threshold matter, there is some information we obviously will need to provide an informed response. Given the apparent urgency you attach to your request, we immediately pose two preliminary questions and may have more.

1). What claim limitations does Telcordia concede it cannot satisfy for purposes of its proposal (and leaving aside for now its total failure to submit expert opinions to support any such infringement claims before the expert disclosure deadline)?

(2) Is Telcordia also proposing to abandon its '306 Patent infringement allegations in the ITC?

We look forward to your responses as we begin to consider your request for a Rule 54(b) certification.

Best,

Ed

< END >

**The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the original message. Thank you**

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain

information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.