# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

July 11, 2006

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, Delaware 19801

VIA ELECTRONIC FILING

Re:  *Telcordia Technologies, Inc. v. Alcatel S.A. and Alcatel USA, Inc.*,
C.A. No. 04-874-GMS

*Telcordia Technologies, Inc. v. Lucent Technologies, Inc.*,
C.A. No.04-875-GMS

*Telcordia Technologies, Inc. v. Cisco Systems, Inc.*,
C.A. No. 04-876-GMS

Dear Judge Sleet:

The striking contrast between the July 10th filings in the above cases by Alcatel and Cisco, on the one hand, and Lucent, on the other, exposes Lucent's letter as nothing more than an attempt to poison Telcordia's relationship with the Court. Alcatel's motion simply invokes its statutory right (under 28 U.S.C. § 1659) to stay the action before this Court due to the ITC's institution of an investigation. Cisco's letter merely advises the Court that it has chosen not to seek a stay. Lucent, however, after briefly advising that it has elected not to seek a stay, goes on to use its letter as an opportunity to disparage Telcordia and accuse it of having dishonorable intentions in filing its action before the ITC. Lucent's allegations are false, and Telcordia respectfully requests that Your Honor permit us this opportunity to respond.

We note at the outset that contrary to Lucent's reckless allegation that Telcordia's ITC filing was designed "to collaterally attack this Court's Markman order in another forum," Telcordia filed its ITC action on May 15, 2006 – more than a month *before* this Court's June 22, 2006 Markman decision. Lucent's accusation therefore obviously is untrue. Indeed, Telcordia's ITC complaint was filed at a time when Telcordia still anxiously awaited the Court's claim construction decision and hoped that it would be a favorable one.

Lucent's other arguments in support of its assertion that Telcordia's ITC filing was motivated by non-legitimate tactical reasons are that: (1) Telcordia cannot obtain any relief from the ITC that this Court cannot also provide; (2) the '306 and '763 patents will expire before or

The Honorable Gregory M. Sleet
July 11, 2006
Page 2

shortly after the ITC might issue an exclusion order; and (3) Telcordia merely is seeking to ratchet up defendant's costs by commencing a parallel action. However, for the reasons that follow, Lucent's contentions are inconsistent with both conventional ITC practice and the facts of this case.

First, Telcordia can obtain significant relief from the ITC that is not available in the actions before this Court. An ITC investigation is an *in rem* proceeding in which a successful complainant can obtain an exclusion order, enforced by the Customs Service, against the goods involved regardless of the parties who import those goods. Such exclusion orders almost never are stayed pending appeal, contrary to district court practice where, on a proper showing, stays are more readily available. It is for reasons such as these that parties *routinely* institute co-pending district court and ITC actions involving overlapping patents against common parties. Indeed, since January 2005, more than 50% of the § 1337 actions filed in the ITC involved patents that also were asserted in co-pending district court actions against parties involved in the ITC investigation.

Second, when the ITC complaint was filed on May 15, 2006, it was believed that substantial relief could be obtained in the ITC based on the '633 patent in suit (expiring October 30, 2012), and that some, though lesser, relief could be obtained based on the '763 patent (expiring February 4, 2008) and the '306 patent (expiring November 10, 2007). Since that complaint was filed, this Court has issued its Markman ruling and Telcordia has concluded that it cannot prove infringement of the '306 patent based on that ruling. Telcordia has advised the defendants that it intends to ask this Court to enter judgment against Telcordia on the '306 patent and to issue a Rule 54(b) certification as to that patent in order to permit an immediate appeal to the Federal Circuit. Since, contrary to Lucent's assertion, it is not Telcordia's desire to mount a collateral attack on this Court's Markman ruling on the '306 patent, Telcordia intends to advise the ITC that it will be withdrawing its allegations based on that patent – as we were about to advise the defendants when we received their filings yesterday.

Finally, Telcordia is not seeking to ratchet up defendants' costs by commencing parallel actions. Aside from the fact that those actions provide non-overlapping forms of relief as noted above, both Lucent and Cisco had the option of staying the district court actions under 28 U.S.C. § 1659, as Alcatel has done, but chose for reasons of their own not to do so.

Respectfully,

/s/ Steven J. Balick

Steven J. Balick

SJB/dmf
171158.1

The Honorable Gregory M. Sleet
July 11, 2006
Page 3


c:      Donald R. Dunner, Esquire (via electronic mail)
        Josy W. Ingersoll, Esquire (by hand, and via electronic mail)
        Stuart J. Sinder, Esquire (via electronic mail)
        John W. Shaw, Esquire (by hand, and via electronic mail)
        Steven C. Cherny, Esquire (via electronic mail)
        David A. Nelson, Esquire (via electronic mail)
        Jack B. Blumenfeld, Esquire (by hand, and via electronic mail)
        Matthew D. Powers, Esquire (via electronic mail)