# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS

RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6689
DIRECT FAX: (302) 576-3334
jshaw@ycst.com

ATHANASIOS E. AGELAKOPOULOS
LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
CURTIS J. CROWTHER
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
DANIELLE GIBBS
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN (NY ONLY)
KAREN L. PASCALE
PATRICIA A. WIDDOSS

JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JOHN J. PASCHETTO
ADAM W. POFF
SETH J. REIDENBERG
FRANCIS J. SCHANNE
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
JOHN E. TRACEY
MARGARET B. WHITEMAN
CHRISTIAN DOUGLAS WRIGHT
SHARON M. ZIEG

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

July 12, 2006

**BY CM/ECF**

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, DE 19801

    Re:    <u>Telcordia Techs. Inc. v. Lucent Techs., Inc., C.A. No. 04-875-GMS</u>

Dear Judge Sleet:

    While we hesitate to add to the letters recently sent by the parties concerning Telcordia's International Trade Commission ("ITC") action, Lucent feels constrained to respond to certain assertions in Telcordia's July 11 letter to the Court. (D.I. 201).

    Until yesterday, Telcordia declined to tell us why it had commenced a proceeding in the ITC on the same patents that are before this Court. Telcordia now cites the alleged availability of "additional relief" in the ITC as the basis for multiplying the proceedings between the parties. That "additional relief" (exclusion orders that Telcordia contends are not as easily stayed pending appeal as judicial injunctions) was equally available to Telcordia in July 2004, when it commenced this action. But Telcordia waited until the very end of fact discovery, and shortly after the Markman hearing, to seek such "additional relief." Telcordia also asserts that parallel filings in the ITC are common. That is certainly not the case when the District Court action has been litigated for two years, and discovery and claim construction have been completed. Given the expiration dates of the '306 and '763 patents, if Telcordia believed the relief available from this Court was somehow insufficient, it would not have waited two years to seek exclusion orders from the ITC.

    Telcordia states that it was planning to advise the Defendants that it would drop the '306 patent from its ITC action. In fact, Telcordia refused to tell the Defendants just that. Last Friday, a week and half after Defendants asked (and one business day before Defendants had to decide whether to move for a stay), Telcordia responded:

> ***Telcordia has not decided whether it will proceed with its allegations of infringement of the '306 patent before the ITC. Before it does so, it will need to***

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
July 12, 2006
Page 2

> *know whether the defendants will seek to stay the district court litigation* under 28 U.S.C. § 1659, an election which must be made within 30 days after a party was named as a respondent in the ITC proceeding.

*See Attachment 1.* Telcordia's position was that it would not tell Defendants its intentions regarding the '306 patent in the ITC until Defendants decided whether to seek a stay of this action.[1] In any event, Lucent is pleased that Telcordia now has decided to drop its parallel '306 patent action.

Defendants have asked Telcordia for a written proposal on the Rule 54(b) Judgment it desires on the '306 patent, setting forth each of the claim limitations Telcordia concedes it cannot establish. Telcordia has not provided the requested stipulation. Defendants will consider Telcordia's proposal when it arrives. In the meantime, Defendants will comply with the existing schedule, including the expert discovery and summary judgment date with respect to all the patents at issue in this action.

Respectfully submitted,

John W. Shaw (ID No. 3362)

JWS/prt
cc:   Clerk of the Court (by hand delivery and CM/ECF)
      Steven J. Balick, Esquire (by CM/ECF)
      Don O. Burley, Esquire (by e-mail)
      Steven C. Cherny, Esquire (by e-mail)

---

[1]   If Telcordia had intended to withdraw the '306 patent from the ITC case, it would not matter whether the Defendants sought a stay. Therefore, Telcordia's intention must have been that if all the Defendants sought a stay, Telcordia would have proceeded on the '306 patent claim in the ITC despite its admission that none of the Defendants infringe the patent.