# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

July 19, 2006

The Honorable Gregory M. Sleet  
United States District Court  
844 King Street  
Wilmington, Delaware 19801

VIA ELECTRONIC FILING

Re: *Telcordia Technologies, Inc. v. Lucent Technologies, Inc.*,
C.A. No. 04-875-GMS

*Telcordia Technologies, Inc. v. Cisco Systems, Inc.*,
C.A. No. 04-876-GMS

Dear Judge Sleet:

I am writing on behalf of Telcordia with a time-sensitive request in connection with a problem we now face as a result of yesterday afternoon's teleconference in the above actions. Specifically, as more fully explained below, we respectfully request permission to serve infringement and damages expert reports this Friday, July 21st, on the '306 patent – reports that we believed were rendered moot when we concluded that we could not prove infringement under the Court's claim construction and would have to consent to the entry of a judgment of non-infringement on that patent. If, as we propose, defendants serve their responsive expert reports on the '306 patent on July 28th and Telcordia forgoes any reply expert reports, then this request, if granted, would have no impact whatsoever on any date in the current scheduling order beyond the dates for service of expert reports.

When Telcordia concluded that under the Court's claim construction it could not prove infringement of the '306 patent – and that as a result it would have to concede the issue and consent to the entry of a judgment of non-infringement on that patent without requiring the defendants to prevail on summary judgment or at trial – we assumed that there no longer was any reason to serve opening infringement and damages expert reports on the '306 patent, and we did not do so. However, the Court has now decided to permit defendants to proceed with summary judgment in order to make a fuller record of the factual bases for the entry of judgment of non-infringement on the '306 patent. Since defendants apparently intend to seek summary judgment not only on the claim elements which we concede we cannot prove but also on the claim elements which we believe we still can prove under Your Honor's claim construction, Telcordia is requesting permission to put forward its infringement and damages experts on the '306 patent in order to protect its rights on the claim elements that remain viable under the Court's constructions.

The Honorable Gregory M. Sleet
July 19, 2006
Page 2

      We attempted to contact counsel for Cisco and Lucent (the Alcatel case having been stayed) at approximately 3:00 p.m. today. We discussed the matter with Lucent's counsel, Mr. Cherny. We were unable to reach Cisco's counsel, but we subsequently left him detailed voicemail and e-mail messages. We do not yet have a response from either defendant as to whether this request will be opposed.

      We appreciate the Court's indulgence in considering this follow-up to yesterday's discussion. If at all possible, we would appreciate a brief teleconference with Your Honor to discuss this matter.

                                         Respectfully,

                                          /s/ Steven J. Balick

                                          Steven J. Balick

SJB/dwh
171385.1

c:     Donald R. Dunner, Esquire (via electronic mail)
       John W. Shaw, Esquire (by hand, and via electronic mail)
       Steven C. Cherny, Esquire (via electronic mail)
       David A. Nelson, Esquire (via electronic mail)
       Jack B. Blumenfeld, Esquire (by hand, and via electronic mail)
       Edward R. Reines, Esquire (via electronic mail)