# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

July 20, 2006

**BY ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Court
844 North King Street
Wilmington, DE 19801

Re: *Telcordia Technologies, Inc. v. Lucent Technologies*, C.A. No. 04-875 (GMS)
*Telcordia Technologies, Inc. v. Cisco Systems, Inc.*, C.A. No. 04-876 (GMS)

Dear Judge Sleet:

This responds to Telcordia's letter to Your Honor of yesterday. Telcordia seeks permission to serve infringement and damages expert reports on the '306 patent three and one-half weeks late, proposing that defendants then get one week to respond to those reports (instead of the three and one-half weeks contemplated by the Scheduling Order). This is the second time Telcordia has sought to extend the date for its expert reports. The Court granted Telcordia's prior request in part, giving it additional time so that it could comply with its duty to submit expert reports with the benefit of the claim construction Order. (D.I. 183 in C.A. 04-876-GMS). Another extension is not justified. Telcordia makes its request after it made the unilateral decision not to comply with the Court-ordered schedule for opening expert reports, and without even advising the Court or the defendants of that decision in advance, let alone seeking leave to deviate from the Court's schedule. Moreover, it does so with the expert discovery cut-off just two weeks away and summary judgment letters due in three weeks. Telcordia's request should be denied. Such a late submission would provide Telcordia with an unfair tactical advantage, given that it has had defendants' expert report on invalidity of the '306 patent for weeks, and it would severely compress defendants' time to submit reports, take depositions, and prepare summary judgment papers.

The Honorable Gregory M. Sleet
July 20, 2006
Page 2

Telcordia says that its "problem" is a "result of yesterday afternoon's telephone conference . . ." Nothing happened during Tuesday's conference to create Telcordia's "problem." That was caused solely by Telcordia's decision to flout the Court's Scheduling Order. The Court granted Telcordia an extension for opening expert reports until June 28, 2006 (D.I. 183 in C.A. 04-876-GMS). On June 28, Telcordia served expert reports on the other two patents, but advised defendants that it had decided not to serve reports on the '306 patent, but instead to seek entry of judgment of non-infringement of that patent under Rule 54(b). (Ex. A). Telcordia did not approach the Court with its proposal. Indeed, when Telcordia sought the extension of the date to submit expert reports, it did so on the basis that it needed additional time to comply fully with the expert report deadline, but it did not mention that it would not submit reports on the '306 patent. (D.I. 180 in C.A. 04-876-GMS). Telcordia did not even advise defendants of its plan before the time set for the exchange of expert reports. Telcordia apparently decided that it did not have to abide by the Court's Scheduling Order or get the Court's permission (or the defendants' concurrence) to deviate from it. Telcordia's letter says that it simply "assumed" that there was no need to serve such reports. Telcordia, however, did nothing to dissuade the defendants from serving their opening invalidity report on the '306 patent when it was due on June 28, even though it now says that it was assuming that there was "no need" for such reports. And when defendants pointed out Telcordia's "total failure" to submit timely expert disclosures on June 28 and again on July 6, Telcordia also ignored those communications. (Ex. B). Telcordia also did not advise the Court during the conference on Tuesday that it had not submitted expert reports on the '306 patent. In essence, Telcordia decided that it would move under Rule 54(b) and that it therefore no longer needed to abide by the Court's schedule.

Telcordia next says that "the Court has now decided to permit defendants to proceed with summary judgment" of noninfringement of the '306 patent. In fact, that procedure was included in the Court's Scheduling Order, and was not something new. Telcordia cannot credibly contend that the Court's refusal to deviate from its schedule or to permit a premature Rule 54(b) motion constitutes a decision "to permit defendants to proceed with summary judgment." The defendants have asserted noninfringement, and summary judgment always was contemplated. Indeed, in their June 26, 2006 opposition to Telcordia's motion for an extension of the date for expert reports, defendants noted their plans to move for summary judgment of noninfringement and their concerns about "delaying the summary judgment process." (D.I. 181 in C.A. 04-876-GMS). The only thing that happened during the conference call on Tuesday was that the Court rejected Telcordia's request for Rule 54(b) judgment. And the only reason that happened was because the Court scheduled a status conference, not because Telcordia requested a conference with the Court raise the Rule 54(b) issue. Had the Court not convened a status conference, Telcordia would have filed a motion under Rule 54(b) on Tuesday, even though such a motion is not ripe, and apparently would have continued to presume that it did not have to comply with the plain terms of the Scheduling Order. It simply is disingenuous for Telcordia to act as if the default was that the Court would grant its contemplated Rule 54(b) motion, and that the Court's decision to adhere to its schedule constituted a new event. If that were the case, any party could avoid the Court's

The Honorable Gregory M. Sleet
July 20, 2006
Page 3

Scheduling Orders merely by expressing an intention to file a motion and assuming that it would be granted.

Permitting Telcordia to reverse its decision not to submit expert reports and to submit new expert reports on infringement and damages now would be highly prejudicial to the defendants, for several reasons. First, although the Scheduling Order contemplated an exchange of expert reports by burden of proof, Telcordia has had the benefit of defendants' invalidity report on the '306 patent for three weeks. Second, although the Scheduling Order provided three and one-half weeks for rebuttal expert reports, Telcordia proposes to cut defendants' time to respond to two reports on the '306 patent to one week, solely as a result of its own decision to ignore the Court's Order. Third, the defendants are in the process of preparing and finalizing rebuttal reports to Telcordia's other three reports, which are due this Friday. Fourth, the cutoff for expert discovery is August 7, and there is an enormous amount of work already to be done on the other two patents and on damages. Finally, opening summary judgment letters are due in three weeks, on August 11.

The Court, with input from the parties, entered a Scheduling Order and has repeatedly reminded the parties that it expected strict compliance. Defendants followed that Order. Telcordia did not. Telcordia should not now be permitted to redo that schedule to defendants' clear prejudice, because it decided not to follow that schedule.

Respectfully,

/s/ *Jack B. Blumenfeld (#1014)*

Jack B. Blumenfeld

JBB/bls
529530

cc: Peter T. Dalleo, Clerk (By Hand)
Steven J. Balick, Esquire (By Hand)
John W. Shaw, Esquire (By Hand)
Donald R. Dunner, Esquire (By Fax)
Steven C. Cherny, Esquire (By Fax)
Edward R. Reines, Esquire (By Fax)