# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

July 20, 2006

The Honorable Gregory M. Sleet  
United States District Court  
844 King Street  
Wilmington, Delaware 19801

VIA ELECTRONIC FILING

Re: *Telcordia Technologies, Inc. v. Lucent Technologies, Inc.*,  
C.A. No.04-875-GMS

*Telcordia Technologies, Inc. v. Cisco Systems, Inc.*,  
C.A. No. 04-876-GMS

Dear Judge Sleet:

Defendants' response to Telcordia's request for permission to file '306 patent expert reports on infringement and damages accuses Telcordia of flouting the Court's Scheduling Order, of not providing the Court or the defendants with Telcordia's decision not to pursue its '306 patent in advance, or of its plan to seek Rule 54(b) relief, as well as many other alleged transgressions. The facts undermine defendants' contentions.

First, Telcordia did not flout the Court's Scheduling Order. On the date set for initial expert reports, Telcordia served defendants with complete expert reports on the '633 and '763 patents. While they did not serve any expert reports on the '306 patent, that was not in defiance of the Court's Scheduling Order but a simple reflection of the fact that during the days following the Court's Markman Order of June 22nd, Telcordia concluded that it could not prove infringement of the '306 patent. Having reached that conclusion and the further conclusion that Telcordia had no choice but to ask the Court to enter judgment against it on the '306 patent, it was reasonable to conclude that it would have been a waste of the defendants' and the Court's resources to deal further with the '306 patent infringement issues, whether or not the Court entered a Rule 54(b) judgment permitting an immediate appeal to the Federal Circuit. There was no intent in this decision to disrespect the Court's orders, only the realization that if infringement cannot be proved, it made no sense to serve an expert report directed to proving it.

While defendants argue that we should have given them advance notice of this conclusion, the conclusion was reached only in the final stages of the short extension of time granted by the Court after the issuance of its Markman order. While defendants complain that

The Honorable Gregory M. Sleet
July 20, 2006
Page 2

this provides Telcordia with the advantage of having seen their '306 patent validity expert reports, that knowledge has no impact on anything that would be included in '306 patent expert reports on infringement or damages and it certainly was not Telcordia's intent to gain any such advantage.

Nor is there any merit to defendants' contention that Telcordia did not approach the Court with its Rule 54(b) proposal. On June 28th, the day initial expert reports were due, Telcordia advised defendants not only that it could not prove infringement of the '306 patent but that it would move the Court to enter judgment of non-infringement and certify the case under Rule 54(b). In that same letter, Telcordia asked defendants if they would oppose such a motion. What followed was a series of communications between the parties in which defendants sought certain information before they would commit to opposing or approving Rule 54(b) relief, culminating in a Telcordia letter to defendants asking again whether they'd oppose a Rule 54(b) motion and a statement that Telcordia intended to file the motion on July 18th. That motion was not filed only because the Court had by then advised the parties that it had scheduled a status conference on July 18th and because Lucent insisted that we should not file our motion prior to that status conference.

While defendants contend otherwise, what happened at that status conference in fact is what prompted Telcordia's request for permission to file '306 patent expert reports. Before that conference, Telcordia reasonably believed that its concession of noninfringement of the '306 patent and its intent to have judgment on that patent immediately entered against it would be realized and that that would lead to an immediate end to the district court litigation on that patent, as it had in the *Bellcore v. FORE* case. Your Honor's ruling at the status conference, however, was inconsistent with this belief since the ruling permits defendants to pursue further their positions on elements of the '306 patent claims other than those on which Telcordia concedes non-infringement and to seek summary judgment on those elements.

While defendants contend that the summary judgment procedure is nothing new and was included in the Court's Scheduling Order, what was new was the fact that the '306 patent claims would be subject to further proceedings, including summary judgment, notwithstanding that Telcordia was prepared for the immediate entry of judgment against it on the '306 patent.

We should note at this point that while defendants blur the distinction between Telcordia's desire to have judgment entered against it and to have the Court certify its entry of judgment under Rule 54(b), there is a clear distinction between the two. Whatever the Court did on the Rule 54(b) issue, Telcordia's intent and interest was to end the district court case as to the '306 patent. Even if the Court decided not to certify the case under Rule 54(b), Telcordia believed that entry of judgment against it on the '306 patent would obviate the need for any further action on that patent, including the filing of its '306 patent expert infringement reports. While the Court's decision at the July 18th status conference achieved a different result, we respectfully submit that Telcordia's actions and beliefs were nonetheless reasonable.

The Honorable Gregory M. Sleet
July 20, 2006
Page 3

      The bottom line is that Telcordia is not seeking any unfair advantage over defendants. All it is doing is seeking reasonable and limited relief following an unanticipated change in circumstances as a result of the July 18th status conference. In seeking such relief, Telcordia has gone out of its way to minimize the burden on the Court and defendants, agreeing to file its '306 patent reports by tomorrow and agreeing not to file any reply reports on this patent so that the period for expert reports would not extend even one day beyond the current date for the last of those reports.

      If the relief requested by Telcordia is denied, Telcordia will be seriously disadvantaged vis-a-vis defendants. If Telcordia had acted with evil intent or with a desire to flout the Court's rules, such disadvantage would be deserved. But contrary to defendants' disparaging letter, Telcordia has not in any way acted in disregard of its obligations to the Court, and in the interests of fairness, we respectfully seek relief from the unanticipated spot in which we find ourselves. With nine months remaining before trial, we believe there to be ample time to fully protect all parties' interests and allow the creation of a complete record on the '306 patent rather than one supported only by defendants' expert testimony.

      For the foregoing reasons, Telcordia respectfully asks the Court to approve its request.

Respectfully,

/s/ *Steven J. Balick*

Steven J. Balick

SJB: nml
171454.1

cc:    Donald R. Dunner, Esquire (via electronic mail)
       John W. Shaw, Esquire (by hand, and via electronic mail)
       Steven C. Cherny, Esquire (via electronic mail)
       David A. Nelson, Esquire (via electronic mail)
       Jack B. Blumenfeld, Esquire (by hand, and via electronic mail)
       Edward R. Reines, Esquire (via electronic mail)