IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-875 GMS |
| | ) | |
| LUCENT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-876 GMS |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

WHEREAS, on July 19, 2006, Telcordia Technologies, Inc. ("Telcordia") filed a letter (D.I. 203) requesting permission to serve infringement and damages expert reports on Friday, July 21, 2006, on the '306 patent;

WHEREAS, the letter request asserts that Telcordia believed the expert reports were "rendered moot" when it concluded that it could not prove infringement under the court's claim construction ruling and assumed that the court would enter judgment in the defendants' favor without partaking in the summary judgment or trial process;

WHEREAS, the letter sets forth a schedule with respect to the reports that "would have no impact whatsoever on any date in the current scheduling order beyond the dates for service of expert reports;"

WHEREAS, on July 20, 2006, the defendants filed a letter (D.I. 204) in opposition to Telcordia's request, arguing that an extension is not justified because Telcordia made a unilateral decision not to comply with the due date for expert reports under the court's Scheduling Order (D.I. 83);

WHEREAS, the defendants' letter further argues that it would be unfair to permit Telcordia to file expert reports at this late date because Telcordia has had their expert report on the '306 patent for weeks, and the schedule proposed by Telcordia would compress their time to respond to its expert reports;

WHEREAS, after having considered the parties' submissions (D.I. 203, 204, 205), the court concludes that permitting Telcordia to file expert reports on the '306 patent at this late date would be unfair to the defendants, who timely submitted their expert report on the '306 patent;[1,2]

---

[1] Indeed, this is the second time Telcordia has requested to extend the date for submission of its expert reports. The court granted Telcordia's prior request, in part, giving it a two-day extension of the due date in order to digest the court's claim construction Order. (See D.I. 193.)

[2] Telcordia's claim that it cannot prove infringement of the '306 patent under the claim construction ruling was brought to the court's attention during a teleconference on July 18, 2006. During the teleconference, Telcordia informed the court that it planned to file a motion seeking relief under Rule 54(b) of the Federal Rules of Civil Procedure, which allows a court to enter final judgment and dispose of one or more claims in pending action. After hearing argument from the parties, the court concluded that it needed to create a more complete factual record before it could enter judgment against Telcordia on the '306 patent. The court, therefore, advised Telcordia that it would deny any Rule 54(b) motion filed prior to the summary judgment process contemplated by the Scheduling Order. Telcordia then filed the above-discussed letter. Telcordia's letter asserts that it needs permission to file late expert reports because "the court has *now* decided to permit defendants to proceed with summary judgment in order to make a fuller record of the factual bases for the entry of judgment of non-infringement on the '306 patent." (D.I. 203) (emphasis added). The court disagrees with Telcordia's characterization of the situation – a situation that was created solely by Telcordia's decision to forego serving expert reports on the '306 patent within the appropriate deadline. Contrary to Telcordia's statement, the court did not recently decide to proceed with its summary judgment process; the process was built into the Scheduling Order submitted by the parties and entered by the court on January 23, 2006. (See D.I. 83 ¶ 6.) In the court's eyes, Telcordia should have taken a more prudent course. In other words, rather than "assum[ing] that there was no longer any reason to serve opening

IT IS HEREBY ORDERED that:

1. Telcordia's letter request for permission to serve infringement and damages expert reports on the '306 patent is DENIED.

Dated: July 21, 2006  /s/ Gregory M. Sleet
UNITED STATES DISTRICT JUDGE

---

infringement and damages expert reports on the '306 patent" and, therefore, not serving any, Telcordia should have served the reports under the deadline *required* by the Scheduling Order. Then, Telcordia could have brought its contemplated Rule 54(b) motion to the court's attention. Instead, Telcordia chose to forego serving expert reports, thereby creating the "problem" it now faces. In the future, any party who wishes to deviate from its Scheduling Order should seek guidance from the court rather than "assum[ing]" that the deviation is proper under the circumstances of the case.