IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-875-GMS |
| | ) | |
| LUCENT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| | ) | |
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-876-GMS |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

**OPENING BRIEF IN SUPPORT OF PLAINTIFF TELCORDIA TECHNOLOGIES, INC.'S MOTION TO PRECLUDE DEFENDANTS FROM PRESENTING EXPERT OPINIONS ON INVALIDITY AND UNENFORCEABILITY BY AN ADDITIONAL EXPERT WHO NEVER PREPARED OR SUBMITTED AN OPENING EXPERT REPORT ON INVALIDITY AND UNENFORCEABILITY**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Richard H. Smith
Houtan K. Esfahani
Finnegan, Henderson, Farabow,
 Garrett & Dunner, L.L.P.
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

York M. Faulkner
Finnegan, Henderson, Farabow,
 Garrett & Dunner, L.L.P.
Two Freedom Square
11955 Freedom Square
Reston, VA  20190-5675
(650) 849-6600

Dated:  August 11, 2006

# TABLE OF CONTENTS

I.      Introduction ................................................................................................ 1

II.     Statement Of Facts And Of The Nature And Stage Of The Proceedings ........................... 2

III.    Summary Of The Argument ........................................................................... 5

IV.     Argument ................................................................................................... 6

        A.    There Is No Basis In The Federal Rules Or The Court's Revised Scheduling
              Order To Use A Different Expert On An Issue After Defendants' Report On That
              Issue Was Due And Filed ...................................................................... 6

        B.    Dr. Acampora's Qualified And Untimely "Adoption" Of The Dr. Jones Invalidity
              Report After Telcordia's Timely Filing Of A Response Validity Report Is
              Prejudicial To Telcordia ....................................................................... 8

        C.    The Defendants Should Produce Dr. Jones For Two Days of Deposition ............ 10

V.      Conclusion ................................................................................................. 10

## **TABLE OF AUTHORITIES**

**Cases**

*Lippe v. Bairnco Corp.,*
    249 F.Supp.2d 357 (S.D.N.Y. 2003) ........................................................................ 7

*Marmo v. IBP, Inc.,*
    No. 8:00 CV 527, 2005 WL 675809, at *2-*3 (D. Neb. Feb. 3, 2005) .................... 7

**Statutes**

28 U.S.C. § 1659(a) ...................................................................................................... 1

**Rules**

Fed. R. Civ. P. 26(a)(2)............................................................................................. 5, 6

## I.    Introduction

During the expert disclosure and discovery phase of these two cases, defendants Lucent Technologies, Inc. ("Lucent") and Cisco Systems, Inc. ("Cisco") unilaterally announced that they were using a different substantive technical expert on the issues of the validity and enforceability of Telcordia's U.S. Patent No. Re. 36,633 ("the '633 patent") than the one who had prepared and submitted defendants' only expert report in support of their case. This announcement not only came after a different expert (Dr. Jones) had served the only opening expert report on those subjects, but also after Telcordia had served its answering expert report pointing out the deficiencies in Dr. Jones' opinions on these subjects. In spite of Telcordia's objections and without seeking leave of Court, defendants' new expert (Dr. Acampora) served a "reply" report on '633 patent validity and enforceability which offered the views of Dr. Acampora for the first time on these issues. Defendants now insist that the expert who filed the opening report will not be their expert on '633 patent validity and enforceability.

Telcordia submits that nothing in the Federal Rules or this Court's Rules or Orders permits defendants to unilaterally use a different expert, and that the unsanctioned substitution of a technical expert who never prepared or submitted an opening expert report during the expert discovery period is unfair and prejudicial to Telcordia. Telcordia respectfully asks the Court to preclude defendants from presenting expert opinions on invalidity and unenforceability by an additional expert who never prepared or submitted an opening expert report on invalidity and unenforceability, and to compel defendants to produce their original expert for two days of deposition.

## II.    Statement Of Facts And Of The Nature And Stage Of The Proceedings

Telcordia filed its original complaints in these actions on July 16, 2004, and filed its amended complaints on June 14, 2005.  Originally, Telcordia asserted U.S. Patent Nos. 4,893,306 ("the '306 patent") and Re. 36,633 against defendant Alcatel USA, Inc. ("Alcatel"), and the '306 patent, the '633 patent, and U.S. Patent No. 4,835,763 ("the '763 patent") against defendants Lucent and Cisco.  On July 18, 2006, the Court stayed the Alcatel case upon Alcatel's motion pursuant to 28 U.S.C. § 1659(a).  (D.I. 218 in C.A. No. 04-874-GMS).  Additionally, Telcordia is no longer asserting the '306 patent in the remaining cases against Cisco and Lucent.[1] The cases are not consolidated but are governed by a common Revised Scheduling Order (D.I. 83 in 04-CV-875 GMS and D.I. 72 in 04-CV-876 GMS)[2] and are scheduled for trial during the period of April 16, 2007 to May 25, 2007.

The Revised Scheduling Order sets forth the dates and structure for the exchange of expert reports.  (D.I.s 83 and 72).  Specifically, the Order mandates a simultaneous exchange of opening expert reports, followed by a simultaneous exchange of answering expert reports, followed finally by a simultaneous exchange of reply expert reports.  In accordance with the structure set forth in the Revised Scheduling Order, the parties exchanged opening expert reports

_____

[1] After evaluating the Court's June, 22, 2006, claim construction decision, Telcordia determined that it cannot prove that any of defendants' accused products infringe any of the asserted claims of the '306 patent under the Court's construction of that patent.  Telcordia conveyed this position to defendants and the Court, and by a letter filed with the Court on August 11, 2006, Telcordia seeks the entry of summary judgment of non-infringement of the '306 patent (and ultimately Telcordia intends to seek a certification under Rule 54(b)).  Telcordia intends to appeal the Court's claim construction decision, and any summary judgment decision based on that claim construction, to the Court of Appeals for the Federal Circuit.

[2] Hereinafter, citations to documents with docket item numbers in both cases will be in the form of the D.I. number for C.A. No. 04-875-GMS (the Lucent case) followed by the D.I. number for C.A. No. 04-876-GMS (the Cisco case).

on June 28, 2006. As part of this exchange, defendants served one joint expert report of Dr. Vincent Jones on the validity and unenforceability of the '633 patent. (D.I. 213 in C.A. No. 04-874-GMS). Accordingly, on July 21, 2006, Telcordia served an answering expert report of Dr. Douglas Clark pointing out the deficiencies in the opinions set forth in Dr. Jones' opening report on validity and unenforceability of the '633 patent. (D.I.s 209 and 197).

Four days after Dr. Clark served his answering report, and three days before reply expert reports were due, defendants informed Telcordia for the first time that they intended to use a different expert, Dr. Acampora, to offer opinions on the validity and enforceability of the '633 patent. (Exhibit A). In order to make up for the fact that, under the Federal Rules, Dr. Acampora was never disclosed as defendants' expert on '633 patent validity and enforceability issues and never served an opening report on '633 patent validity and enforceability, defendants announced that Dr. Acampora would retroactively "adopt" Dr. Jones' opening report (even though Dr. Acampora was not willing to go this far when asked during deposition about the Jones report), and that Dr. Acampora would serve a "reply" expert report on behalf of defendants on '633 patent validity and enforceability. (Exhibit A). In an effort to excuse their abrupt change in position, defendants contended that Dr. Jones was really "Alcatel's expert" and with the Alcatel case stayed, Cisco and Lucent preferred to use Dr. Acampora as their expert. (Exhibit A).

Telcordia immediately (within two hours) objected to defendants' proposal on the grounds that it was too late to unilaterally decide to use a different expert on the issue of '633 patent validity and enforceability, particularly after Telcordia had already submitted its answering report on the opinions offered by Dr. Jones. (Exhibit A). Three days later on July 28, 2006, despite Telcordia's objection and without seeking leave of Court, defendants served a

"reply" expert report of Dr. Acampora addressing Telcordia's answering expert report on '633

patent validity and enforceability issues even though Telcordia's report was directed to opinions

offered by a different expert. (D.I.s 224 and 210). Dr. Jones did not serve any reply report on

behalf of defendants. Telcordia persisted with its objection and informed defendants that it

would seek relief from the Court unless defendants would follow the rules and retract their

substitution of experts. (Exhibit B). The defendants refused. *Id.*

Several days after reply expert reports were due, on August 2 and 3, defendants produced

and Telcordia deposed Dr. Acampora (who has timely served expert reports on other technical

subjects). Although Telcordia examined Dr. Acampora about his '633 invalidity and

enforceability opinions out of an abundance of caution, Telcordia expressly did so under protest

and subject to objections made in correspondence sent well in advance of the deposition, as well

as objections made on the record, that defendants should not be permitted to offer Dr.

Acampora's '633 validity and enforceability opinions. (Exhibit B).

Before the parties advanced into the expert deposition stage of the schedule, the parties

agreed that all substantive technical experts would be deposed for two days. (Exhibit A). This

agreement made sense because each expert served a report in two separate cases, and each expert

had been duly noticed for deposition in two separate cases. Indeed, as noted above, Dr. Jones

served his expert report in each of the two pending cases. As such, Telcordia duly noticed Dr.

Jones for two separate depositions on two separate days (one for each case). (D.I.s 211 and 203).

Defendants, however, arbitrarily excepted Dr. Jones from the agreement that each expert would

be deposed for two days on the grounds that Dr. Jones had only filed one expert report. (Exhibit

B). Defendants offered Dr. Jones for one day only, with the concession that they would be

willing to consider Telcordia's request for a second day of deposition only after Telcordia

4

finished its first day of deposition. (Exhibit B). All of the other technical experts in both cases and on behalf of all parties were offered for deposition and were deposed on two consecutive days.

## III.    Summary Of The Argument

Telcordia submits that defendants should be precluded from presenting expert opinions on invalidity and unenforceability by an additional expert who never prepared or submitted an opening expert report on invalidity and unenforceability without leave of Court. There is nothing in the Federal Rules or in this Court's Revised Scheduling Order that would allow defendants to use a different expert on an issue after defendants' expert reports on that issue were due and served, and certainly not without leave of Court.  Nor is there any precedent or justification for allowing a new expert to offer opinions based on his untimely and qualified "adoption" of a report that he himself did not prepare and to which Telcordia had already responded with an answering report that pointed out the deficiencies in the opinions offered by the original expert.

Cisco and Lucent could have chosen Dr. Acampora as their expert on '633 patent validity and enforceability from the outset, but they instead chose Dr. Jones.  Cisco and Lucent could have timely sought leave of Court to substitute their experts, but they chose not to.  Defendants' unilateral bait and switch is prejudicial to Telcordia for at least the reasons that (1) Telcordia's answering report was directed to the opinions of Dr. Jones only, as Dr. Acampora never offered any opinions, and Telcordia therefore never had an opportunity to serve any expert reports in response to the validity and enforceability opinions of Dr. Acampora, (2) Dr. Acampora will be able to distance himself from the discredited expert opinions of Dr. Jones because he is not the author of the report or those opinions, and (3) Telcordia's experts cannot distance themselves from their own reports and opinions because, in accordance with the Federal Rules and the

Court's Revised Scheduling Order, Telcordia's experts actually authored rather than "adopted" the expert reports submitted on Telcordia's behalf.

It is clear from Dr. Acampora's deposition testimony that his untimely "adoption" of Dr. Jones' opinions is qualified in material respects, and that Dr. Acampora does not (and cannot) truly "adopt" a report that he did not prepare. These circumstances unfairly allow Dr. Acampora to align himself with Dr. Jones' opinions when convenient and helpful, and to distance himself from Dr. Jones' opinions where Telcordia's answering report demonstrates how those opinions present difficult and troubling situations for defendants. For these same reasons, the circumstances unfairly frustrate the purpose of Dr. Clark's answering report on '633 patent validity and enforceability, which was focused on the opening opinions of Dr. Jones. Moreover, defendants' actions stand the burden of production on its head, i.e., with Telcordia essentially opening on "validity" and defendants answering on invalidity, with no reply by Telcordia.

Finally, the relief Telcordia requests -- precluding defendants from offering expert opinions of Dr. Acampora on '633 patent validity and enforceability -- would not prejudice defendants because they still can have their original expert, Dr. Jones, who was timely and properly disclosed under Fed. R. Civ. P. 26(a), offer his opinions on the issues of '633 patent validity and enforceability.

## IV.    Argument

### A.    There Is No Basis In The Federal Rules Or The Court's Revised Scheduling Order To Use A Different Expert On An Issue After Defendants' Report On That Issue Was Due And Served

The Federal Rules of Civil Procedure require the disclosure of all expert witnesses and the service of an expert report that is "prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2). "The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the

6

opinions; any exhibits to be used as a summary of or support for the opinions . . . ." *Id.* Under the Federal Rules, these disclosures are to be made "at the times and in the sequence directed by the court," and this Court's Revised Scheduling Order dictates the times and sequence for service of expert reports in these cases. *Id.*

Dr. Acampora never signed and prepared an opening expert report on '633 patent validity and enforceability in accordance with Fed. R. Civ. P. 26(a)(2). Rather, Dr. Acampora only retroactively "adopted" the expert report of Dr. Jones. Indeed, Dr. Acampora testified that he did not prepare the report of Dr. Jones, that he did not contribute to or participate in its preparation, that he did not review the report prior to its service, and that he did not even read the report until well after it was served. *See* Acampora Deposition Transcript at 433-439. (Exhbit C). Only Dr. Jones prepared an expert report on '633 patent validity and enforceability in compliance with Fed. R. Civ. P. 26(a)(2).

There is no provision in the Federal Rules that allows defendants to substitute experts by having one expert witness purport to "adopt" a report that was "prepared and signed" by a different expert witness. Indeed, courts disapprove of litigants' efforts to substitute their experts when no good cause exists and when the other party would be unfairly prejudiced. *See, e.g., Marmo v. IBP, Inc.,* No. 8:00 CV 527, 2005 WL 675809, at *2-*3 (D. Neb. Feb. 3, 2005)(denying plaintiffs' request to re-designate experts on different topics and finding no good cause under Rule 16(b) to modify the order dictating the times and sequence of expert disclosures)(Exhibit D); *Lippe v. Bairnco Corp.,* 249 F.Supp.2d 357, 385-86 (S.D.N.Y. 2003)("At this juncture in the case, I will not allow Ryan [the expert sought to be substituted] to be used in place of Dewey and Evans, nor will I permit her report to be added to the summary

judgment record, nor will I permit Tersigni to file a "supplemental" report on valuation. This is not the way the Federal Rules of Civil Procedure work. Plaintiffs do not get a 'do-over.'").

At the very least, defendants should have sought leave of court to present expert opinions on invalidity and unenforceability by an additional expert who never prepared or submitted an opening expert report on invalidity and unenforceability. This is particularly so given Telcordia's prompt objection to defendants' unconventional proposal.

**B.     Dr. Acampora's Qualified And Untimely "Adoption" Of The Dr. Jones Invalidity Report After Telcordia's Timely Filing Of An Answering Validity Report Is Prejudicial to Telcordia**

Beyond the fact that there is no support in the Court's Revised Scheduling Order or the Federal Rules for an untimely substitution of experts by allowing one expert to "adopt" the opinions of another expert after the prior experts' opinions have been discredited in an answering report on the same issues, Telcordia would be prejudiced by defendants' bait and switch. Dr. Acampora has not truly adopted the opinions of Dr. Jones at all -- he merely agrees with the "conclusions" that are set forth in Dr. Jones' report. For example, in the introduction to his expert report Dr. Acampora indicates only that he "agree[s] with Dr. Jones' opinions and disagrees with Dr. Clark's expert report as set for [sic] below." Furthermore, during his deposition, Dr. Acampora explained:

> A: I didn't write the Jones report, and **if I had been asked to prepare a report on this subject, I'm not sure that I would have stated everything exactly the way that Dr. Jones has.** But in terms of his conclusions and the opinions that he expresses, I do agree with those.
>
> Q. Do you disagree with any of his opinions?
>
> A: Well, like I said, I didn't write this report, and I might have worded some things a little bit differently, but in terms of the opinions that he's expressed concerning the invalidity of the asserted claims, in light of the references that he's analyzed, I did

8

> study those references, and I've drawn the same conclusions that he
> has, largely for the reasons that he has. So I agree with his
> opinions. **I might have stated them differently. I might have
> emphasized or deemphasized one thing or another.** But with
> regard to his invalidity opinions, I have found none that I disagree
> with.

(Exhibit C) (emphasis added, objections omitted).

While Dr. Acampora may agree with Dr. Jones' conclusions in the same way that he might agree with conclusions set forth in a textbook or learned treatise, he has testified quite clearly that the opinions offered by Dr. Jones are not his own. It is clear from Dr. Acampora's deposition testimony that his so-called "adoption" of the opinions in Dr. Jones' report is qualified in material respects, and that Dr. Acampora does not (and cannot) truly "adopt" a report that he did not prepare. Dr. Acampora, therefore, is at liberty to distance himself from the reasoning, methodology, and support set forth in the Jones report when it may be convenient or helpful to do so. If Dr. Acampora were permitted to testify before a jury on '633 patent validity and enforceability he would remain free to distance himself from any opinions set forth in the Jones report as he saw fit. As a result, Telcordia would be prejudiced by this unauthorized procedure because it would be unable to cross examine -- and hold accountable -- the only person who actually offered the opinions.

This tactic is fundamentally unfair and prejudicial because Telcordia's experts will not have that same flexibility and latitude. The authors of Telcordia's expert reports -- the properly disclosed experts themselves -- have to support the opinions they offered in their opening reports and stand accountable for their own reports. The defendants' experts should be held to that same standard.

The prejudice to Telcordia is demonstrated by the fact that Telcordia's '633 validity and enforceability expert, Dr. Clark, prepared an answering report in direct response to the opinions set forth in Dr. Jones' report. Although Telcordia's report demonstrated the errors in Dr. Jones' opinions and the lack of bases for those opinions, defendants are now free to start over by having their new expert offer his own opinions in a purported "reply." In contrast, Dr. Clark's answering opinions are limited to the issues raised by Dr. Jones and he has had no opportunity to "answer" the invalidity opinions that Dr. Acampora can now choose to emphasize or deemphasize in reply. As such, Telcordia cannot frustrate the purpose of defendants' answering expert and switch the burden of proof because Telcordia did not switch experts and did not offer new opinions after defendants had submitted their answering reports.

### C.     The Defendants Should Produce Dr. Jones for Two Days of Deposition

Dr. Jones filed an expert report in two separate cases, and Telcordia filed timely notices of deposition for Dr. Jones in each case. (D.I.s 211 and 203). As such, under the Federal Rules Telcordia is entitled to take Dr. Jones' deposition in each respective case.

Moreover, pursuant to an agreement with the defendants, Telcordia has produced all of its technical experts for two days of deposition and defendants have likewise produced all of their technical experts (with the exception of Dr. Jones) for two days of deposition. There is no reason to except Dr. Jones from this framework.

### V.     Conclusion

For the reasons stated above, Telcordia respectfully requests that the Court preclude the defendants from presenting expert opinions on invalidity and unenforceability by an additional expert who never prepared or submitted an opening expert report on invalidity and unenforceability. Telcordia also respectfully requests that the Court compel the defendants to produce Dr. Jones for two days of deposition.

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Richard H. Smith
Houtan K. Esfahani
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

York M. Faulkner
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
Two Freedom Square
11955 Freedom Square
Reston, VA  20190-5675
(650) 849-6600

Dated:  August 11, 2006

172094.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August, 2006, the attached **OPENING BRIEF IN SUPPORT OF PLAINTIFF TELCORDIA TECHNOLOGIES, INC.'S MOTION TO PRECLUDE DEFENDANTS FROM PRESENTING EXPERT OPINIONS ON INVALIDITY AND UNENFORCEABILITY BY AN ADDITIONAL EXPERT WHO NEVER PREPARED OR SUBMITTED AN OPENING EXPERT REPORT ON INVALIDITY AND UNENFORCEABILITY** was served upon the below-named counsel of record at the address and in the manner indicated:

John W. Shaw, Esquire                                                      HAND DELIVERY
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street
Wilmington, DE  19801

Steven C. Cherny, Esquire                                           VIA ELECTRONIC MAIL
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY  10022

David A. Nelson, Esquire                                            VIA ELECTRONIC MAIL
Latham & Watkins LLP
Sears Tower, Suite 5800
Chicago, IL  60606

David M. Farnum, Esquire                                        VIA ELECTRONIC MAIL
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, DC  20004-1304

Sean S. Pak, Esquire                                               VIA ELECTRONIC MAIL
Latham & Watkins
633 West Fifth Street, Suite 4000
Los Angeles, CA  90071-2007

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE  19899-1347

Matthew D. Powers, Esquire
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065

<u>HAND DELIVERY</u>

<u>VIA ELECTRONIC MAIL</u>

*/s/ Steven J. Balick*
_____
Steven J. Balick

172095.1