# Exhibit B

## Williamson, John

| | |
|---|---|
| **From:** | edward.reines@weil.com |
| **Sent:** | Wednesday, August 02, 2006 1:13 PM |
| **To:** | Williamson, John; Steve Cherny; Dunner, Don |
| **Subject:** | Re: Telcordia v. Lucent / Cisco |

Don,

This responds to your email, via John Williamson, concerning experts.

We disagree with Telcordia's unsupported assertion that our submission of a report by Dr. Acampora rebutting Dr. Clark's report (which asserted that the '633 patent is not invalid) was untimely or contrary to the rules. Your accusation that we employed "self-help" in serving Dr. Acampora's report also is without basis. We did not deviate from the Court's rules or the schedule. Regardless, we understand that Telcordia now intends to move to strike Dr. Acampora's report and we will respond specifically after we see your motion.

Your assertion that I agreed to present Dr. Jones for two days of deposition is off-base. Indeed, at the time I wrote the email upon which you attempt to rely, I was under the impression you would cooperate and not resist our use of Dr. Acampora. Now that it is clear that you have no intent to cooperate in that way, we are willing to allow you to depose Dr. Jones. However, your request to take two days of Dr. Jones' deposition is unjustified. Beyond the fact that he filed only one report on a topic common to both cases, he is having a medical procedure that makes your demand impractical in the time allotted. We will make him available for one day of deposition (August 8). If you genuinely believe another day is warranted after that, we will be willing to consider such a request -- but merely as a means to compromise.

Regards,

Ed

---

```
----- Original Message -----
From: "Williamson, John" [John.Williamson@finnegan.com]
Sent: 07/31/2006 08:29 PM
To: <edward.reines@weil.com>; <Steven.Cherny@lw.com>
Subject: Telcordia v. Lucent / Cisco
```

Steve and Ed,

Don Dunner asked me to send the following email to you.

Dear Steve and Ed:

The combined opening expert report of defendants Alcatel, Lucent, and Cisco addressing the validity of the '633 patent was authored by Dr. Vincent Jones, and Telcordia's answering expert report of Dr. Douglas Clark was prepared and served in response to the Jones opening report. After the service of opening and answering reports on this issue, Ed informed us that the selection of Dr. Jones had been in

8/10/2006

deference to Alcatel's preference, and that with the Alcatel case stayed, Lucent and Cisco have decided that they would rather use a different expert on that issue – Dr. Anthony Acampora. Telcordia promptly objected to that proposal, noting that "Dr. Jones filed the opening report on behalf of all defendants and it is therefore too late to offer a new expert on this subject, particularly after Telcordia has already submitted its answering report on this very issue." July 25, 2006, email from D. Dunner to E. Reines.

Without further discussion, and without seeking leave of court, on Friday, July 28, the deadline for service of reply expert reports, defendants served a reply expert report on this issue that was authored by Dr. Acampora, not Dr. Jones – apparently having decided to resort to self-help and change experts without the consent of Telcordia or the Court. It is Telcordia's view that Dr. Jones remains defendants' expert on the validity of the '633 patent, and that defendants have missed their deadline to serve a reply report on this issue. Telcordia intends to move to strike the reply expert report of Dr. Acampora and to preclude defendants from calling him as an expert witness at trial on '633 patent validity.

Dr. Acampora's deposition is scheduled on other issues for this Wednesday, August 2nd and Thursday, August 3rd, and we obviously cannot yet know how the Court will rule on our motion to strike his reply report and to preclude his testimony at trial on '633 patent validity. Out of an abundance of caution, Telcordia therefore provisionally will question him regarding the validity of the '633 patent during Wednesday's deposition. However, we maintain our objection, and our questioning will be without prejudice to our position that he should be excluded from this case on this issue.

Finally, we note that we also object to the defendants' new position that because Dr. Jones served only one report, Telcordia only can depose him for one day. Dr. Jones served an expert report on behalf of two different defendants in two different cases, and he was timely and properly noticed for two separate days of deposition (one day in each case). Moreover, your new position is inconsistent with your earlier representation that there would be "two days of expert deposition for each witness." July 25, 2006, email from E. Reines to D. Dunner. We accordingly plan to depose Dr. Jones on two days and request that you make him available on two consecutive days. We will contact you shortly regarding the specific deposition days.

Sincerely,

Don Dunner

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

---

**The information contained in this
email message is intended only for use of the individual or entity
named above. If the reader of this message is not the intended
recipient, or the employee or agent responsible to deliver it to
the intended recipient, you are hereby notified that any
dissemination, distribution or copying of this communication is
strictly prohibited. If you have received this communication in
error, please immediately notify us by email (postmaster@weil.com),**

8/10/2006

**and destroy the original message. Thank you**