# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JACK B. BLUMENFELD
302 351 9291
302 425 3012 FAX
jblumenfeld@mnat.com

**VIA ELECTRONIC FILING**                    August 25, 2006
The Honorable Gregory M. Sleet
United States District Court                **EXHIBITS B AND C CONFIDENTIAL**
844 N. King Street, Room 4324               **FILED SEPARATELY UNDER SEAL**
Wilmington, DE 19801

      Re:    *Telcordia Technologies, Inc. v. Lucent Technologies, Inc.,* C.A. No. 04-875-GMS
           *Telcordia Technologies, Inc. v. Cisco Systems, Inc.,* C.A. No. 04-876-GMS

Dear Judge Sleet:

Pursuant to this Court's January 25, 2006 Revised Scheduling Order, Defendants Lucent Technologies, Inc. ("Lucent") and Cisco Systems, Inc. ("Cisco") submit this response to Telcordia's request for permission to file summary judgment motions.

**Request Regarding Non-Infringement Of The '306 Patent**

Telcordia proposes to bring summary judgment against itself to establish that U.S. Patent No. 4,893,306 ("the '306 patent) is not infringed on the two grounds on which it prefers to lose. Telcordia's request should be rejected because Defendants are the proper – and logical – parties to move for summary judgment and explain why they do not infringe the '306 patent. At the outset, a party may only move for summary judgment in its <u>favor</u> and thus plaintiff is not even authorized by the rules to bring such a motion. *See* FRCP 56(a) (A party seeking to recover upon a claim may move "for a summary judgment in the party's <u>favor</u> upon all or any part thereof.") (emphasis supplied).

In addition, this Court already rejected Telcordia's request to move for judgment against itself under FRCP 54(b) at the July 18 hearing. Indeed, at the telehearing, Telcordia's counsel acknowledged that the '306 patent infringement claims would be resolved in this case through the traditional mechanism of a summary judgment motion by <u>Defendants</u>. July 18, 2006 Hearing Tr. at 27:22-24 (Telcordia's counsel: "from what I've heard, they [Defendants] presumably intend to file motions for summary judgment based on at the very least certain '306 claim elements."). Thus, Telcordia's proposed motion is unnecessary and duplicative.

Telcordia's letter preemptively, and improperly, contains argument as to why Defendants should not be permitted to seek summary judgment on grounds other than those selected by Telcordia. Any such arguments belong in Telcordia's letter opposing Defendants' request to move for summary judgment, not its letter seeking permission to file its own motion. Put

The Honorable Gregory M. Sleet
August 25, 2006
Page 2

simply, it is a distortion of the summary judgment process, as well as this Court's procedure, to allow the losing party, Telcordia, to file a motion so it can limit the disposition of the '306 patent to the record it believes most vulnerable on appeal. As explained at the July 18 telehearing, such a constraint on the record is unwarranted and will only promote undesirable piecemeal litigation. This Court should be given a full record from which to select the issues it will rely upon to resolve this claim and the Federal Circuit should be given a record with alternative grounds to uphold this Court's judgment even if this Court does not reach such grounds. *Bailey v. Dart Corp. of Mich.*, 292 F.3d 1360, 1362 (Fed. Cir. 2002) ("an appellee can present in this court all arguments supported by the record and advanced in the trial court in support of the judgment"). Furthermore, Telcordia "reserves all rights to appeal claim construction and summary judgment on the noted <u>and other</u> claim terms forming the subject matter of the Court's June 22, 2006 Order." Telcordia clearly intends to raise with the Federal Circuit the claim constructions giving rise to Defendants' alternative grounds supporting summary judgment, yet it seeks to prevent Defendants from actually moving for summary judgment based on those constructions.

Telcordia relies upon *Schering Corp. v. Amgen*, 35 F. Supp. 2d 375 (D. Del. 1999), to support its position that it should be allowed to restrict the scope of Defendants' summary judgment motion. Most notably, *Schering* did not involve the issue of a plaintiff attempting to *a priori* and artificially restrict the grounds upon which a defendant can move for summary judgment. In *Schering*, Judge Schwartz denied a summary judgment motion of non-infringement already brought by the defendants. This was not an issue of restricting the grounds upon which defendant could move to those chosen by plaintiff. Although the specifics are not set forth in the opinion, apparently the defendants had moved for summary judgment of non-infringement, seeking entry of an order finding 35 different facts that were hotly contested. Understandably, the Court found these 35 facts disputed and denied the motion. *Schering*, 35 F. Supp. 2d at 378 ("these facts are not 'undisputed'"). The Court instead granted the plaintiff's request for judgment to be entered against it based on its concession of non-infringement.

Here, Defendants have made clear that, with the Court's permission, they will move for summary judgment on the grounds upon which Telcordia has conceded there is no dispute. Thus, unlike in *Schering*, there is no concern that Defendants' motion will present only disputed issues that would not provide a basis for summary judgment. Rather, Defendants will present <u>additional</u> grounds upon which they prevailed during the Markman process. Allowing Telcordia to file its own motion, creating a parallel set of moving papers, would add nothing to Telcordia's ability to submit an opposition to Defendants' motion as contemplated by this Court's rules and procedures.

Further, *Schering* is not only factually different, it is outdated. The practice of granting judgment based merely on the plaintiff's concession of non-infringement due to an adverse claim construction, as Telcordia proposes to do here, has been directly criticized by the Federal Circuit as recently as a few months ago. In *Schering,* the court built its analysis on its conclusion that, as of 1999, the Federal Circuit had <u>not</u> criticized district courts for entering judgment based on a concession by the patentee rather than on a full record containing the relevant aspects of the accused device. *Schering*, 35 F. Supp. 2d at 377 ("This Court could not find any criticism by the Federal Circuit of the approach which the plaintiff advocates in this case."). However, that basis for *Schering* is no longer valid. For example, in *Wilson Sporting Goods, Co. v. Hillerich &*

The Honorable Gregory M. Sleet
August 25, 2006
Page 3

*Bradsby Co.,* 442 F.3d 1322, 1327 (Fed. Cir. 2006), the Federal Circuit faced an appeal of a claim construction ruling based on a concession of non-infringement, just as Telcordia proposes here. The Court explained that "this record affords this court no opportunity to compare the accused products to the asserted claims" and noted that this "court has noted the problems of an appeal with such a limited record." *Id.* (citations omitted). Likewise in *Lava Trading, Inc. v. Sonic Trading Mgmt. LLC,* 445 F.3d 1348, 1350 (Fed. Cir. 2006), the Court again stressed the value of a full record: "without the vital contextual knowledge of the accused products or processes, this appeal takes on the attributes of something akin to an advisory opinion."[1]

In sum, this Court should deny Telcordia's request to move for summary judgment against itself which would allow it to attempt to create the most vulnerable record for appeal that it can. Both law and logic militate against such an approach.

**Argument Regarding Mootness Finding**

Telcordia also argues that the Court should dismiss Defendants' invalidity and unenforceability counterclaims on the '306 patent as moot based on nothing more than its concession of non-infringement. This argument is not properly part of a letter merely requesting leave to file summary judgment motions. Only after the Court decides the summary judgment motions will it make sense to determine how to address whatever claims remain in the case. At that point, such decisions can be made on a case-wide basis.[2] In any event, as explained in Defendants' letter requesting permission to file a summary judgment motion of invalidity based on Telcordia's best mode violation, the motion should be heard even if this Court enters summary judgment of non-infringement. *Sinclair & Carroll Co. v. Interchem. Corp.*, 325 U.S. 327, 330 (1945) ("There has been a tendency among the lower federal courts in infringement suits to dispose of them where possible on the ground of non-infringement without going into the question of validity of the patent. It has come to be recognized, however, that of the two questions, validity has the greater public importance, and the District Court in this case followed what will usually be the better practice by inquiring fully into the validity of this patent.") (internal citations omitted); *see also, e.g., Combined Sys., Inc. v. Defense Tech. Corp. of Am.*, 2002 WL 31957436 (S.D.N.Y. Jan. 23, 2002).

---

[1] Telcordia suggests that it will "develop the factual record" for appeal. Allowing the losing party to create a factual summary judgment record against itself so it can optimize its attack on this Court's decision on appeal is not sensible and invites legal error.

[2] Telcordia's argument that the invalidity claims are moot is, in any event, inconsistent with its conduct. Telcordia continues to threaten Defendants' products that are not accused products in this case. For example, as the Court may recall, Telcordia dropped its allegations of infringement of the '306 patent for nearly 50 Cisco products and 15 Lucent products due to its late identification of accused products and late identification of claims-in-suit. In its stipulation memorializing its dropping of infringement claims, Telcordia notes that its dropping of products is without prejudice to "its bringing a separate action directed to those products at a later time." Exhibit A (June 6, 2006 Stipulation Concerning Accused Products). Such threats certainly suggest an on-going controversy over the invalidity of the '306 patent. *See Kudlacek v. DBC, Inc.*, 115 F. Supp. 2d 996, 1074 (N.D. Iowa 2000).

The Honorable Gregory M. Sleet
August 25, 2006
Page 4

**Request For Summary Judgment That The '306 Patent Is Not Invalid Under Certain Theories**

Telcordia seeks permission to file a summary judgment motion to narrow Defendants' theories of invalidity under Sections 102 and 112 for the '306 patent. However, these issues are not dispositive of any claim and, further, are irrelevant to the judgment against Telcordia that will be issued in the case on the '306 patent based on non-infringement. In short, the resolution of these fractional issues accomplishes little. By contrast, the one invalidity issue that Defendants are seeking to include in a summary judgment motion is dispositive and is based on undisputed evidence of Telcordia's best mode violation, an explicit admission by a named inventor that the '306 patent discloses the "opposite" of his best mode. Resolution of that motion would support and reinforce the forthcoming judgment against Telcordia on appeal and serve the public interest by freeing the public from this plainly invalid patent.[3]

**Request For Summary Judgment That Some Of Cisco's Products "Infringe" Claim 33 Of The '633 Patent**

Telcordia proposes to bring a motion for summary adjudication of "infringement" of Claim 33 of the '633 patent by some, but not all, of Cisco's products and none of Lucent's products. As a threshold matter, the proposed motion is not dispositive of any of Telcordia's infringement claims because of the serious questions about this patent's validity and enforceability arising from, as a mere examples, the improper inventorship and estoppel problems that taint it. This renders the value of the proposed motion dubious as an initial matter. But, beyond that, the proposed motion is particularly unproductive as explained below.

Telcordia's proposed motion based on Claim 33 is unproductive because it would not narrow the issues for trial in any meaningful way. Even if it were granted, the Court would still need to try the '633 patent infringement issues based on Claim 33 involving the many Lucent and Cisco products which are not part of the proposed motion. The Court would also still need to try Telcordia's claims of infringement based on the other asserted claim of the '633 patent (Claim 11), which claims are not the subject of the proposed motion.[4] Finally, the Court would still need to try the issue of infringement of Claim 33 for the products which are the subject of the motion. This is because Claim 33 is a method claim. Proof of infringement of that claim will require unit by unit proof to show allegedly infringing uses. *See, e.g., Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773-74 (Fed. Cir. 1993) ("a method or process claim is directly infringed only when the process is performed."). Because the accused products rarely contain even the mere capability to be used in the allegedly infringing manner, and because of the near complete obsolescence of the accused functionality, this issue will be a significant part of the trial in any

---

[3]    The public interest in a finding of invalidity is neither illusory nor distant. Telcordia has, as recently as March, been pursuing additional licensing targets under the '306 patent. Exhibit B (March 3, 2006 Telcordia Technologies, Inc. Term Sheet For Patent License Agreement on Telcordia '306, '633 and '763 patents).

[4]    Telcordia originally alleged that Claims 1, 5, 11 and 33 are infringed. Telcordia has abandoned its allegation as it relates to Claim 1 and 5, so only Claims 11 and 33 remain.

The Honorable Gregory M. Sleet
August 25, 2006
Page 5

event.[5]   Put differently, the question of which units within the two product families infringe Claim 33, and which do not, will still have to be tried even if Telcordia were to prevail completely on its motion.

The fruitlessness of Telcordia's proposed motion stands in stark contrast with Defendants' proposed summary judgment motion concerning this patent.  That proposed motion will establish conclusively the non-infringement of the '633 patent by all asserted claims of the '633 patent as it relates to all accused products.  Although the legal question of whether the "convergence sublayer" claim requirement is met could theoretically be resolved in the context of either motion, the dispositive nature of Defendants' proposed motion makes it the proper vehicle for resolution of that issue.

In sum, in view of the number of dispositive issues that are ripe for summary judgment, an expenditure of time and resources by the parties and Court to resolve what is at most a fractional issue is inefficient and inconsistent with the purposes of Rule 56.  Indeed, aside from the psychic benefits to Telcordia that might come from success on its proposed motion, there do not appear to be any meaningful benefits to resolution of the motion Telcordia proposes.

**Request For Summary Judgment That The '633 Patent Is Not Invalid Under Certain Theories**

Telcordia seeks permission to file a summary judgment motion to narrow Defendants' theories of invalidity under Section 112.  Such a motion is unnecessary because the claim construction ruling, and Telcordia's subsequent decision to abandon Claims 1 and 5, render those theories moot.  Absent a change in the Court's claim construction, Defendants are not pursuing an indefiniteness, non-enablement or written description allegation on the two remaining asserted claims of that patent.  The proposed summary adjudication motion to "narrow" the issues is thus unnecessary.

Respectfully,

/s/  Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)

JBB/bav
Enclosures
cc:     Peter T. Dalleo, Clerk (By Hand; w/attachments)
        John G. Day, Esquire (By Hand; w/attachments)
        John W. Shaw, Esquire (By Hand; w/attachments)
        Donald R. Dunner, Esquire (By Email; w/attachments)
        Steven C. Cherny, Esquire (By Email; w/attachments)
        Edward R. Reines, Esquire (By Email; w/attachments)

---

[5]   Telcordia's expert has failed to identify actual uses of the accused products in the allegedly infringing manner.  In contrast, Defendants' expert has cited significant evidence that the accused products are rarely, if ever, used in an allegedly-infringing way.  Exhibit C (Acampora Non-Infringement Report) at 9, 12-13 (the accused SRTS functionality is one of three alternative techniques and is useful in only rare cases).