# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., <br><br>    Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> ALCATEL USA, <br><br>    Defendant/Counterclaim Plaintiff. | Civil Action No. 04-874-GMS |
| TELCORDIA TECHNOLOGIES, INC., <br><br>    Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> LUCENT TECHNOLOGIES INC., <br><br>    Defendant/Counterclaim Plaintiff. | Civil Action No. 04-875-GMS |
| TELCORDIA TECHNOLOGIES, INC., <br><br>    Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br>    Defendant/Counterclaim Plaintiff. | Civil Action No. 04-876-GMS |

**EXPERT REPORT OF VINCENT C. JONES, PE, Ph.D. Re: U.S. RE36,633**

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire hereby certify that on June 28, 2006, I caused the foregoing document to be served upon the following counsel of record as indicated below:

**BY E-MAIL AND HAND DELIVERY**

>Steven J. Balick, Esquire
>Ashby & Geddes
>222 Delaware Avenue
>Wilmington, DE 19801

**BY E-MAIL ON JUNE 28, 2006 AND
BY FEDERAL EXPRESS ON JUNE 29, 2006**

>Donald R. Dunner, Esquire
>Don O. Burley, Esquire
>John M. Williamson, Esquire
>901 New York Avenue, NW
>Washington, DC 20001

>York M. Faulkner, Esquire
>Finnegan, Henderson, Farabow,
>  Garrett & Dunner, L.L.P.
>Two Freedom Square
>11955 Freedom Drive
>Reston, VA 20190-5675

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Adam W. Poff*
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com
Attorneys for Alcatel USA, Inc.

# EXHIBIT B

1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - x

TELCORDIA TECHNOLOGIES, INC.,          :    **CERTIFIED COPY**

    Plaintiff/                         :

    Counterclaim Defendant,            :

    vs.                                :    Civil Action

LUCENT TECHNOLOGIES INC.,              :

    Defendant/                         :    No. 04-875-GMS

    Counterclaim Plaintiff.            :

- - - - - - - - - - - - - - - - - x

TELCORDIA TECHNOLOGIES, INC.,          :

    Plaintiff/                         :

    Counterclaim Defendant,            :

    vs.                                :    Civil Action

CISCO SYSTEMS INC.,                    :    No. 04-876-GMS

    Defendant/                         :

    Counterclaim Plaintiff.            :    CONFIDENTIAL

- - - - - - - - - - - - - - - - - x

                         Washington, D.C.

                         Tuesday, August 15, 2006

    Videotaped Deposition of VINCENT C. JONES, PH.D.,

Jones, Ph.D., Vincent C.    CONFIDENTIAL    August 15, 2006
Washington, DC

20

1  human values.

2  Q.  Dr. Jones, did you prepare an expert
3  report in connection with this case?
4  A.  Yes, I did.
5      MR. ANZALONE:  Let me ask the reporter to
6  mark as Exhibit Jones 001 expert report of Vincent C.
7  Jones.
8      (Exhibit Jones 001
9      was marked for
10     identification.)
11     BY MR. ANZALONE:
12 Q.  Is Exhibit Jones 001 your expert report,
13 Dr. Jones, other than the large number of exhibits?
14 A.  It would appear to be, yes.
15 Q.  Who prepared Exhibit Jones 001?
16 A.  Exhibit Jones 001 reflects my thoughts on
17 the validity of the patent.
18 Q.  Did you prepare it on behalf of Lucent and
19 Cisco as well as Alcatel?
20 A.  Yes.
21 Q.  Who retained you in connection with this
22 case?

Jones, Ph.D., Vincent C.    CONFIDENTIAL    August 15, 2006
Washington, DC

21

1           MS. MEHTA:  Object as to form.
2      A.   I was retained initially by Alcatel and
3   subsequently by Lucent and Cisco Systems.
4      Q.   When were you retained by Alcatel?
5      A.   I don't remember.  Over a year ago.
6      Q.   And when were you then retained by Lucent
7   and Cisco?
8      A.   Fairly recently, as we -- when it was
9   determined that -- to do a joint report.
10     Q.   Okay.  How -- can you date when you were
11  retained by Lucent and Cisco any more specifically
12  considering this report was filed on the 28th of
13  June 2006?
14          MS. MEHTA:  Object, vague.
15     A.   Not -- not right now I couldn't.  It was
16  before we worked on the -- before I worked on the
17  report with Cisco and Alcatel, or with Cisco and
18  Lucent.
19     Q.   Was it more than a month before you worked
20  on the report?
21     A.   I don't know.  It was probably on the
22  order of weeks to a month.

# EXHIBIT C

Jones, Ph.D., Vincent C.    CONFIDENTIAL    August 15, 2006
Washington, DC

1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - x

TELCORDIA TECHNOLOGIES, INC.,          :   **CERTIFIED COPY**

    Plaintiff/                         :

    Counterclaim Defendant,            :

    vs.                                :  Civil Action

LUCENT TECHNOLOGIES INC.,              :

    Defendant/                         :  No. 04-875-GMS

    Counterclaim Plaintiff.            :

- - - - - - - - - - - - - - - - - x

TELCORDIA TECHNOLOGIES, INC.,          :

    Plaintiff/                         :

    Counterclaim Defendant,            :

    vs.                                :  Civil Action

CISCO SYSTEMS INC.,                    :  No. 04-876-GMS

    Defendant/                         :

    Counterclaim Plaintiff.            :  CONFIDENTIAL

- - - - - - - - - - - - - - - - - x

                    Washington, D.C.

                    Tuesday, August 15, 2006

    Videotaped Deposition of VINCENT C. JONES, PH.D.,

Henderson Legal Services, Inc.
(202) 220-4158

Jones, Ph.D., Vincent C.    CONFIDENTIAL    August 15, 2006
Washington, DC

34

1    not trying -- this is not of any great moment.
2        MR. ANZALONE: No, I understand.
3        THE WITNESS: I do not believe I addressed
4    it directly in the report.
5        BY MR. ANZALONE:
6    Q.    Now, are you aware that in response to
7    your report, Telcordia filed an expert report by
8    Dr. Clark?
9    A.    Yes, I'm aware of that.
10   Q.    Did you review the expert report of
11   Dr. Clark in connection with this case?
12   A.    Yes, I did.
13   Q.    Did you review it on behalf of Lucent and
14   Cisco?
15       MS. MEHTA: Objection, vague.
16   A.    As far as I was concerned, everything I've
17   been doing since then has been on behalf of all
18   three.
19   Q.    Do you understand that the parties had an
20   opportunity to file reply reports in this case?
21       MR. CHERNY: Objection, vague.
22   A.    I'm not -- reply reports to --

Jones, Ph.D., Vincent C.      CONFIDENTIAL             August 15, 2006
                              Washington, DC

                                                                    35

1      Q.    Respond to the expert report of Dr. Clark.
2      **A.   I believe Dr. Clark did multiple expert**
3   **reports.  Which one are you referring to?**
4      Q.    I'm talking about the one -- his report in
5   response to your invalidity and unenforceability
6   report.
7            MS. MEHTA:  I'm sorry, and the question is
8   -- just -- we lost track of the question there.
9            BY MR. ANZALONE:
10     Q.    Did you understand that the parties had an
11  opportunity to file reply reports in this case.
12           MS. MEHTA:  Objection, vague.
13     **A.   No.**
14     Q.    Were you asked to prepare a reply to the
15  Dr. Clark report?
16           MS. MEHTA:  I'm going to object to that to
17  the extent that it seeks privileged information.
18           THE WITNESS:  Can I answer it?
19           MS. MEHTA:  If you had conversations with
20  attorneys that were not the basis for a report that
21  might be responsive to this, I'm going to instruct
22  you not to answer the question with respect to those

Jones, Ph.D., Vincent C.    CONFIDENTIAL    August 15, 2006
Washington, DC

36

1   conversations.
2            THE WITNESS: I haven't had conversations
3   with anybody other than attorneys with regards to
4   this case.
5            BY MR. ANZALONE:
6       Q.   Do you have an -- you understand that you
7   did not file a reply to Dr. Clark's report in this
8   case.
9       A.   **That is correct.**
10      Q.   Do you know why? And just answer yes, no
11  or I don't know.
12      A.   **Do I know why?**
13      Q.   Yes. Do you personally know why?
14      A.   **Do I personally know why I did not file a**
15  **report in response.**
16      Q.   That's correct.
17      A.   **Yes, I know why.**
18      Q.   Okay. What is the reason you didn't file
19  a reply report?
20           MS. MEHTA: And I'm going to caution you
21  here, if this was information that you learned from
22  an attorney, you can't reveal that. If you have

Henderson Legal Services, Inc.
(202) 220-4158

Jones, Ph.D., Vincent C.   CONFIDENTIAL   August 15, 2006
Washington, DC

37

1  some other information that was not learned from an
2  attorney, then you can answer that question.
3      A.   **I wasn't asked to generate a reply.**
4      Q.   Okay.  Were you asked to prepare a report
5  on whether either Lucent products or Cisco products
6  infringe any of the claims of the '633 patent?
7      A.   **No.**
8      Q.   Do you know why you were not asked?
9           MS. MEHTA:  Same caution.  If there's any
10 information that you may have learned from a lawyer,
11 don't disclose that.  Otherwise you can answer.
12     A.   **I have no idea.**
13     Q.   How many times have you had an opportunity
14 to read through Exhibit Jones 001, your expert
15 report?
16          MS. MEHTA:  Objection, vague.
17     A.   **I'm not sure -- you know, when you say**
18 **read through, do you mean just glance over it?  Do**
19 **you mean read it thoroughly?**
20     Q.   Read it thoroughly.
21          MS. MEHTA:  Still vague.
22     A.   **As many as I wanted.**