# EXHIBIT 10

Case 1:04-cv-00875-GMS   Document 243-2   Filed 09/11/2006   Page 1 of 12

# CONFIDENTIAL EXHIBIT

# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 04-876-GMS |
| ) | |
| CISCO SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

## TELCORDIA TECHNOLOGIES, INC.'S SUPPLEMENTAL RESPONSE TO CISCO'S INTERROGATORY NO. 8

Plaintiff Telcordia Technologies, Inc. ("Telcordia") provides this supplemental response to Defendant Cisco Systems, Inc.'s Interrogatory No. 8, subject to and without waiving any of its previously stated general and specific objections.

**INTERROGATORY NO. 8:**

For each Claim-in-Suit, state the dates on which the claimed invention was conceived and reduced to practice, and identify all evidence corroborating such conception and reduction practice, including without limitation, any acts of diligence leading to such reduction to practice, and including the identification of each person and all documents that can corroborate such conception, reduction to practice and/or diligence.

**SUPPLEMENTAL RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein. Telcordia objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege or the attorney work product immunity.

Pursuant to an agreement between the parties, the discovery requests of both Cisco and Telcordia that are directed to the '306 patent and/or the '633 patent, or to the "Patents-In-Suit," shall be interpreted to cover not only the '306 patent and/or the '633 patent, but also the '763 patent. Telcordia's supplementation of this interrogatory with information regarding the '763

patent incorporates and is subject to all of the General and Specific Objections already asserted as to this interrogatory.

Subject to and without waiving any of these general and specific objections and reserving its right to supplement its response as discovery proceeds, Telcordia responds to this interrogatory as follows:

*'306 Patent*

Based upon information currently available to Telcordia and subject to updating, dynamic time division multiplexing (DTDM) concepts were conceived by one or more of the named inventors of the '306 patent at least as early as September 17, 1986. *See* BEL 16804-16821. The earliest corroborated conception of the subject matter claimed in the claims of the '306 patent is at least as early as November 19, 1986. *See* BEL 134457-134463. Other documents reflect the conceived subject matter of the claims of the '306 patent, including BEL 040206-040227; BEL 048208-408233; and "Dynamic TDM – A Packet Approach to Broadband Networking," IEEE Int'l Conf. on Comm. '87 (June 10, 1987).

The earliest reduction to practice of the subject matter of the claims of the '306 patent currently known to Telcordia was constructive and occurred on November 10, 1987, the filing date of the '306 patent. Telcordia is not relying on diligence between its conception of the subject matter of the claims of the '306 patent and the filing date of the '306 patent.

Hung-Hsiang J. Chao, Sang H. Lee, and Liang T. Wu, the named inventors of the '306 patent, and Kenneth Rubenstein, the patent attorney associated with the constructive reduction to practice, are individuals likely to have knowledge regarding dates of conception and reduction to practice of the claims of the '306 patent.

*'633 Patent*

Telcordia currently contends that the independently corroborated conception date of the subject matter claimed in the asserted claims of the '633 patent by the named inventors is Friday, November 1, 1991. *See* Lau and Fleisher, "Synchronous Residue-TS: A Compromise For SFET/TS" (Nov. 4, 1991); Declaration of Kittams, TELC 0006122-25; Kittams deposition testimony; Lau deposition testimony; Fleischer deposition testimony. Later documents reflecting conception of the subject matter claimed in the asserted claims of the '633 patent by the named inventors include "Synchronous Residue-Time Stamp: A Combination of SFET/TS" (Dec. 1991); and Lau and Fleischer, "Synchronous Techniques for Timing Recovery in BISDN" (Feb. 27, 1992). The earliest conception date of the subject matter claimed in the asserted claims of the '633 patent by the named inventors is the first quarter of 1991. The evidence reflecting this earliest conception date is the deposition testimony of Dr. Fleischer.

In view of an expert opinion and expert testimony recently offered by Cisco, Lucent, and Alcatel in district court litigation concerning a private communication from France Telecom to Dr. Kittams dated August 26, 1991, Telcordia further contends that June 6, 1991, is the independently corroborated date on which the named inventors of the '633 patent were clearly in prior possession of subject matter which corresponds to the subject matter that defendants argue is supposedly disclosed in that private communication. Documents and evidence reflecting prior possession of that subject matter by the named inventors include the deposition testimony of Dr. Jones, the validity expert for Cisco, Lucent, and Alcatel on the '633 patent in the district court litigation; the text of the private communication from France Telecom to Dr. Kittams dated August 26, 1991, TELC 0006512; Dr. Lau's June 6, 1991, memo, TELC 0373769-71; Dr. Fleischer's handwritten notes, TELC 3150179-82; TELC0006716-TELC0006727; U.S. Patent

No. 4,961,188; the Expert Report of Dr. Clark, July 21, 2006; the deposition testimony of Mr. Adam; the deposition testimony of Mr. Houdoin; the deposition testimony of Dr. Kittams; the deposition testimony of Dr. Lau; and the deposition testimony of Dr. Fleischer.

Discovery and Telcordia's investigation is continuing, and if additional evidence is discovered that demonstrates earlier dates of corroborated conception or prior possession of relevant subject matter by the named inventors, such as any of the records identified by Dr. Fleischer during his deposition, Telcordia will supplement its interrogatory response as required by Fed. R. Civ. P. 26(e).

The reduction to practice of the subject matter claimed in the asserted claims of the '633 patent was constructive and occurred on October 30, 1992, i.e., the filing date of the patent application that issued as the '978 patent. Telcordia is not relying on diligence between the corroborated date of conception of the subject matter claimed in the asserted claims of the '633 patent and the filing date of the '978 patent.

Paul E. Fleischer and Chi-Leung Lau, the named inventors of the '633 patent, and Stephen M. Gurey, the patent attorney associated with the constructive reduction to practice, are individuals likely to have knowledge regarding dates of conception and reduction to practice of the asserted claims of the '633 patent.

### *'763 Patent*

Telcordia currently contends that the independently conception date of the subject matter for the '763 patent is September 30, 1986. *See* Lau, "Survivable Architectures and Implementations for a High Speed SONET Ring" (Sept. 30, 1986). Later documents reflecting conception of the subject matter claimed in the asserted claims of the '763 patent by the named

inventors include a technical memorandum authored by Richard Lau titled "Requirements for a SONET Self-Healing Ring," dated September 29, 1987.

Discovery and Telcordia's investigation is continuing, and if evidence is discovered that demonstrates an earlier date of corroborated conception, Telcordia will supplement its interrogatory response as required by Fed. R. Civ. P. 26(e).

The reduction to practice of the subject matter of the claims of the '763 patent was constructive and occurred on February 4, 1988, the filing date of the patent application that issued as the '763 patent. Telcordia is not relying on diligence between its conception of the subject matter of the asserted claims of the '763 patent and the filing date of the '763 patent.

Chi-Leung Lau, the named inventor of the '763 patent, and James Falk and John Peoples, the patent attorneys associated with the constructive reduction to practice, are individuals likely to have knowledge regarding dates of conception and reduction to practice of the asserted claims of the '763 patent.

In addition, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Telcordia will produce copies of documents in Telcordia's possession, custody, or control that are not otherwise protected by privilege exceptions and can be produced without violation of a court order or an agreement, and from which information responsive to this interrogatory may be derived or ascertained, to the extent such documents exist, at a mutually convenient time.

|  | ASHBY & GEDDES |
|---|---|
|  | /s/ *John G. Day* |
|  | Steven J. Balick (I.D. #2114)<br>John G. Day (I.D. #2403)<br>Tiffany Geyer Lydon (I.D. #3950)<br>220 Delaware Avenue, 17th Floor<br>P.O. Box 1150<br>Wilmington, Delaware 19899<br>(302) 654-1888<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br>tlydon@ashby-geddes.com |
| *Of Counsel:* | *Attorneys for Plaintiff*<br>*Telcordia Technologies, Inc.* |

Donald R. Dunner
Richard H. Smith
Don O. Burley
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, Virginia 20190-5675
(571) 203-2700

Dated: September 8, 2006

173014.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2006, the attached **TELCORDIA TECHNOLOGIES, INC.'S SUPPLEMENTAL RESPONSE TO CISCO'S INTERROGATORY NO. 8** was served upon the below-named counsel of record at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire  
Morris, Nichols, Arsht & Tunnell  
1201 North Market Street  
Wilmington, DE 19899-1347

<u>HAND DELIVERY</u>

Matthew D. Powers, Esquire  
Weil, Gotshal & Manges LLP  
201 Redwood Shores Parkway  
Redwood Shores, CA 94065

<u>VIA FEDERAL EXPRESS</u>

/s/ *John G. Day*
_____
John G. Day

150910.1

# EXHIBIT 12

Case 1:04-cv-00875-GMS   Document 243-2   Filed 09/11/2006   Page 11 of 12

# CONFIDENTIAL EXHIBIT