# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

September 14, 2006

**BY ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Court
844 N. King Street
Wilmington, Delaware 19801

> Re:   *Telcordia Tech., Inc. v. Lucent Tech., Inc.,* Civil Action No. 04-875 GMS
>        *Telcordia Tech., Inc. v. Cisco, Inc.,* Civil Action No. 04-876-GMS

Dear Judge Sleet:

      We are writing pursuant to D.Del. LR 7.1.2(c) to bring to the Court's attention the Federal Circuit's decision yesterday in *The Massachusetts Institute of Technology v. Abacus Software,* 05-1142 (Fed. Cir. Sept. 13, 2006) (Exh. A), which is relevant to the issue of summary judgment of non-infringement of the '306 patent -- the subject of the summary judgment letters to be discussed during the telephone conference next Monday morning.

      In *MIT*, the Federal Circuit declined to address claim construction issues that were not the basis for the stipulated judgment of non-infringement, and stated its preference for a developed factual record with respect to the accused devices. It stated (at 7-8):

> This case once again involves an effort by parties to a patent infringement case to have this court opine on a range of claim construction issues even though the judgment of the district court is not based on the resolution of those issues. We decline that invitation and limit our consideration to issues presented by the judgment under review. . . .

\* \* \*

> Even with respect to the claim construction issues on which the judgment is based we perceive a problem with the mechanism by

The Honorable Gregory M. Sleet
September 14, 2006
Page 2

which this case has been litigated. As in <u>Lava Trading, Inc. v. Sonic Trading Mgmt., LLC</u>, 445 F.3d 1348 (Fed. Cir. 2006), the record does not disclose the nature of the accused devices, and our rulings on claim construction in this case unfortunately must be made without knowledge of the accused devices. <u>See id.</u> at 1350 ("Without knowledge of the accused products, this court cannot assess the accuracy of the infringement judgment under review and lacks a proper context for an accurate claim construction."); <u>see also</u> <u>Exigent Tech., Inc. v. Atrana Solutions, Inc.</u>, 442 F.3d 1301, 1310 n. 10 (Fed. Cir. 2006) ("[I]t is appropriate for a court to consider the accused device when determining what aspect of the claim should be construed."). Moreover, the stipulated judgment does not identify which of the many claim construction rulings are dispositive. While it is highly undesirable to consider these issues in the abstract, here as in <u>Lava Trading</u>, we have proceeded to do so.

Consistent with *Lava Trading* and *MIT*, the defendants believe that there should be a fully-developed record on summary judgment reflecting all potential bases to support the judgment. This will provide a proper record for an appeal.

Respectfully,

/s/ *Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

JBB/bls

cc: Peter T. Dalleo, Clerk (By Hand)
John G. Day, Esquire (By Hand)
John W. Shaw, Esquire (By Hand)
Donald R. Dunner, Esquire (By Email)
Steven C. Cherny, Esquire (By Email)
Edward R. Reines, Esquire (By Email)