# EXHIBIT Q

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES INC., ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | Civil Action No. 04-876 (GMS) |
| ) | |
| CISCO SYSTEMS, INC., ) | |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |

**CISCO'S FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7 AND SECOND SUPPLEMENTAL RESPONSES TO INTERROGATORY NOS. 5 AND 9**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Cisco Systems, Inc. ("Cisco") supplementally objects and responds to plaintiff Telcordia Technologies, Inc. ("Telcordia") Interrogatory Nos. 5, 7 and 9 as follows:

**GENERAL OBJECTIONS AND OBJECTIONS TO INSTRUCTIONS**

1. Cisco objects to each interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Nothing contained in Cisco's responses is intended to be, or in any way shall be deemed, a waiver of any such applicable privilege, doctrine, or immunity.

2. Nothing in these responses is an admission by Cisco of the existence, relevance, or admissibility of any information, for any purpose, or the truth or accuracy of any statement or characterization contained in any interrogatory. Cisco reserves all objections and other questions as to competency, relevance, materiality, privilege, or admissibility related to the use of its responses and any document or thing identified in its responses as evidence for any purpose whatsoever in any subsequent proceeding in this trial or any other action.

3. Cisco objects to each interrogatory to the extent it seeks information in Telcordia's possession, or information that is available to Telcordia from public or other sources.

scope of its discovery or investigation based on this response. Cisco continues to pursue the full range of the allegations, defenses and denials pled in this case.

**INTERROGATORY NO. 9**

Identify and describe all bases for Cisco's contentions that the Relevant Patents are invalid for failing to comply with the requirements of 35 U.S.C. § 112, including the identity of any current or former officers, employees, agents, and consultants retained by or for Cisco who are most knowledgeable about such contentions, and identify all documents relating to such contentions.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

In addition to its general objections, Cisco objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine. Cisco further objects to this interrogatory as overly broad and unduly burdensome, and as vague and ambiguous. Cisco further objects to this interrogatory to the extent that it seeks information neither relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Cisco states that certain claims of U.S. Patent Nos. 4,893,306, RE 36,633, and 4,835,763 are invalid because they lack an adequate written description, are not enabled, and/or because the written description fails to disclose what the inventors believed to be the best mode of carrying out the claimed invention, pursuant to 35 U.S.C. § 112, ¶ 1. Cisco further states that certain claims of U.S. Patent Nos. 4,893,306, RE 36,633, and 4,835,763 are invalid because they are indefinite pursuant to 35 U.S.C. § 112, ¶ 2.

For instance, Cisco states that if the asserted claims of the '306 patent are construed as Telcordia has proposed, the asserted claims would be invalid for failure to provide an adequate written description or enabling disclosure pursuant to 35 U.S.C. § 112, ¶ 1. As an example, Telcordia is proposing that the filling and inserting limitations of the asserted claims do not require that the empty payload field of a frame be replaced with data from a single source. The disclosure in the patent would not enable one skilled in the art at the time the patent was filed to fill empty payload fields with data from multiple sources. To the contrary, the '306

patent expressly teaches that data from only a single source must be filled or inserted into the empty payload fields of the frames, and contains no adequate disclosure of data from more than one source being filled or inserted into an empty payload field.

Cisco further states that it believes further discovery, including inventor depositions, will show that the asserted claims of the '306 patent are invalid because the written description fails to disclose what the inventor believed to be the best mode of carrying out the claimed invention pursuant to 35 U.S.C. § 112, ¶ 1.

Similarly, Cisco states that if the asserted claims of the '633 patent are construed as Telcordia has proposed, the asserted claims would be invalid for failure to provide an adequate written description or enabling disclosure pursuant to 35 U.S.C. § 112, ¶ 1. For example, the disclosure in the patent does not adequately describe and would not enable one skilled in the art at the time the patent was filed to "generate a pulse signal from the network clock at the designation node in which the period between each pulse in the pulse signal equals the determined number of network clock cycles in the corresponding RTS period." Telcordia proposes a construction of "period between each pulse" as "the interval between each pair of pulses in the signal produced from the received RTS codes." But, the '633 patent does not teach one of ordinary skill in the art how to generate a pulse signal where the period between each pulse is "the interval between each pair of pulses in the signal produced from the received RTS codes." Indeed, the '633 patent does not even contain the words "RTS codes" let alone explain what an RTS code is, or how the period between pulses should be generated based on these codes.

Cisco further states that at least asserted claims 1, 5 and 11 of the '633 patent are invalid because they are indefinite pursuant to 35 U.S.C. § 112, ¶ 2. The specification does not describe any structure for the performing the claimed functions of the "counting means," "transmitting means," "receiving means," or "converting means" of claim 5, or of the "means for transmitting" in claim 11. Specifically, both the "counting means" and the "converting means" of claim 5 perform functions that depend on the "network clock," but the specification does not

describe any structure for performing these functions; Telcordia proposes structures that correspond not to the "network clock," but rather to the "derived network clock." Similarly, the '633 patent does not disclose any structure for performing the claimed function of the "receiving means" or "transmitting means" of claim 5 or the "means for transmitting" of claim 11: the corresponding structure proposed by Telcordia does not perform the actual transmitting or sending required by the claims. As another example, the limitation "$2^P$ counts *uniquely and unambiguously* represent the range of possible network clock cycles within an RTS period" in claims 1 and 5 of the '633 patent is indefinite pursuant to 35 U.S.C. § 112, ¶ 2.

Cisco further states that it believes further discovery, including inventor depositions, will show that the asserted claims of the '633 patent are invalid because the written description fails to disclose what the inventor believed to be the best mode of carrying out the claimed invention pursuant to 35 U.S.C. § 112, ¶ 1.

Cisco further states that if the asserted claims of the '763 patent are construed as Telcordia has proposed, the asserted claims would be invalid for failure to provide an adequate written description or an enabling disclosure pursuant to 35 U.S.C. § 112, ¶ 1. For example, Telcordia is proposing that the asserted claims are not limited to inserting error signals and detecting error signals on the demultiplexed subrate channels but rather cover the insertion of error signals directly into and the detection of error signals directly on the multiplexed subrate communications. The disclosure in the patent does not adequately describe and would not enable one skilled in the art at the time the patent was filed to insert error signals directly into or detect error signals directly on the multiplexed subrate communications. In fact, the '763 patent explicitly teaches that "the higher level signal" must be demultiplexed to insert error signals into the subrate channels and detect error signals on the subrate channels because "the higher level signal arriving at node 2 on ring 100 appears normal."

Cisco further states that all of the asserted claims of the '763 patent are invalid because they are indefinite pursuant to 35 U.S.C. § 112, ¶ 2. The specification does not describe any structure for performing the function corresponding to the "monitoring means" limitations in

41

claims 1 and 7. In addition, the specification does not describe sufficiently definite structure for performing the functions corresponding to the "insertion means" limitation in claim 1 and the "selector means" limitation in claim 2.

Cisco further states that it believes further discovery, including inventor depositions, will show that the asserted claims of the '763 patent are invalid because the written description fails to disclose what the inventor believed to be the best mode of carrying out the claimed invention pursuant to 35 U.S.C. § 112, ¶ 1.

Cisco expressly reserves the right to supplement its response to this interrogatory as Cisco's discovery and investigation in connection with this litigation continue, and based on the Court's claim construction order. This interrogatory response is being provided, in the spirit of compromise, because Telcordia has demanded a response at this stage of the case. Accordingly, because of the preliminary nature of this response, Telcordia should not limit the scope of its discovery or investigation based on this response. Cisco continues to pursue the full range of the allegations, defenses and denials pled in this case.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti /bw/*
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 North Market Street
Wilmington, DE 19899-1347
(302) 658-9200
lpolizoti@mnat.com
*Attorneys for Cisco Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2006 I electronically filed the foregoing NOTICE OF SERVICE with the Clerk of the Court using CM/ECF, which will send notification of such filing to Steven J. Balick and John G. Day.

I further certify that I caused to be served copies of the foregoing document on March 6, 2006 upon the following in the manner indicated:

**BY HAND**

John G. Day
ASHBY & GEDDES
222 Delaware Avenue
Wilmington, DE 19801

**BY ELECTRONIC MAIL**

John Day (jday@ashby-geddes.com)
John Williamson (john.williamson@finnegan.com)
York Faulkner (york.faulkner@finnegan.com)
Don Burley (don.burley@finnegan.com)

**BY FEDERAL EXPRESS**

Don O. Burley
FINNEGAN, HENDERSON,
 FARABOW, GARRETT & DUNNER
1300 I Street, N.W.
Washington, DC 20005-3315

/s/ Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT AND TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com