# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

November 22, 2006

The Honorable Gregory M. Sleet  
United States District Court  
844 North King Street  
Wilmington, DE 19801

VIA ELECTRONIC FILING

Re:  *Telcordia Technologies, Inc. v. Lucent Technologies, Inc.*  
Civil Action No. 04-875-GMS

*Telcordia Technologies, Inc. v. Cisco Systems, Inc.*,  
Civil Action No. 04-876-GMS

Dear Judge Sleet:

On November 20 the defendants submitted a copy of the Federal Circuit's opinion in *O2 Micro International Ltd. v. Monolithic Power Systems, Inc.*, No. 06-1064 (Fed. Cir. Nov. 15, 2006), and directed the Court to review 2 pages of the 28 page opinion that they suggest "confirms the propriety of the exclusion of an expert report where a litigant fails to meet the Court-ordered deadline." D.I.s 281 and 294. The *O2 Micro* opinion is irrelevant to the case at hand, both on the law and the facts.

First, the Federal Circuit's opinion in the *O2 Micro* case applies a Ninth Circuit diligence standard when evaluating the district court's denial of leave to supplement an expert report. But this case is governed by Third Circuit law, not Ninth Circuit law. Indeed, the *O2 Micro* opinion confirms that the Federal Circuit will apply Third Circuit law when evaluating the Court's evidentiary ruling in this case. Slip op. at 24, citing *Rhodia Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1376 (Fed. Cir. 2005). Specifically, in *Rhodia Chimie*, the court expressly applied Third Circuit law when evaluating a Delaware District Court's exclusion of evidence:

> The Third Circuit typically considers four factors in evaluating whether the district court properly exercised its discretion. *In re TMI Litig.*, 193 F.3d 613, 721 (3d Cir. 1999). Those factors are: (1) the prejudice or surprise in fact of the party against whom the excluded evidence would have been submitted, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the discovery deadline would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad

> faith or willfulness in failing to comply with the district court's order. *See id.* (citing *Meyers v. Pennypack Woods Home Ownership Assoc.*, 559 F.2d 894, 904-05 (3d Cir. 1977)).

*Rhodia Chimie*, 402 F.3d at 1381. This is precisely what Telcordia argued in its summary judgment papers—that the Third Circuit requires consideration of an established set of factors before a court may levy the "extreme sanction" of exclusion of "critical evidence." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791-92 (3d Cir. 1994). D.I.s 265 and 252 at 13. Nothing in the Federal Circuit's *O2 Micro* opinion—which applies far different Ninth Circuit standards and interprets specific Northern District of California local patent rules that have no bearing on this case—detracts from the unequivocal applicability of Third Circuit jurisprudence to the Court's evidentiary ruling in this case.

Moreover, the *O2 Micro* opinion deals with factual circumstances that are far different from the facts of this case. First, O2 Micro, after receipt of a claim construction that left it with a still-viable infringement case, sought leave to add untimely new infringement theories in an effort to bolster its infringement claims before trial. Telcordia, on the other hand, was faced with a claim construction decision that rendered its '306 patent infringement case un-provable, and has consistently sought to concede its '306 patent infringement claim (not bolster its claim with new infringement theories). Telcordia only sought leave to serve an out of time expert report so that it could develop its side of the factual record during the summary judgment phase of the case; it did not seek to revive or bolster its infringement claim.

Second, O2 Micro delayed for three months after it discovered the basis for its new infringement theories before it formally sought leave to add the new theories to the case. The court found—again under Ninth Circuit and Northern District of California law—that this delay constituted a "lack of diligence" on O2 Micro's part. Slip op. at 11. There is no analogous "lack of diligence" on Telcordia's part in this case. To the contrary, Telcordia sought leave to initiate the expert report process the day after the Court ruled that Telcordia would not be permitted to seek immediate judgment (against itself) on its '306 patent infringement claim and that the case instead would advance into the summary judgment phase. D.I.s 203, 190. Under Telcordia's proposal, Telcordia would have filed its opening expert reports within two days, and all expert reports would have been filed by the July 19, 2006, deadline in the Court's Revised Scheduling Order.

Third, O2 Micro "never adequately explained why [its new theory] was not included in the original expert report" and offered only what the court found to be an "alleged (but non-existent) agreement" as its justification for missing the expert report deadline. Slip op. at 24. Telcordia, on the other hand, explained that it did not submit an opening expert report based on its good faith belief that it need not continue to litigate an infringement claim that it had already conceded.

The Honorable Gregory M. Sleet
November 22, 2006
Page 3

In summary, the law and the facts involved in the Federal Circuit's *O2 Micro* opinion are far different from this case and simply do not support the defendants' broad-brush suggestion that the opinion governs the Court's evidentiary rulings in this case.

Respectfully,

*/s/ Steven J. Balick*

Steven J. Balick

SJB/dmf
175436.1

c:  Donald R. Dunner, Esquire (via electronic mail)
    John W. Shaw, Esquire (by hand, and via electronic mail)
    Steven C. Cherny, Esquire (via electronic mail)
    David A. Nelson, Esquire (via electronic mail)
    Jack B. Blumenfeld, Esquire (by hand, and via electronic mail)
    Edward R. Reines, Esquire (via electronic mail)