## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TELCORDIA TECHNOLOGIES, INC.,  )
              )
   Plaintiff/Counterclaim Defendant, )
              )  Civil Action No. 04-875-GMS
   v.            )
              )
LUCENT TECHNOLOGIES INC.,   )
              )
   Defendant/Counterclaim Plaintiff. )
              )

TELCORDIA TECHNOLOGIES, INC.,  )
              )
   Plaintiff/Counterclaim Defendant, )  Civil Action No. 04-876-GMS
              )
   v.            )
              )
CISCO SYSTEMS, INC.,     )
              )
   Defendant/Counterclaim Plaintiff. )

**TELCORDIA TECHNOLOGIES INC.'S MOTION *IN LIMINE* NO. 2:**

**MOTION TO PRECLUDE DEFENDANTS FROM PRESENTING
EXPERT OPINIONS ON INVALIDITY AND UNENFORCEABILITY
BY AN ADDITIONAL EXPERT WHO NEVER PREPARED OR SUBMITTED
AN OPENING EXPERT REPORT ON INVALIDITY AND UNENFORCEABILITY**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff
Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Richard H. Smith
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON,
FARABOW, GARRETT
   & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C.  20001
(202) 408-4000

Dated: February 8, 2007
177598.1

## I.  INTRODUCTION

In the middle of the expert disclosure and discovery phase of these cases, defendants Lucent Technologies, Inc. ("Lucent") and Cisco Systems, Inc. ("Cisco") unilaterally announced that they would be using a new and different technical expert—Dr. Anthony Acampora—on issues of validity and enforceability of U.S. Patent No. Re. 36,633 ("the '633 patent") than the expert who had prepared and submitted the defendants' only Fed. R. Civ. P. 26(a)(2)(B) opening expert report on these issues—Dr. Vincent Jones.  Telcordia immediately objected.  Telcordia had already prepared and served its answering report on '633 patent validity and enforceability—*in response to Dr. Jones' opening expert report*—and the defendants' untimely use of a new expert with different credentials and views would greatly prejudice Telcordia's case.  Nevertheless, despite Telcordia's prompt objection, and despite the fact that there still was time to seek the Court's permission prior to the reply report deadline, defendants simply took matters into their own hands and switched experts mid-stream, serving a "reply" report that was prepared by a different expert than the one who prepared their opening report.

Shortly thereafter, on August 11, 2006, Telcordia filed a motion (styled the same as this motion), to strike the untimely and prejudicial "reply" expert report of Dr. Acampora on the validity and enforceability of the '633 patent, and to preclude Dr. Acampora from testifying on those issues.  (D.I.s 217, 228).[1]  The Court found Telcordia's motion to be premature, concluding that it should have been filed as a motion *in limine*.  (D.I. 280).  Telcordia therefore submits its arguments here, pursuant to the Court's briefing schedule for motions *in limine*.

---

[1] For brevity, the D.I. numbers provided herein are for the Cisco case only, although each citation has a corresponding D.I. number in the Lucent case.

## II.   THE DEFENDANTS HAVE VIOLATED THE FEDERAL RULES AND THIS COURT'S SCHEDULING ORDER

The relevant sequence of events demonstrates that Dr. Acampora's "reply" expert report was prepared and served in direct contravention of the Federal Rules and this Court's Scheduling Order (D.I. 72):

- On June 28, 2006, the defendants served their only opening expert report on '633 patent validity and enforceability.  This report was prepared by Dr. Jones, who testified that he was retained by Cisco and Lucent to prepare the report on behalf of Cisco and Lucent. (D.I. 228 at Ex. B).

- On July 21, 2006, Telcordia timely served its answering report directly addressing the Dr. Jones report—and identifying and addressing deficiencies in Dr. Jones' report.

- On July 25, 2006, apparently concerned about the effectiveness of Telcordia's response to Dr. Jones' opening expert report, Cisco and Lucent unilaterally announced that they would be changing their designated expert and would be using a different expert—Dr. Acampora—to prepare their reply report. (D.I. 217 at Ex. A).  In an effort to justify this unauthorized and inappropriate substitution, the defendants announced that Dr. Acampora would "adopt" the opening report of Dr. Jones.  *Id.*  Thus, with the benefit of an opportunity to review Telcordia's answering report, and to evaluate the effectiveness of its attack on the opinions of Dr. Jones, defendants self-servingly decided to jettison the now-tainted Dr. Jones and substitute a new expert who if necessary could distance himself from Dr. Jones' discredited analysis.

- Within two hours, Telcordia objected to the defendants' proposal, noting that "Dr. Jones filed the opening report on behalf of all defendants and it is therefore too late to offer a new expert on this subject, particularly after Telcordia has already submitted its answering report on this very issue."  *Id.*

- On July 28, 2006, ignoring Telcordia's objection and without seeking guidance or leave of Court, the defendants served the "reply" expert report of Dr. Acampora.

- Telcordia immediately asked the defendants to withdraw Dr. Acampora's report and, upon the defendants' refusal, sought relief from the Court.

The Federal Rules of Civil Procedure require the disclosure of all expert witnesses and the service of an expert report that is "prepared and signed by the witness."  Fed. R. Civ. P. 26(a)(2).  "The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions . . ."  *Id.*  Under the Federal Rules, these disclosures are to be

made "at the times and in the sequence directed by the court," and this Court's Revised Scheduling Order dictates the times and sequence for service of expert reports in these cases. *Id.*

Dr. Acampora never signed and prepared an opening expert report on '633 patent validity and enforceability in accordance with Fed. R. Civ. P. 26(a)(2). Rather, Dr. Acampora only retroactively "adopted" the expert report of Dr. Jones. Indeed, Dr. Acampora testified that he did not prepare the report of Dr. Jones, that he did not contribute to or participate in its preparation, that he did not review the report prior to its service, and that he did not even read the report until well after it was served. (D.I. 217 at Ex. C). Indeed, Dr. Acampora expressly distanced himself from the only legitimate Rule 26(a)(2) report served by the defendants (Dr. Jones' report). Specifically, while Dr. Acampora explained that he agrees with the ultimate opinions in Dr. Jones' report, he also testified that "if I had been asked to prepare a report on this subject, I'm not sure that I would have stated everything exactly the way that Dr. Jones has. . . . I might have emphasized or deemphasized one thing or another." (D.I. 217 at 8-9, Ex. C).

There is no provision in the Federal Rules that allows the defendants to substitute experts by having one expert purport to "adopt" a report that was "prepared and signed" by a different expert witness (much less through a qualified "adoption" such as Dr. Acampora's). Indeed, courts disapprove of litigants' efforts to substitute their experts when no good cause exists and when the other party would be unfairly prejudiced. *See, e.g., Marmo v. IBP, Inc.*, No. 8:00 CV 527, 2005 WL 675809, at 2-3 (D. Neb. Feb. 3, 2005) (denying plaintiffs' request to re-designate experts on different topics and finding no good cause under Rule 16(b) to modify the order dictating the times and sequence of expert disclosures); *Lippe v. Bairnco Corp.*, 249 F. Supp.2d 357, 385-86 (S.D.N.Y. 2003) ("At this juncture in the case, I will not allow Ryan [the expert sought to be substituted] to be used in place of Dewey and Evans, nor will I permit her report to be added to the summary judgment record, nor will I permit Tersigni to file a 'supplemental' report on valuation. This is not the way the Federal Rules of Civil Procedure work. Plaintiffs do not get a 'do-over.'"). In sum, only Dr. Jones prepared an expert report on '633 patent validity and enforceability in compliance with Fed. R. Civ. P. 26(a)(2), and only Dr. Jones' report was served in compliance with the Court's Revised Scheduling Order (D.I. 72) dictating the times and sequence of expert reports. As such,

Dr. Acampora's report should be stricken, and Dr. Acampora should be precluded from testifying on '633 patent validity and enforceability.

## III. THE DEFENDANTS COULD HAVE SOUGHT LEAVE OF COURT TO USE DR. ACAMPORA, BUT DID NOT DO SO

Telcordia interposed its objection to the defendants' proposed use of Dr. Acampora as a new '633 patent validity and enforceability expert immediately—before the defendants served Dr. Acampora's "reply" report and in plenty of time for the defendants to seek leave of Court to use Dr. Acampora. Instead, the defendants took matters into their own hands—implementing their bait-and-switch strategy by simply ignoring established and straightforward expert disclosure rules.

The defendants purposely disregarded the Federal Rules, this Court's Revised Scheduling Order, and Telcordia's valid and timely objections, and they made a conscious tactical decision not to seek leave of Court despite there being an opportunity to do so. The defendants should not be permitted to unfairly prejudice Telcordia by taking liberties with the Court's Revised Scheduling Order and the Federal Rules.

## IV. TELCORDIA WOULD BE PREJUDICED BY DEFENDANTS' USE OF A NEW EXPERT

If allowed to stand, defendants' unilateral and unsanctioned bait-and-switch technique would be prejudicial to Telcordia for at least the reasons that (1) Telcordia's answering report would be unfairly neutralized and side-stepped because the report responds to the opinions of Dr. Jones, not Dr. Acampora (who never offered any opening opinions), (2) Dr. Acampora's first and only expert report was served as a "reply" expert report, which unfairly denied Telcordia the opportunity to serve an expert report in response to the validity and enforceability opinions of Dr. Acampora, (3) Dr. Acampora would be able to distance himself from the discredited expert opinions of Dr. Jones because he is not the author of the Jones report or of the opinions expressed in that report, and (4) Telcordia's experts would not be able to similarly disavow responsibility for alleged weaknesses in their own reports and opinions because, in accordance with the Federal Rules and the Court's Revised Scheduling Order, Telcordia's experts actually authored (rather than "adopted") the expert reports submitted on Telcordia's behalf.

4

## V.  THE RELIEF SOUGHT BY TELCORDIA WOULD NOT PREJUDICE THE DEFENDANTS

Telcordia does not seek to preclude the defendants from using an expert for their '633 validity and enforceability case, but rather seeks to limit the defendants to using only the one expert who was properly and timely disclosed pursuant to Fed. R. Civ. P. 26(a)(2).  Given that the defendants would be permitted to use their original chosen expert, Dr. Jones, in support of their case, the preclusion of Dr. Acampora due to the fact that Dr. Acampora never prepared or submitted an opening expert report would not prejudice the defendants.

## VI.  CONCLUSION

For the reasons stated herein, Telcordia respectfully requests that the Court strike the untimely expert report of Dr. Acampora and preclude Dr. Acampora from testifying on issues of '633 validity and enforceability.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. # 3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc.*

5

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Richard H. Smith
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON,
FARABOW, GARRETT
    & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: February 8, 2007
177596.1