IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TELCORDIA TECHNOLOGIES, INC.,                    )       **REDACTED**
                                                 )       **PUBLIC VERSION**
        Plaintiff/Counterclaim Defendant,        )
                                                 )       Civil Action No. 04-875-GMS
        v.                                       )
                                                 )
LUCENT TECHNOLOGIES INC.,                        )
                                                 )
        Defendant/Counterclaim Plaintiff.        )
                                                 )
                                                 )
TELCORDIA TECHNOLOGIES, INC.,                    )
                                                 )
        Plaintiff/Counterclaim Defendant,        )       Civil Action No. 04-876-GMS
                                                 )
        v.                                        )
                                                 )
CISCO SYSTEMS, INC.,                             )
                                                 )
        Defendant/Counterclaim Plaintiff.        )

**TELCORDIA TECHNOLOGIES, INC.'S MOTION *IN LIMINE* NO. 5:**

**MOTION TO PRECLUDE THE DEFENDANTS FROM**
**USING OR REFERENCING DEPOSITION TESTIMONY OF THIERRY HOUDOIN**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Griffith B. Price
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C.  20001
(202) 408-4000

Dated: February 8, 2007
177600.1

## I.    INTRODUCTION

Telcordia Technologies, Inc. ("Telcordia") respectfully moves for an Order from this Court barring defendants Lucent Technologies Inc. ("Lucent") and Cisco Systems, Inc. ("Cisco") from introducing deposition testimony of Thierry Houdoin at trial. Over numerous objections lodged by Telcordia (Ex. A)—including the manner of notice, the location of the Houdoin deposition, the lack of access to the witness, and the late production of redacted documents—the defendants deposed Mr. Houdoin in Paris, France, on April 5, 2006.                                  (Ex. B at 10:3-4).  The defendants contend—erroneously—that                **REDACTED**


Not surprisingly, Mr. Houdoin cooperated with the defendants to provide deposition testimony to support that contention.  And, despite the fact that defendants have adduced partial deposition testimony from Mr. Houdin contending                     **REDACTED**

                            ;, defendants orchestrated the early departure of Mr. Houdin from his deposition and prevented Telcordia's counsel from full and fair examination of Mr. Houdin on a number of his own documents that Telcordia believes with proper testimony would show that—far from having the invention of the '633 patent in mind in 1991—Mr. Houdoin was actually working in a direction that taught away from the '633 invention.  The defendants orchestrated the schedule to shield Mr. Houdoin from a full, fair, and meaningful cross-examination.  As such, admission of Mr. Houdoin's hearsay deposition testimony would substantially prejudice Telcordia.

The defendants' efforts to exploit Mr. Houdoin while shielding him from Telcordia started early and have continued throughout this case.                 **REDACTED**

                                        (Ex. C).  And those individuals cooperated with the defendants, voluntarily agreed to appear for deposition without a

1

subpoena or intervention of any French or International authority, and voluntarily met with defense counsel to discuss strategy before being deposed. (Ex. B at 9:9-19; Ex. D at 87-91). While orchestrating the appearances of Messrs. Houdoin, Cochennec, and Adam, the defendants failed to provide Telcordia contact information for those individuals. Indeed, despite the requirement of Fed. R. Civ. P. 30(b)(1) to provide the address of the person being examined if known, the Notice of Deposition for Mr. Houdoin contained no such information. (Ex. E). Spurred by Telcordia's requests, Alcatel eventually provided contact information for Mr. Houdoin's counsel about a week before the noticed date of the deposition, April 6, 2006. (Ex. F).

In addition to withholding Mr. Houdoin's contact information until the last minute, the defendants thwarted Telcordia's efforts to prepare for his deposition. On March 23, 2006, Alcatel cancelled Mr. Houdoin's deposition originally noticed for April 6, 2006, but did not commit to another date. (Ex. G). On April 3, 2006, as Telcordia's counsel was in the process of attempting to schedule an interview with Mr. Houdoin, Alcatel unilaterally declared that it would depose Mr. Houdoin two days later on April 5. (Ex. H). By rushing to depose Mr. Houdoin, the defendants denied Telcordia an opportunity to interview Mr. Houdoin before his deposition. Moreover, in not providing the requisite five days notice for a deposition that was to be conducted in Paris, the defendants compromised Telcordia's ability to prepare for Mr Houdoin's deposition. While hindering Telcordia's preparation, the defendants organized a meeting with Mr. Houdoin immediately before his deposition during which the defendants discussed

REDACTED

The defendants further prejudiced Telcordia by limiting Mr. Houdoin's deposition to approximately four hours, more than two of which were devoted to the defendants' direct examination. (Ex. B at 4 (noting start time of 1:49), 76 (noting start time for Telcordia's cross-examination as 4:18), and 133 (noting deposition concluded at 6:04)). Telcordia objected at the deposition, stated its cross-

examination was not complete, and reserved the right to continue the deposition. (Ex. B at 119 and 132-133). A couple of days later, during the deposition of Mr. Adam, Telcordia formally requested that Mr. Houdoin be made available to complete his deposition. (Ex. D at 114:17 to 115:1 and 116:11-15). Alcatel refused to commit to reconvene Mr. Houdoin's deposition and responded to Telecordia's request by noting that Telcordia "went to the end of the day, took all the time." (*Id.* at 115:21-23). The defendants never made Mr. Houdoin available again for deposition.

By limiting Telcordia's cross-examination to less than two hours, the defendants denied Telcordia an opportunity to fully question Mr. Houdoin on the ten exhibits introduced during the defendants' direct examination. Indeed, the defendants afforded Telcordia less time with an uncooperative witness than the defendants took with their cooperative witness who had been prepared on each of the ten exhibits immediately before the deposition began.

## II.    ARGUMENT

The Court should preclude introduction of the Houdoin deposition transcript into evidence because it is inadmissible hearsay procured through a procedurally flawed process that substantially prejudiced Telcordia. First, the defendants failed to provide the requisite 5 days notice when it unilaterally declared on April 3, 2006, that it would depose Mr. Houdoin in Europe two days later. L.R. 30.1. Second, by scheduling the deposition to occur just days after the defendants belatedly provided Telcordia contact information for Mr. Houdoin in violation of Fed. R. Civ. P. 30(b)(1), the defendants denied Telcordia an opportunity to interview Mr. Houdoin before his deposition, an opportunity the defendants took full advantage of in crafting their direct examination.

Third, by limiting the cross-examination to less than 2 hours and failing to make Mr. Houdoin available to complete Telcordia's cross-examination, the defendants denied Telcordia an adequate opportunity to cross-examine Mr. Houdoin. Consequently, the Houdoin deposition transcript is inadmissible hearsay.

3

Federal Rules of Evidence (FRE) 801 and 802 state:

Hearsay is a statement, other than one made by the declarant while testifying at
the trial or hearing, offered in evidence to prove the truth of the matter asserted.
[It] is not admissible except as provided by these rules or by other rules
prescribed by the Supreme Court pursuant to statutory authority or by Act of
Congress.

The Third Circuit has long held testimony taken at a deposition prior to trial is properly classified as

hearsay and, thus, must fall within an exception to the Rule in order to be admissible. *See Kirk v.*

*Raymark Industries*, 51 F.3d 1206 (3d Cir. 1995); *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp.

2d 487 (D. Del. 2005).

Houdoin's deposition transcript does not qualify for admission under the former testimony

exception because Telcordia was not afforded an adequate opportunity to cross-examine the witness. In

order for former testimony to be admissible as an exception to the hearsay rule: (1) the declarant must be

unavailable; (2) the testimony must be taken at a hearing, deposition, or civil action proceeding; and (3)

*the party against whom the testimony is now offered must have had an opportunity and similar motive to*

*develop the testimony by direct, cross, or redirect examination. Kirk* at 164 (emphasis added). Where a

deponent prematurely terminates a deposition, it cannot be said that the party had a meaningful

opportunity to cross-examine the witness. *Cury v. Philip Morris USA*, 1995 U.S. Dist. LEXIS 14798

(S.D.N.Y. 1995) (termination of cross-examination after 4 hours prevented plaintiff from "fully

examining... important area[s] of the witness's knowledge" which rendered the deposition testimony

inadmissible hearsay). Here the defendants deprived Telcordia of the opportunity to "fully examine"

crucial areas of Mr. Houdoin's personal knowledge. By limiting cross-examination to less time than the

defendant's direct examination, the defendants prevented Telcordia from fully exploring at least the

following, provided by way of example only:

**REDACTED**

4

REDACTED

Accordingly, the Court should deem the Houdoin deposition testimony inadmissible hearsay and preclude its introduction at trial.

**III.    CONCLUSION**

For the reasons stated herein, Plaintiff Telcordia Technologies, Inc.'s Motion *In Limine* to Preclude Admission of the Transcript of Thierry Houdoin's Deposition Testimony should be granted, and the defendants should be precluded from using the Houdoin deposition testimony at trial.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc.*

5

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Griffith B. Price
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C.  20001
(202) 408-4000

Dated: February 8, 2007
177600.1

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TELCORDIA TECHNOLOGIES, INC., )
)
        Plaintiff, )
)
v. )   Civil Action No. 04-874-GMS
)
ALCATEL USA, INC., )
)
        Defendant. )

### PLAINTIFF TELCORDIA TECHNOLOGIES, INC.'S
### OBJECTIONS TO DEFENDANT ALCATEL USA, INC.'S
### NOTICE OF DEPOSITION OF THIERRY HOUDOIN

Plaintiff Telcordia Technologies Inc. ("Telcordia"), by its attorneys, hereby objects to

Defendant Alcatel USA, Inc.'s ("Alcatel") Notice of Deposition of Thierry Houdoin.

### OBJECTIONS

1.     Telcordia objects to the time and location of the deposition.  Telcordia will work

with Alcatel to schedule a properly noticed and properly conducted deposition at a mutually

agreeable time and place.

2.     Telcordia objects to the extent the notice and deposition do not comply with Rules

28(b) and 29, Federal Rules of Civil Procedure, the Hague Convention, the laws of France, or

other laws regarding depositions conducted in France.  For example, Alcatel's March 1, 2006,

notice to take the deposition of Thierry Houdoin beginning at 9:00 am on April 6, 2006, on its

face does not appear to have properly notified all appropriate authorities of the deposition.

Accordingly, Telcordia does not agree to any deposition conducted in violation of applicable

laws and conventions.

3.     Telcordia objects to the extent that Mr. Houdoin's employer has not approved this

deposition, for example, by releasing Mr. Houdoin to divulge his employer's confidential

information.

4.    Telcordia objects to the use, including use by other parties, of any testimony from the noticed deposition in separate cases, such as the pending suits against Lucent and Cisco (Telcordia Technologies, Inc. v. Lucent Technologies, Inc., Civil Action No. 04-875-GMS and Telcordia Technologies, Inc. v. Cisco Systems, Inc., Civil Action No. 04-876-GMS).

5.    Telcordia objects to the use of any documents at the deposition that have been obtained by Alcatel, whether by subpoena to France Telecom or otherwise, that have not been identified or provided to counsel for Telcordia by the close of business on March 31, 2006, including documents bearing a production range of KK000001-KK000121.

6.    Telcordia objects to the extent that defendants Alcatel, Cisco, or Lucent have had access to the noticed deponent prior to the deposition, such as through informal interviews in which Telcordia was not present.

7.    Telcordia objects to the late notice regarding contact information of the noticed deponent.

8.    Telcordia objects to the redaction of information in certain documents within the production range of KK000001-KK000121, because no basis has been provided for withholding this information from Telcordia.

ASHBY & GEDDES

/s/ Tiffany Geyer Lydon

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Steven M. Anzalone
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C.  20001
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Dated: April 3, 2006

168243.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of April, 2006, the attached **PLAINTIFF**

**TELCORDIA TECHNOLOGIES, INC.'S OBJECTIONS TO DEFENDANT ALCATEL**

**USA, INC.'S NOTICE OF DEPOSITION OF THIERRY HOUDOIN** was served upon the

below-named counsel of record at the address and in the manner indicated:

Josy W. Ingersoll, Esquire                                    <u>HAND DELIVERY</u>
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street
Wilmington, DE  19801

Stuart J. Sinder, Esquire                                     <u>VIA FEDERAL EXPRESS</u>
Kenyon & Kenyon
One Broadway
New York, NY  10004

                                          */s/ Tiffany Geyer Lydon*
                                          _____
                                          Tiffany Geyer Lydon

150908.1

**Kaufmann, Melissa**

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Monday, April 03, 2006 3:49 PM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:04-cv-00874-GMS Telcordia Tech Inc. v. Alcatel S.A., et al "Objections" |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Blue |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Lydon, Tiffany entered on 4/3/2006 at 3:49 PM EDT and filed on 4/3/2006

| | |
|---|---|
| **Case Name:** | Telcordia Tech Inc. v. Alcatel S.A., et al |
| **Case Number:** | 1:04-cv-874 |
| **Filer:** | Telcordia Technologies Inc. |

**Document Number:** 149

**Docket Text:**
OBJECTIONS by Telcordia Technologies Inc. *to Alcatel USA, Inc.'s Notice of Deposition of Thierry Houdoin.* (Lydon, Tiffany)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=4/3/2006] [FileNumber=194445-0]
[4fcff70fc5dd8c0ccee5789828e04d276cad6157c1d1b1accd1c563e9593b9c1da27d
5845803baf1777e1302ef3d6c788f3a149f4bed40e30502d864a7f56378]]

**1:04-cv-874 Notice will be electronically mailed to:**

Steven J. Balick     sbalick@ashby-geddes.com, jday@ashby-geddes.com; mkipp@ashby-geddes.com; dfioravanti@ashby-geddes.com; nlopez@ashby-geddes.com; tlydon@ashby-geddes.com; lmaguire@ashby-geddes.com; dharker@ashby-geddes.com

John G. Day     jday@ashby-geddes.com, sbalick@ashby-geddes.com; mkipp@ashby-geddes.com; dfioravanti@ashby-geddes.com; nlopez@ashby-geddes.com; tlydon@ashby-geddes.com; lmaguire@ashby-geddes.com; dharker@ashby-geddes.com

Josy W. Ingersoll    jingersoll@ycst.com, corporate@ycst.com; cglover@ycst.com; corpcal@ycst.com

Tiffany Geyer Lydon    tlydon@ashby-geddes.com, dfioravanti@ashby-geddes.com

Geoffrey Mason    geoff.mason@finnegan.com, nichelle.randolph@finne! gan.com

John M. Williamson    john.williamson@finnegan.com, nichelle.randolph@finnegan.com

**1:04-cv-874 Notice will be delivered by other means to:**

4/10/2006

# EXHIBIT B

**REDACTED**

# EXHIBIT C

**REDACTED**

# EXHIBIT D

**REDACTED**

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) |
| | ) |
| *Plaintiff,* | ) |
| *Counterclaim-Defendant,* | ) |
| | )     Case No. 04-CV-874 GMS |
| vs. | ) |
| | ) |
| ALCATEL USA, INC., | ) |
| | ) |
| *Defendant,* | ) |
| *Counterclaim-Plaintiff.* | ) |

<u>NOTICE OF DEPOSITION OF THIERRY HOUDOIN</u>

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 30, on Thursday, April 6, 2006 at 9:00 am at 54 rue la Boetie, Paris F-75008, France or at such other time and place as may be mutually agreed upon by the parties, Defendant/Counterclaim-Plaintiff Alcatel USA, Inc. ("Alcatel") shall take the deposition by oral examination of Thierry Houdoin.

The above noticed deposition shall be recorded by stenographic and/or videographic means before a Notary Public or other officer authorized by law. You are invited to attend and cross examine.

By: _____
Josy W. Ingersoll (I.D. No. 1088)
Karen L. Pascale (I.D. No. 2903)
Adam Poff (I.D. No. 3990)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street
Wilmington, DE 19801
Tel. (302) 571-6672
kpascale@ycst.com
*Attorneys for Defendant /*
*Counterclaim Plaintiff Alcatel USA, Inc.*

OF COUNSEL:

Stuart J. Sinder
Michelle Carniaux
Mark A. Hannemann
Clement J. Naples
Michael G. Gabriel
KENYON & KENYON, LLP
One Broadway
New York, NY 10004
Tel. (212) 425-7200
Fax. (212) 425-5288

Dated: March 1, 2006

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on March 1, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> Ashby & Geddes
> 222 Delaware Avenue
> Wilmington, DE 19801

I further certify that on March 1, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

> Donald R. Dunner, Esquire
> Don O. Burley, Esquire
> Finnegan, Henderson, Farabow
> Garrett & Dunner, L.L.P.
> 901 New York Avenue, NW
> Washington, DC 20001

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Karen L. Pascale*

Karen L. Pascale (No. 2903)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kpascale@ycst.com

Attorneys for Alcatel USA, Inc.

# EXHIBIT F

## Jiao, Jean

| | |
|---|---|
| **From:** | Naples, Clement [CNaples@kenyon.com] |
| **Sent:** | Thursday, March 30, 2006 7:19 PM |
| **To:** | Esfahani, Houtan |
| **Cc:** | Sinder, Stuart |
| **Subject:** | Telcordia v. Alcatel |

Houtan,

In your letter to Stuart Sinder yesterday, you requested that we provide you with the contact information for the European Patent Attorney from France Telecom who we believe will be in attendance at the depositions in France that are scheduled for next week. Her email address is viviane.simon@francetelecom.com and her official contact information is below:

| | |
|---|---|
| **Viviane Simon**<br>**France Télécom**<br>**Recherche & Développement**<br>**PIV/Brevets/IB/IBMAPS**<br>**Responsable du service IBMAPS**<br>**Mandataire OEB**<br>38-40, rue du Général Leclerc<br>92794 Issy Moulineaux Cedex 9 - France<br>Tel : + 33 (0)1 45 29 44 44<br>Fax : + 33 (0)1 45 29 65 39<br>http://www.francetelecom.com/rd// | **France Télécom**<br>**Research & Development**<br>**PIV/Brevets/IB/IBMAPS**<br>**IBMAPS department manager**<br>**European patent Attorney**<br>38-40, rue du Général Leclerc<br>92794 Issy Moulineaux Cedex 9 - France<br>Tel : + 33 (0)1 45 29 44 44<br>Fax : + 33 (0)1 45 29 65 39<br>http://www.francetelecom.com/rd// |

Regards,

Clem

**Clement J. Naples**
**Kenyon & Kenyon LLP**
One Broadway | New York, NY 10004-1007
212.908.6146 Phone | 212.425.5288 Fax
cnaples@kenyon.com | www.kenyon.com

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

# EXHIBIT G

March 22, 2006

## Jiao, Jean

**From:**    Sinder, Stuart [SSinder@kenyon.com]
**Sent:**    Thursday, March 23, 2006 8:44 PM
**To:**      Anzalone, Steven; Williamson, John
**Subject:** Depositions in France

Steve and John,

This is to update you on the logistics and schedule for the upcoming depositions of Thierry Houdoin, Jean-Yves Cochennec and Pierre Adam in Paris **on** April 6-7, 2006:

The depositions of Mr. Cochennec and Mr. Adam will proceed substantially as noticed. A scheduling problem has arisen with Mr. Houdoin, but we are still trying to make arrangements so his deposition can be taken in that same time frame. We will not know whether this is possible until early next week.

The depositions will take place at the offices of Weil Gotshal and Manges in Paris at 2, rue de la Baume, rather than at the offices of Alcatel as originally noticed.

We plan to start with the deposition of Mr. Cochennec at 9:00 AM on April 6. If Mr. Cochennec's deposition is completed on April 6, and it also appears that we can start and complete the deposition of Mr. Adam that same day, we would plan to do so. Otherwise, we will proceed with Mr. Adam's deposition on April 7 as noticed.

The depositions will be transcribed and recorded by a certified U.S. Court Reporter and videographer. Since we have received no objection from you, we assume you agree to the depositions proceeding in France on this basis pursuant to Rule 29. Please advise us immediately if this is incorrect. If we do not hear from you, we will assume you have no objection.

It is currently contemplated that the depositions will be taken in English. However, we plan to have a neutral, certified interpreter present, whom the witness may consult in the event that there is some English word that the witness does not fully understand, or the witness does not know the applicable English word to properly answer a question, and needs an explanation in French.

In addition to counsel for each of the defendants, a European Patent Attorney from the Intellectual Property Department at France Telecom will also be in attendance.

Please contact me if you have any questions.

March 22, 2006                                                                                     Page 2 of 2

     Stu

Stuart J. Sinder
Kenyon & Kenyon LLP
One Broadway
New York, NY 10004
<mailto:ssinder@kenyon.com>
Direct Dial: 212-908-6151
Facsimile: 212-425-5288


NOTE: The information in this e-mail message is confidential and intended only for the use of the intended recipient. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by e-mail, and destroy the original message. Thank you.

# EXHIBIT H

## Jiao, Jean

| | |
|---|---|
| **From:** | Esfahani, Houtan |
| **Sent:** | Tuesday, April 04, 2006 2:16 PM |
| **To:** | Randolph, Nichelle |
| **Cc:** | Telcordia-Atty-Group |
| **Subject:** | FW: Telcordia v. Alcatel |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Yellow |

for 01333-8058-0001 correspondence file.

---

**From:** Naples, Clement [mailto:CNaples@kenyon.com]
**Sent:** Tuesday, April 04, 2006 11:33 AM
**To:** Esfahani, Houtan
**Cc:** Hammond, James
**Subject:** Telcordia v. Alcatel

Houtan,

To confirm our conversation of yesterday, Alcatel will be taking the deposition of Mr. Houdoin on April 5th in Paris. The deposition will be held at the offices of Weil Gotshal at 1:30pm.

Best regards,

Clem

**Clement J. Naples**
**Kenyon & Kenyon LLP**
One Broadway | New York, NY 10004-1007
212.908.6146 Phone | 212.425.5288 Fax
cnaples@kenyon.com | www.kenyon.com

---

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

4/4/2006

# EXHIBIT I

# REDACTED