IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | **REDACTED PUBLIC VERSION** |
| Plaintiff/Counterclaim Defendant, | ) | |
| v. | ) | |
| LUCENT TECHNOLOGIES INC., | ) | Civil Action No. 04-875-GMS |
| Defendant/Counterclaim Plaintiff. | ) | |
| | | |
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| v. | ) | |
| CISCO SYSTEMS, INC., | ) | Civil Action No. 04-876-GMS |
| Defendant/Counterclaim Plaintiff. | ) | |

**TELCORDIA TECHNOLOGIES, INC.'S OPPOSITION TO
LUCENT TECHNOLOGIES INC.'S MOTION *IN LIMINE* NO. 5B:
THE LUCENT-ALCATEL MERGER IS RELEVANT AND SHOULD
NOT BE PRECLUDED**

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Richard H. Smith
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff
Telcordia Technologies, Inc*

Dated: February 22, 2007
178108.1

I. **INTRODUCTION**

Lucent's motion to exclude evidence of its merger with Alcatel S.A. should be denied because Lucent has put the merger at issue—it is highly relevant to numerous positions that Lucent is asserting, including the "economic prejudice" aspect of Lucent's laches defense. Moreover, evidence of a recent merger will have no prejudicial effect.

The merger is clearly probative of Lucent's financial health—which again Lucent itself has placed at issue by contending that it suffered economic prejudice due to the fact that Telcordia did not file suit sooner. In response to Telcordia's interrogatory seeking Lucent's contentions, Lucent's identification of what prejudice, exactly, it suffered as a result of Telcordia's alleged delay in bringing suit is vague and obscure. (Ex. A). Faced with Lucent's uncertain and unclear position on economic prejudice, Telcordia should not be prematurely precluded from identifying the recent Lucent-Alcatel S.A. merger to provide context for Lucent's economic position and potential rebuttal to Lucent's as-of-yet undisclosed position on economic prejudice.

Additionally, the Alcatel-Lucent merger is probative of the potential bias of certain witnesses. Specifically, during discovery in this case, Alcatel (a French company) told France Telecom (another French company)

REDACTED

(Ex. B). What followed was a series of orchestrated, highly objectionable depositions of France Telecom employees (which are the subject of a Telcordia motion *in limine*). The bias that the France Telecom witnesses had in favor of Alcatel

REDACTED

1

REDACTED                              now, due to the merger of Alcatel and
Lucent, directly translates to Lucent. Given that France Telecom witnesses appear on Lucent's witness list and may testify on Lucent's behalf, Telcordia should not be precluded from exposing their bias, through the Alcatel-Lucent merger or otherwise.

Additionally, the merger relates to the corporate history and ownership of the parties in suit. Lucent certainly feels that it is appropriate to highlight Telcordia's corporate history and ownership in raising ancillary arguments in this case. Indeed, the first paragraph of Lucent's trial brief exclaims that "Telcordia has been passed from owner to owner." Defendants' Trial Br. at 3. Again, apparently for ancillary or as-of-yet undisclosed reasons, Lucent also intends to raise the fact that Telcordia has been acquired by a consortium of private equity firms. *Id.* The corporate history and ownership of the parties to these cases may or may not ultimately bear upon significant issues in the case. But if Lucent is permitted to walk the jury through Telcordia's corporate history and ownership, Telcordia likewise should be permitted to do the same.

II.  **REFERENCE TO THE LUCENT-ALCATEL MERGER SHOULD NOT BE EXCLUDED BECAUSE IT IS RELEVANT AND WILL NOT MISLEAD OR CONFUSE THE JURY**

The merger between Lucent and Alcatel S.A. is relevant, and therefore this Court should deny Lucent's motion to exclude reference to the merger under Fed. R. Evid. Rule 402. Relevant evidence is that which tends to make the existence of any fact of consequence more or less probable. Fed. R. Evid. Rule 40; *Software AG v. Bea Systems, Inc.*, No. Civ. A. 03-739, 2005 WL 8592666, *1 (D. Del. April 8, 2005). The merger is relevant to Lucent's laches defense as it is probative of whether or not Lucent suffered any economic prejudice. Additionally, the merger is relevant to the biases of witnesses Lucent intends to call to support its case. *See Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, No. Civ. A. 88-9752, 1991 WL 212087, *3 (E.D. Pa.

2

Oct. 15, 1991) ("Evidence of witness bias is always admissible at trial, and is thus relevant."). Finally, the merger establishes the corporate structure of and ownership history of Lucent, which is relevant by Lucent's own admission, exemplified by its repeated references to the ownership history of Telcordia. Because evidence of the merger is relevant to all of these issues, it should not be excluded under Fed. R. Evid. Rule 402.

Furthermore, no confusion or deception will result from reference to the merger. Lucent argues that evidence of the merger is "misleading and confusing," and should therefore be excluded under Fed. R. Evid. Rule 403. But Lucent fails to explain how the merger would mislead or confuse the jury. Instead, Lucent inexplicably equates evidence of the Lucent-Alcatel merger with evidence of the Telcordia-Alcatel litigation, claiming that the merger would be misleading and confusing "given that Alcatel has been separately sued by Telcordia and chose to stay that litigation as permitted by statute." (D.I. 292, Ex. 5B at 3). Telcordia does not intend to delve into the details of its litigation with Alcatel. Lucent has not shown how reference to the merger—without any detour into the details of the Telcordia-Alcatel litigation, which Telcordia does not intend to make—could possibly confuse or mislead the jury. Rather, a complete and accurate picture of the ownership history and corporate structure of the parties in suit is more likely to inform the jury than it is to confuse the jury. Indeed, Lucent certainly intends to present the jury with facts about Telcordia's ownership history and corporate structure, belying its assertion that such evidence would somehow confuse the jury.

In addition, any potential for confusion or misconception does not substantially outweigh the probative value of the merger. The merger reflects Lucent's financial health, reveals the bias of its witnesses, and establishes its corporate structure. In contrast to this probative value, as

3

shown above, there is little or no risk that it will confuse or mislead the jury. Therefore, there is no basis for excluding evidence of the Lucent-Alcatel merger under Fed. R. Evid. Rule 403.

## III. CONCLUSION

For the reasons stated above, Telcordia asks this Court to deny Lucent's motion to preclude Telcordia from mentioning the Alcatel-Lucent merger.

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Richard H. Smith
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: February 22, 2007
178108.1

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc*