# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

April 9, 2007

The Honorable Gregory M. Sleet　　　　　　　　　　　　　VIA ELECTRONIC FILING
United States District Court
844 King Street
Wilmington, Delaware 19801

Re:　*Telcordia Technologies, Inc. v. Lucent Technologies, Inc.*,
　　　C.A. No. 04-875-GMS

　　　*Telcordia Technologies, Inc. v. Cisco Systems, Inc.*,
　　　C.A. No. 04-876-GMS

Dear Judge Sleet:

　　　During the March 30, 2007 pretrial conference in the above action, in connection with defendants' motion *in limine* number 3 regarding advice of counsel, the Court directed Cisco's counsel to submit for *in camera* review the purported opinions of counsel upon which Cisco claims to have relied. To refresh the Court's memory, these were the "opinions" that supposedly were reflected in over 100 entries on two privilege logs, nearly all of which were described in those logs as "patent licensing," "agreements," or "prosecution," or words to that effect. Your Honor was going to review the withheld documents to see whether they do in fact satisfy Cisco's duty of due care to obtain timely and competent legal advice in response to an accusation of patent infringement.

　　　I am writing because we were surprised to see that on Friday, April 6, 2007, Cisco submitted not only an unidentified sampling of privileged documents for the Court's review, but under the guise of complying with the Court's directive, also submitted a new declaration of its outside counsel, Barton Showalter, claiming for the first time that there were numerous previously undisclosed "oral" opinions of counsel upon which Cisco now seeks to rely. At no time during the appropriate period in the case schedule did Cisco ever disclose the existence of any such oral opinions, nor did Cisco do so in its colloquy with the Court on this very topic at the pretrial conference. Indeed, at the pretrial conference, Cisco led the Court and counsel to believe that the opinions in question were reflected in the documents listed on its privilege logs. Now, having been called upon to actually show the Court those documents, we suddenly see, as trial is about to begin, an unauthorized declaration from Cisco that for the first time alleges the existence of numerous *oral* opinions of counsel. Telcordia objects to Cisco's untimely ambush, and respectfully requests that the Showalter declaration be stricken.

The Honorable Gregory M. Sleet
April 9, 2007
Page 2

      First, during discovery Cisco never disclosed the information contained in Mr. Showalter's declaration. Specifically, pursuant to Federal Rule of Civil Procedure 26(b)(5), multiple times during discovery Telcordia requested that Cisco produce all non-privileged information about Cisco's advice of counsel (e.g., date, subject matter, author, recipient). Cisco consistently and adamantly refused to provide any information whatsoever, instead boldly contending that:

> Cisco is under no obligation to provide non-privileged information about opinion letters, if any exist. Simply put, the existence of such opinions is not relevant or responsive.

D.I. 303, Ex. H (all docket item references herein are to the docket in C.A. No. 04-876-GMS). If instead of stonewalling, Cisco had said anything about alleged advice by Mr. Showalter, Telcordia would have had the opportunity to timely notice and take a standard deposition of Mr. Showalter in order to test the assertions of privilege and to discover the non-privileged information about Mr. Showalter's alleged advice (such as when it was given, to whom it was given, whether it was disclosed to third parties beyond Cisco, whether and to what extent Cisco relied upon the advice, and the general subject matter of the advice).

      Second, during the March 30, 2007 pretrial conference, the Court did not authorize Cisco to generate and submit brand new information in support of its eleventh-hour contention that it obtained timely, competent advice of counsel. Rather, the Court only permitted Cisco to submit a representative sample of the documents that were disclosed on its privilege log during discovery.[1]

      Third, even if the Court were to consider Mr. Showalter's vague allusions to oral advice allegedly rendered about patent scope, validity, infringement, and enforceability over a three-year period, those assertions cannot satisfy the duty of due care to obtain timely and competent advice of counsel in the face of a charge of infringement. Even the defendants' own proposed jury instruction on the issue recognizes that the critical issue is "whether Cisco and/or Lucent obtained and followed the advice of a competent lawyer," and the law is clear that to meet the duty of due care, the advice of counsel must be a thorough opinion from unbiased and competent counsel that, for example, must be obtained in a timely manner, must analyze relevant facts and

---

[1] Tellingly, Cisco's April 6, 2007 cover letter (D.I. 327) does not show the Court how the documents it submitted for *in camera* inspection were described in its privilege logs, offering only to provide copies of its privilege logs if requested by the Court. Just today Cisco told Telcordia (but apparently did not tell the Court) that it submitted for *in camera* review the items numbered 6, 14, 44, 45, 47, 49, 50, 53, 56, 59, 64, 92, 93, 235, 291, 313, 331, 359, and 360 on its privilege logs. Telcordia submitted Cisco's privilege logs to the Court with its answer to the defendants' third motion *in limine* (D.I. 303, Exhibits F and G). All of the entries are described as documents relating to "patent licensing," and none of the entries are described as advice of counsel on patent scope, validity, infringement, or enforceability.

The Honorable Gregory M. Sleet
April 9, 2007
Page 3

explain conclusions based upon the applicable law, and must include a thorough review of the prior art and prosecution history. *See, e.g., Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1364 (Fed. Cir. 1998); *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1467 (Fed. Cir. 1997).

Finally, the motion *in limine* presently before the Court is a direct result of Cisco's refusal to provide Telcordia with basic non-privileged information about its alleged opinions of counsel during discovery, and Cisco's untimely re-characterization of documents described on its privilege log (which were described as advice about "patent licensing," "agreements," or "prosecution," but now apparently are being recast as opinions of counsel on patent scope, validity, infringement, and enforceability). Cisco should not be permitted to compound its non-disclosure of opinions and further benefit from its withholding of discoverable information during discovery by disclosing additional information for the first time in a declaration served a mere three weeks before trial.

Telcordia respectfully requests that the Court strike the Showalter declaration and permit Telcordia to inform the jury of the simple fact that Cisco did not obtain a competent, timely opinion of counsel when faced with Telcordia's allegations of infringement.

    Respectfully,

    */s/ Steven J. Balick*

    Steven J. Balick

SJB/dmf
179542.1

cc:    Donald R. Dunner, Esquire (via electronic mail)
       John W. Shaw, Esquire (by hand, and via electronic mail)
       Steven C. Cherny, Esquire (via electronic mail)
       David A. Nelson, Esquire (via electronic mail)
       Jack B. Blumenfeld, Esquire (by hand, and via electronic mail)
       Edward R. Reines, Esquire (via electronic mail)