# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

April 26, 2007

The Honorable Gregory M. Sleet    VIA ELECTRONIC FILING
United States District Court
844 King Street
Wilmington, Delaware 19801

    Re:    *Telcordia Technologies, Inc. v. Lucent Technologies, Inc.*,
            C.A. No. 04-875-GMS

            *Telcordia Technologies, Inc. v. Cisco Systems, Inc.*,
            C.A. No. 04-876-GMS

Dear Judge Sleet:

      I am writing in response to the defendants' request that they each be afforded three peremptory challenges during jury selection for the trial of the above actions (DI 344).

      Telcordia opposes the request because it is unfair to Telcordia and inconsistent with the manner in which the defendants have litigated this matter. Although the defendants' letter relies heavily on the self-evident point that Lucent and Cisco are separate entities, it conveniently ignores the fact that they have been working cooperatively with each other throughout the course of this litigation, acting as a single team in defense of Telcordia's claims. Indeed, last June, when Telcordia proposed that the parties request a one-week extension of the Court's deadline to submit opening expert reports (to allow the parties to digest the Court's claim construction order, which had been issued the day before), and then contacted the Court to make the request after only Cisco responded to its request, Lucent's counsel took Telcordia to task for treating the defendants as if they were separate parties: "Your statement is hard to understand given the Defendants' *consistent course* of not sending repetitive responses to requests posed to all [defendants]." *See* June 23, 2006 email from Steven Cherny to John G. Day, attached as Exhibit A (emphasis added). The defendants cannot have it both ways; insisting on being treated as cooperative parties when it benefits them, but as separate parties when it does not.

      The defendants' reliance on *Stambler v. RSA Security, Inc. et al, C.A. No. 01-65-SLR (2003)*, is also misplaced, as that case involved multiple defendants who did not act as cooperatively as the defendants have throughout this case. In fact, the defendants in *Stambler* appear to have prepared for separate trials up until the actual day of trial. (*See* Exhibit A to D.I. 344, transcript at pp. 3-4).

The Honorable Gregory M. Sleet
April 19, 2007
Page 2

      For the reasons set forth above, Telcordia respectfully opposes the defendants' request, and asks instead that peremptory challenges be treated as the Court instructed at the pretrial conference.

                                    Respectfully,

                                    */s/ John G. Day*

                                  John G. Day

JGD/nml
Attachment
180012.1

cc:     Donald R. Dunner, Esquire (via electronic mail; w/attachment)
        John W. Shaw, Esquire (by hand, and via electronic mail; w/attachment)
        Steven C. Cherny, Esquire (via electronic mail; w/attachment)
        David A. Nelson, Esquire (via electronic mail; w/attachment)
        Jack B. Blumenfeld, Esquire (by hand, and via electronic mail; w/attachment)
        Edward R. Reines, Esquire (via electronic mail; w/attachment)