IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 04-875-GMS |
| LUCENT TECHNOLOGIES INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| | ) | |
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 04-876-GMS |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

**VOIR DIRE**

Good morning, ladies and gentlemen, I am about to ask you a series of questions that we call *voir dire*. The purpose of the *voir dire* examination is:

(a)   to enable the court to determine whether or not any prospective juror should be excused for cause;

(b)   to enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges – that is, challenges for which counsel need not give a reason.

If any of you answer "yes" to any of these questions, I would ask that you to stand up and, upon being recognized by me, to state your number. At the end of the questions, I will ask those who have responded "yes" to any of the questions to come to sidebar (that is, up to the bench next to me) with counsel for the parties to discuss your answers.

- **Staff introduced**

1

- **Panel sworn**

    This case is expected to take 8 days to try. The schedule that I expect to maintain over those 8 days will be as follows:

    We will normally begin the day at 9:00 a.m. promptly. We will go until 1:00 p.m. and, after a one hour break for lunch, from 2:00 p.m. to 5:00 p.m. There will be a fifteen minute break at 11:00 a.m. and another fifteen minute break at 3:15 p.m. One exception to this schedule may occur when the case is submitted to those of you who are selected to serve as jurors for your deliberation. On that day, the proceedings might last beyond 5:00 p.m. We will post a copy of this schedule for the jury's convenience in the jury deliberation room.

1.  Does the length of this trial or the schedule contemplated by the court present a special problem to any member of the panel?

    **Description of The Case**

    This case is an action for patent infringement arising under the patent laws of the United States. The plaintiff in this case is Telcordia Technologies, Inc. (or simply "Telcordia"), formerly known as Bell Communications Research or Bellcore. The defendants in this case are Cisco Systems (or simply "Cisco") and Lucent Technologies (or simply "Lucent").

    For those of you selected to serve as jurors, I will give you more detailed instructions regarding the meaning of the word infringement once you are sworn-in as jurors and again at the conclusion of the trial. For now, I will simply tell you that Cisco and Lucent are accused by Telcordia of infringing the patents in suit by making, using, selling or offering for sale certain telecommunications and data communications equipment. Telcordia contends that Cisco's and Lucent's products infringe their patents, and seeks damages for this alleged infringement. Cisco and Lucent deny that they infringe Telcordia's patents and contend that Telcordia's patents are invalid and unenforceable. Has any member of the panel heard or read anything about this case?

    **Counsel asked to introduce themselves and their firms**

2.  Does any member of the panel, or your immediate family (spouse, child, parent or sibling) know any of the attorneys involved in the case or have you or any of your immediate family had any business dealings with or been employed by any of these attorneys or their respective law firms?

3.  Have you or any member of your immediate family ever been employed by Telcordia, Cisco, Lucent, or Alcatel?

4.  Have you or any member of your immediate family ever owned stock in any of these companies?

5. Have you or any member or your immediate family ever had a business relationship of any kind with any of these companies?

6. To the best of your knowledge, have you or any member or your family had any negative or positive experience with the products of any of these companies?

7. Have you or to the best of your knowledge any member of your immediate family had any experiences with any of these companies that might keep you from being a fair and impartial juror?

8. Do you possess any opinions about any of these companies that might keep you from being a fair and impartial juror?

**Counsel identify all potential witnesses**

9. Does any member of the panel know or is any member of the panel familiar with any of the prospective witnesses?

10. Have you ever worked in the fields of telecommunications or data communications or for a company that sells telecommunications or data communications equipment?

11. Have you ever worked for, had a business relationship with, or owned stock in Bell Labs or any affiliated Bell company?

12. Have you ever worked for, had a business relationship with, or owned stock in any of the regional Bell Operating Companies, including Verizon, BellSouth, Qwest, or AT&T?

13. Have you ever worked for, had a business relationship with, or owned stock in Science Applications International Corporation, also known as SAIC?

14. Have you ever worked for, had a business relationship with, or owned stock in Warburg Pincus or Providence Equity Partners?

15. Have you ever worked for, had a business relationship with, or owned stock in Alcatel or Newbridge Networks?

16. Do you believe companies frequently try to infringe or violate the patent rights of other companies?

17. Have you or any member of your immediate family ever been employed by the United States Patent and Trademark Office or the United States Department of Commerce?

18. Do you hold any opinions about the U.S. Patent and Trademark Office or the U.S. Department of Commerce that might keep you from being a fair and impartial juror?

19. Do you have any opinions about the relationship between patents and the public interest

        that might keep you from being a fair and impartial juror?

20.     Have you or anyone in your immediate family ever applied for or obtained a patent in the U.S. or abroad?

21.     Have you or any member of your immediate family ever had an experience with patents or the patent system that has resulted in feelings that might keep you from being a fair and impartial juror?

22.     Have you ever served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?

23.     Have you or has anyone in your immediate family ever participated in a lawsuit as a party or in any other capacity (such as a plaintiff, defendant, or witness)?

24.     Is there any member of the panel who has any special disability or problem that would make serving as a member of the jury difficult or impossible?

25.     Having heard the questions put to you by the court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the court's instructions to you on the law?